1  DAVID L. NEALE (SBN 141225)
   JULIET Y. OH (SBN 211414)
2  LINDSEY L. SMITH (SBN 265401)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
   Email: dln@lnbyb.com, jyo@lnbyb.com, lls@lnbyb.com
5
6
   Proposed Attorneys for Chapter 11 Debtors
7  and Debtors in Possession

8
                 **UNITED STATES BANKRUPTCY COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10
                      **SANTA ANA DIVISION**
11

12

13 In re                          )  Case No. 8:13-bk-13163-SC
                                   )
14 EVERGREEN OIL, INC.,            )  Jointly Administered With:
                                   )  Case No. 8:13-bk-13168
15                    Debtor.      )
                                   )  Chapter 11
16                                 )
   Jointly Administered Debtors    )
17 And Debtors-in-Possession       )
                                   )
18 Affects:                        )  **DECLARATION OF JULIET Y. OH IN**
   ☐ Evergreen Oil, Inc., Only     )  **SUPPORT OF DEBTOR'S EMERGENCY**
19 ☐ Evergreen Environmental Holdings, ) **MOTION FOR ENTRY OF AN INTERIM**
       Inc., Only                  )  **ORDER:**
20 ☒ All Debtors                   )  **(I)  AUTHORIZING THE DEBTORS TO**
                                   )      **(A) OBTAIN POSTPETITION**
21                                 )      **FINANCING PURSUANT TO 11**
                                   )      **U.S.C. §§ 105, 361, 362, 364(c),**
22                                 )      **364(d)(1) AND 364(e), AND (B)**
                                   )      **UTILIZE CASH COLLATERAL OF**
23                                 )      **PREPETITION SECURED**
                                   )      **ENTITIES PURSUANT TO 11 U.S.C.**
24                                 )      **§ 363;**
                                   )  **(II) GRANTING ADEQUATE**
25                                 )      **PROTECTION TO PREPETITION**
                                   )      **SECURED LENDERS PURSUANT**
26                                 )      **TO 11 U.S.C. §§ 361, 362, 363 AND**
                                   )      **364;**
27                                 )  **(III)SCHEDULING A FINAL HEARING**
                                   )

28

                               1

1  )        **PURSUANT TO BANKRUPTCY**
2  )          **RULES 4001(b) AND 4001(c); AND**
   )        **(IV) GRANTING RELATED RELIEF**
3  )
   )
4  )   DATE:        April 10, 2013
   )   TIME:        3:30 p.m.
5  )   PLACE:    Courtroom "5C"
6  )                   411 West Fourth Street
   )                   Santa Ana, California
7  )
8  )
   )
9  )
10 )
   )
11 )
   )
12 )
   )
13 )
14 )

1    I, Juliet Y. Oh, hereby declare as follows:

2        1.    I have personal knowledge of the facts set forth herein, and, if called as a witness,

3    could and would testify competently with respect thereto.

4        2.    I am a partner of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"),

5    bankruptcy counsel to Evergreen Oil, Inc. ("EOI") and its parent company, Evergreen

6    Environmental Holdings, Inc. ("EEHI," and together with EOI, the "Debtors"), the debtors and

7    debtors in possession in the above-captioned Chapter 11 bankruptcy cases.  I am licensed to

8    practice law in the State of California and before this Court.

9        3.    I am informed and advised by the Debtors that EOI is a corporation incorporated

10   in the State of California and that EEHI is a corporate incorporated in the State of Nevada.

11

12                              **EVERGREEN OIL, INC.**

13       4.    On or about March 28, 2013, I obtained copies of financing statements recorded

14   with the California Secretary of State's office for EOI (copies of which are attached as Exhibit

15   "A" hereto).  A summary of the financing statements recorded against EOI in California is also

16   included in Exhibit "A" hereto.  Briefly, the active filings with respect to EOI are as follows.

17       5.    **Guggenheim Corporate Funding, LLC, as Administrative Agent**

18   **("Guggenheim")**.  Guggenheim has three (3) active financing statements which purport to cover

19   all or substantially all of EOI's assets, as further described below:

20            a.    *March 1, 2006*:  A financing statement (filing number 06-7060728783)

21        which purports to cover substantially all of EOI's assets was originally recorded by Bank

22        of the West on March 1, 2006.  A continuation statement (filing number 10-72437503)

23        was recorded by Bank of the West on September 2, 2010.  An assignment (filing number

24        11-72807823) naming Guggenheim as the assignee was recorded on August 9, 2011.

25            b.    *June 23, 2006*:  A financing statement (filing number 06-7075252246)

26        which purports to cover "[a]ll assets of the Debtor now owned or hereafter acquired" was

27        originally recorded by Bank of the West on June 23, 2006.  A continuation statement

28

(filing number 11-72645205) was recorded by Bank of the West on March 28, 2011.  An assignment (filing number 11-72807828) naming Guggenheim as the assignee was recorded on August 9, 2011.

c.  *September 2, 2011*:  A financing statement (filing number 11-7283644187) which purports to cover "[a]ll assets of Debtor, whether now owned or hereafter acquired" was recorded by Guggenheim on September 2, 2011.

6.  **De Lage Landen Financial Services, Inc.**  De Lage Landen Financial Services, Inc. has one active financing statement (filing number 07-7119078929) which purports to cover the equipment identified therein.  The date of this active filing is June 27, 2007.

7.  **Doosan Global Finance**.  Doosan Global Finance has one active financing statement (filing number 08-7171501989) which purports to cover all equipment leased or financed by Doosan Global Finance to or for EOI pursuant to Contract Number 24926202, together with all additions, attachments, accessories and substitutions to or for the same, and all proceeds of the foregoing.  The date of this active filing is September 10, 2008.

8.  **U.S. Bancorp**.  U.S. Bancorp has three active financing statements which purport to cover the respective equipment identified therein, as further described below:

a.  *November 10, 2008*:  A financing statement (filing number 08-7178097895) which purports to cover a piece of equipment identified as "ES523T CZG830264" was recorded by U.S. Bancorp on November 10, 2008.

b.  *November 25, 2008*:  A financing statement (filing number 08-7179655250) which purports to cover two pieces of equipment identified as "MXM620N 85001296" and "MXM620N 85015803" was recorded by U.S. Bancorp on November 25, 2008.

c.  *July 23, 2009*:  A financing statement (filing number 09-7203374186) which purports to cover a piece of equipment identified as "AR237 55001873" was recorded by U.S. Bancorp on July 23, 2009.

9.      **Wells Fargo Bank, N.A.**  Wells Fargo Bank, N.A. has one active financing statement (filing number 09-7183583438) which purports to cover a piece of equipment identified as a "2008 Doosan Forklift G25P s/n# ML-00999" and "all equipment parts, accessories, substitutions, additions, accessions and replacements thereto and thereof, now or hereafter installed in, affixed to, or used in conjunction therewith and the proceeds thereof, together with all installment payments, insurance proceeds, other proceeds and payments due and to become due arising from or relating to said equipment."  The date of this active filing is January 6, 2009.

10.      **Great America Leasing Corporation**.  Great America Leasing Corporation has one active financing statement (filing number 11-7270472879) which purports to cover all of the computer and telephone system related equipment and licenses identified therein.  The date of this active filing is May 20, 2011.

11.      **Les Schwab Warehouse Center, Inc. ("Les Schwab")**.  Les Schwab has one active financing statement (filing number 11-7271905699) which purports to cover "all present and future products and goods and proceeds thereof" purchased by EOI from Les Schwab or any of its affiliated companies, including, but not limited to, "all new, used, and recapped tires; all new and used wheels; and all batteries and all related products."  The date of this active filing is June 3, 2011.

12.      **U.S. Bank Equipment Finance**.  U.S. Bank Equipment Finance has one active financing statement (filing number 12-7299309931) which purports to cover two pieces of equipment identified as "MX6201N 15109328BW" and "MX6201N 15114599BW."  The date of this active filing is January 31, 2012.

**EVERGREEN ENVIRONMENTAL HOLDINGS, INC.**

13.      On or about September 10, 2012, I obtained copies of financing statements recorded with the Nevada Secretary of State's office for EEHI (copies of which are attached as **Exhibit "B"** hereto).  A summary of the financing statements recorded against EEHI in Nevada

is also included in Exhibit "B" hereto.  Briefly, the active filings with respect to EEHI are as follows.

a.    **Guggenheim Corporate Funding, LLC, as Administrative Agent ("Guggenheim")**.  Guggenheim has one (1) active financing statement which purports to cover all or substantially all of the Debtor's assets.  Specifically, a financing statement (filing number 2006020216-5) which purports to cover "[a]ll assets of the Debtor now owned or hereafter acquired" was originally recorded by Bank of the West on June 23, 2006.  A continuation statement (filing number 2011007449-2) was recorded by Bank of the West on March 28, 2011.  An assignment (filing number 2011020988-1) naming Guggenheim as the assignee was recorded on August 9, 2011.

## LIENS AGAINST THE FACILITIES

14.    It is my understanding and belief that EOI owns and operates two main facilities, consisting of a re-refinery facility located at 6880 Smith Avenue, Newark, California 94560 (the "Newark Facility") and a transfer and storage facility located at 16540 South San Pedro, Carson, California 90746 (the "Carson Facility," and together with the Newark Facility, the "Facilities").  It is further my understanding and belief that EOI owns the real property and improvements located at both of the Facilities, as well as the equipment and inventory maintained at such Facilities.

15.    On or about September 17, 2012, I obtained a preliminary title report for the Newark Facility from the County of Alameda, California, as well as a preliminary title report for the Carson Facility from the County of Los Angeles, California.  Copies of these preliminary title reports are attached as **Exhibit "C"** hereto.

/ / /

/ / /

/ / /

/ / /

16.    **Newark Facility.**  The preliminary title report for the Newark Facility reflects the following recorded liens:

a.    State of California Department of Toxic Substance Control ("DTSC").   A lien in the amount of $815,000 based upon a stipulated judgment was recorded by the DTSC against the Newark Facility (filing number 2001219316) on June 21, 2001.

b.    Guggenheim.   An Amended and Restated Deed of Trust, Assignment, Security Agreement and Fixture Filing was recorded by Guggenheim against the Newark Facility (filing number 2011227132) on August 8, 2011, pursuant to which Bank of the West granted, assigned, and transferred all of its beneficial interest in that certain Deed of Trust, Assignment, Security Agreement and Fixture Filing dated as of September 30, 2009 and recorded on October 12, 2009 (filing number 2009320816) to Guggenheim.

c.    Tax Collector, County of Alameda.  A lien in the amount of $100.34 for unpaid unsecured property taxes was recorded by the Tax Collector for the County of Alameda against the Newark Facility (filing number 2012034675) on February 1, 2012.

d.    TIMEC Co. Inc.  A mechanic's lien in the amount of $6,089,326.68 was recorded by TIMEC Co. Inc. d/b/a Transfield Services Americas Resources and Energy against the Newark Facility (filing number 2012225756) on July 16, 2012.   This mechanic's lien is disputed by the Debtors.

17.    **Carson Facility.**  The preliminary title report for the Carson Facility reflects one recorded lien – *i.e.*, a Deed of Trust, Assignment, Security Agreement and Fixture Filing which was recorded by Guggenheim against the Carson Facility (filing number 20111058098) on August 8, 2011.

18.    The foregoing is provided for information purposes only.  Nothing contained herein is intended to be, and nothing contained herein shall be, construed or interpreted as the provision of any legal opinion by the declarant or LNBYB, or acknowledgement by the Debtors, regarding the validity, priority and extent of any liens asserted by any of the Debtors' creditors

1   against the Debtors or otherwise.  The rights of the Debtors and all of their creditors which

2   respect to the claims, liens and interests asserted by such creditors are fully preserved.

3           I declare under penalty of perjury that the foregoing is true and correct.

4           Executed this 9th day of April, 2013 at Los Angeles, California.

5

6

7

8           _____

9           JULIET Y. OH

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

[Evergreen Oil, Inc. – Financing Statements]

## SECRETARY OF STATE
## STATE OF CALIFORNIA

### Search Certificate

SEARCH REQUESTED ON:                                                    03/28/2013
Organization Debtor:  **EVERGREEN OIL, INC.**

Address:  **NOT SPECIFIED**
Date Range From:  **NOT SPECIFIED**
Search:  **ALL**

## * Indicates Filings that have been accepted after the Certification Date.

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| 06-7060728783 | **Financing Statement** | 03/01/2006 | 11:16 | 03/01/2016 | 3 |

**Debtor:**
Organization:    EVERGREEN OIL, INC.
                 2355 MAIN ST., STE. 230, IRVINE CA USA, 92614
**Secured Party:**
Organization:    BANK OF THE WEST
                 2035 FRESNO ST. 6TH FLOOR, FRESNO CA USA, 93721

                 GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE
                 AGENT
                 135 EAST 57TH STREET, NEW YORK NY USA, 10022

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| 09-71846985 | **Termination** | 01/15/2009 | 08:05 | | 1 |
| 09-72138181 | **Correction Statement** | 11/05/2009 | 17:00 | | 1 |
| 10-72437503 | **Continuation** | 09/02/2010 | 15:36 | | 1 |
| 11-72807823 | **Assignment** | 08/09/2011 | 16:04 | | 1 |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| 06-7075252246 | **Financing Statement** | 06/23/2006 | 15:42 | 06/23/2016 | 1 |

**Debtor:**
Organization:    EVERGREEN OIL, INC.
                 2355 MAIN STREET, SUITE 230, IRVINE CA USA, 92614

**Secured Party:**

**Organization:** BANK OF THE WEST

300 SOUTH GRAND AVENUE, 5TH FLOOR, LOS ANGELES CA USA, 90071

GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT

135 EAST 57TH STREET, NEW YORK NY USA, 10022

| Amendment Filing # | Filing Type | File Date | File Time | # of Pages |
|---|---|---|---|---|
| **11-72645205** | **Continuation** | **03/28/2011** | **08:34** | 1 |
| **11-72807828** | **Assignment** | **08/09/2011** | **16:04** | 1 |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **07-7119078929** | **Financing Statement** | **06/27/2007** | **08:05** | **06/27/2012** | 1 |

**Debtor:**

**Organization:** EVERGREEN OIL, INC

6880 SMITH AVE, NEWARK CA USA, 94560

**Secured Party:**

**Organization:** DE LAGE LANDEN FINANCIAL SERVICES, INC.

1111 OLD EAGLE SCHOOL ROAD, WAYNE PA USA, 19087

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **08-7171501989** | **Financing Statement** | **09/10/2008** | **12:52** | **09/10/2013** | 1 |

**Debtor:**

**Organization:** EVERGREEN OIL, INC.

6880 SMITH AVE, NEWARK CA USA, 94560

**Secured Party:**

**Organization:** DOOSAN GLOBAL FINANCE

1111 OLD EAGLE SCHOOL ROAD, WAYNE PA USA, 19087

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **08-7178097895** | **Financing Statement** | **11/10/2008** | **17:06** | **11/10/2013** | 1 |

**Debtor:**
**Organization:**      EVERGREEN OIL INC
                        2355 MAIN ST STE 230, IRVINE CA USA, 92614
**Secured Party:**
**Organization:**      US BANCORP
                        1310 MADRID STREET, MARSHALL MN USA, 56258

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **08-7179655250** | **Financing Statement** | **11/25/2008** | **17:15** | **11/25/2013** | **1** |

**Debtor:**
**Organization:**      EVERGREEN OIL INC
                        2355 MAIN ST STE 230, IRVINE CA USA, 92614
**Secured Party:**
**Organization:**      US BANCORP
                        1310 MADRID STREET, MARSHALL MN USA, 56258

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **09-7183583438** | **Financing Statement** | **01/06/2009** | **12:29** | **01/06/2014** | **1** |

**Debtor:**
**Organization:**      EVERGREEN OIL, INC.
                        6880 SMITH AVE, NEWARK CA USA, 94560
**Secured Party:**
**Organization:**      WELLS FARGO BANK, N.A.
                        300 TRI-STATE INTERNATIONAL STE 400, LINCOLNSHIRE IL USA,
                        60069

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **09-7203374186** | **Financing Statement** | **07/23/2009** | **17:02** | **07/23/2014** | **1** |

**Debtor:**
**Organization:**      EVERGREEN OIL INC
                        2355 MAIN ST STE 230, IRVINE CA USA, 92614
**Secured Party:**
**Organization:**      US BANCORP

1310 MADRID STREET, MARSHALL MN USA, 56258

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **09-7203374449** | **Financing Statement** | **07/23/2009** | **17:04** | **07/23/2014** | **1** |

**Debtor:**
**Organization:**   EVERGREEN OIL INC
2355 MAIN ST STE 230, IRVINE CA USA, 92614

**Secured Party:**
**Organization:**   US BANCORP
1310 MADRID STREET, MARSHALL MN USA, 56258

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| **11-72644109** | **Termination** | **03/25/2011** | **09:46** | | **1** |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **10-7233786865** | **State Tax Lien** | **06/02/2010** | **17:00** | **06/02/2020** | **1** |

**Debtor:**
**Organization:**   EVERGREEN ENVIRONMENTAL SERVICES, INC.
2415 CAMPUS DR STE 225, IRVINE CA USA, 92612 8550

EVERGREEN OIL, INC.
2415 CAMPUS DR STE 225, IRVINE CA USA, 92612 8550

US WASTE OIL CORPORATION
2415 CAMPUS DR STE 225, IRVINE CA USA, 92612 8550

**Secured Party:**
**Organization:**   EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880, SACRAMENTO CA US, 94280

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| **10-72528625** | **Termination** | **11/29/2010** | **17:00** | | **1** |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **11-7270472879** | **Financing Statement** | **05/20/2011** | **14:48** | **05/20/2016** | **4** |

**Debtor:**

**Organization:**  EVERGREEN OIL, INC.

2355 MAIN ST STE 230, IRVINE CA USA, 92614-4291

**Secured Party:**

**Organization:**  GREATAMERICA LEASING CORPORATION

625 FIRST STREET, CEDAR RAPIDS IA USA, 52401-2030

---

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **11-7271905699** | **Financing Statement** | **06/03/2011** | **12:00** | **06/03/2016** | **1** |

**Debtor:**

**Organization:**  EVERGREEN OIL, INC.

6880 SMITH AVE, NEWARK CA USA, 94560

**Secured Party:**

**Organization:**  LES SCHWAB WAREHOUSE CENTER, INC.

PO BOX 5350, BEND OR USA, 97708

---

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **11-7283644187** | **Financing Statement** | **09/02/2011** | **16:00** | **09/02/2016** | **1** |

**Debtor:**

**Organization:**  EVERGREEN OIL, INC.

2415 CAMPUS DRIVE, SUITE 225, IRVINE CA USA, 92612

**Secured Party:**

**Organization:**  GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT

135 EAST 57TH STREET, NEW YORK NY USA, 10022

---

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **12-7299309931** | **Financing Statement** | **01/31/2012** | **17:05** | **01/31/2017** | **1** |

**Debtor:**

**Organization:**  EVERGREEN OIL, INC.

2355 MAIN ST STE 230, IRVINE CA USA, 92614

**Secured Party:**

**Organization:**  U.S. BANK EQUIPMENT FINANCE

1310 MADRID STREET, MARSHALL MN USA, 56258

**Total Pages:**       **27**

The undersigned Filing Officer hereby certifies that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgement liens, including any change documents relating to them, which name the above debtor, subject to any above-stated search qualifiers and are on file in my office as of  **03/14/2013 at 1700 hours**.

The search results herein reflect only the specific information requested. The results of this Debtor search will not reflect variances of this name. If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted. The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

*Debra Bowen*

Debra Bowen
Secretary of State

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 7065780002
FILING NUMBER: 06-7060728783
FILING DATE: 03/01/2006 11:16
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| OR | **1a. ORGANIZATION'S NAME** Evergreen Oil, Inc. | | | |
| | **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **1c. MAILING ADDRESS** 2355 Main St., Ste. 230 | **CITY** Irvine | **STATE** CA | **POSTAL CODE** 92614 | **COUNTRY** USA |
|---|---|---|---|---|

| **1d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** CA | **1g. ORGANIZATIONAL ID#, if any** C1217969 ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| OR | **2a. ORGANIZATION'S NAME** | | | |
| | **2b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **2d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | | | | |
|---|---|---|---|---|
| OR | **3a. ORGANIZATION'S NAME** Bank of the West | | | |
| | **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **3c. MAILING ADDRESS** 2035 Fresno St. 6th Floor | **CITY** Fresno | **STATE** CA | **POSTAL CODE** 93721 | **COUNTRY** USA |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**
The Debtor hereby grants to the Secured party and the assignee (if any) of the Secured Party a security interest in and to all of the following property in which the Debtor now has or hereafter acquires any right, title or interest, wheresoever located and whether in the possession of the Debtor or any other person, and all accessions, improvements, additions, substitutions and replacements thereto and thereof, and all proceeds thereof (including but not limited to accounts, chattel paper, documents, instruments, deposit accounts and general intangibles).Equipment. All goods now owned or hereafter acquired by the Debtor or in which the Debtor now has or may hereafter acquire any interest, including, but not limited to, all machinery, equipment, furniture, furnishings, fixtures, tools, supplies and motor vehicles of every kind and description, and all

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]     [optional]** ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA █████████-#748 E

FILING OFFICE COPY

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | Evergreen Oil, Inc. |

| OR | **9b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME, SUFFIX** |
|---|---|---|---|
| | | | |

**10. MISCELLANEOUS:**

**DOCUMENT NUMBER:** 7065780002
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | |
|---|---|
| **11a. ORGANIZATION'S NAME** | |

| OR | **11b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|---|
| | | | | |

| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| | | | | |

| **11d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **11e. TYPE OF ORGANIZATION** | **11f. JURISDICTION OF ORGANIZATION** | **11g. ORGANIZATIONAL ID#, if any** |
|---|---|---|---|---|
| | | | | ☐ NONE |

**12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)**

| | |
|---|---|
| **12a. ORGANIZATION'S NAME** | |

| OR | **12b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|---|
| | | | | |

| **12c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| | | | | |

**13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.**

**14. Description of real estate:**

**16. Additional collateral description:**

additions, accessions, improvements, replacements and substitutions thereto and thereof.Inventory. All inventory now owned or hereafter acquired by the Debtor, including, but not limited to, all raw materials, work in process, finished goods, inventory leased to others or held for lease, merchandise, parts and supplies of every kind and description, including inventory temporarily out of the Debtor's custody or possession, together with all returns on accounts (the "Inventory").Accounts. All accounts, letter of credit rights, commercial tort claims, contract rights and general intangibles, including software and

**15. Name and address of RECORD OWNER of above-described real estate (if Debtor does not have a record interest):**

**17. Check only if applicable and check only one box.**
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18. Check only if applicable and check only one box.**
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years
☐ Filed in connection with a Public-Finance Transaction - effective 30 years

FILING OFFICE COPY

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

| 1. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT | | |
|---|---|---|
| **1a. ORGANIZATION'S NAME** Evergreen Oil, Inc. | | |
| **OR** **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME, SUFFIX** |

**2. MISCELLANEOUS:**

**DOCUMENT NUMBER:** 7065780002
**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**3. This FINANCING STATEMENT covers the following collateral:**

payment intangibles, now owned or hereafter created or acquired by the Debtor, including, but not limited to, all receivables, including as-extracted receivables, credit card receivables, health care receivables, insurance receivables, software receivables and license fees, goodwill, trademarks, trademark applications, trade styles, trade names, patents, patent applications, copyrights and copyright applications, customer lists, business records and computer programs, tapes, disks and related data processing software that at any time evidence or contain information relating to any of the Collateral.Documents. All documents, instruments and chattel paper, whether electronic or tangible, now owned or hereafter acquired by the Debtor, including, but not limited to, warehouse and other receipts, bills of sale, promissory notes and bills of lading.Monies. All monies, deposit accounts, certificates of deposit, investment property and securities of the Debtor now or hereafter in the Bank's or its agents' possession.Assets. All assets of Debtor, whether now existing or hereafter acquired, and the products and proceeds thereof.

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
E
314-592-2701

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FIRST BANKS INC
560 ANGLUM ROAD
HAZELWOOD, MO 63042
USA

**DOCUMENT NUMBER:** 19756240002
**FILING NUMBER:** 09-71846985
**FILING DATE:** 01/15/2009 08:05
**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7060728783 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

**2. ☑ TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3. ☐ CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4. ☐ ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

OR

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| a. ORGANIZATION'S NAME Bank of the West | | | |
|---|---|---|---|
| b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

OR

**10. OPTIONAL FILER REFERENCE DATA**
evergreen oil

FILING OFFICE COPY

# CORRECTION STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF PERSON FILING THIS STATEMENT [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Lien Solutions
P. O. Box 29071
Glendale, CA 91209-9071

20812102  SS-CA

**0972138181**

11/05/2009 17:00

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

22908450002  UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. Identification of the RECORD to which this CORRECTION STATEMENT relates.

| 1a TYPE OF RECORD | 1b. FILE # OF INITIAL FINANCING STATEMENT |
|---|---|
| UCC-3 #09-71846985 | 067060728783 |

2a. ☐ RECORD is inaccurate.
Provide the basis for the belief of the person identified in item 4 that the RECORD identified in item 1 is inaccurate and indicate the manner in which the person believes the RECORD should be amended to cure the inaccuracy.

2b. ☒ RECORD was wrongfully filed.
Provide the basis for the belief of the person identified in item 4 that the RECORD identified in item 1 was wrongfully filed.

First Bank, Inc prepared and filed a termination on Bank of the West UCC #067060728783 on 01/15/2009, that was unauthorized and ineffective.

3. If this CORRECTION STATEMENT relates to a RECORD filed [or recorded] in a filing office described in Section 9-501(a)(1) and this CORRECTION STATEMENT is filed in such a filing office, provide the date [and time] on which the INITIAL FINANCING STATEMENT identified in item 1b above was filed [or recorded].

| 3a. DATE | 3b. TIME |
|---|---|
| | |

4. NAME OF PERSON AUTHORIZING THE FILING OF THIS CORRECTION STATEMENT — The RECORD identified in item 1 must be indexed under this name.

| 4a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Bank of the West | | | SOS- CA |

| | 4b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| OR | | | | |

FILING OFFICE COPY — NATIONAL CORRECTION STATEMENT (FORM UCC5) (REV. 05/01/01)

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 26189070002
FILING NUMBER: 10-72437503
FILING DATE: 09/02/2010 15:36
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7060728783

**1b.** ☐ **This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.**

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only **one** of these.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

| | | | | |
|---|---|---|---|---|
| **6a. ORGANIZATION'S NAME** | | | | |
| OR **6b. INDIVIDUAL'S LAST NAME** | FIRST NAME | | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | | | | |
|---|---|---|---|---|
| **7a. ORGANIZATION'S NAME** | | | | |
| OR **7b. INDIVIDUAL'S LAST NAME** | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| | | | |
|---|---|---|---|
| **a. ORGANIZATION'S NAME** Bank of the West | | | |
| OR **b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
CA-0-42595563

**FILING OFFICE COPY**

**1172807823**

**08/09/2011 16:04**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

29984650002   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Austin Elam (713) 547-2122

B. SEND ACKNOWLEDGEMENT TO:  (Name and Address)

Return acknowledgment to:

★

Capitol Corporate Services, Inc.
455 Capitol Mall Ste 217, Sacramento CA 95814
800/327-4842

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 067060728783 | ☐ |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☒ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Guggenheim Corporate Funding, LLC, as Administrative Agent | | | |
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 135 East 57th Street | New York | NY | 10022 | USA |

| ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Bank of the West | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

10. OPTIONAL FILER REFERENCE DATA
H-904105    California SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) – CALIFORNIA (REV. 01/01/08)

546220

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**06-7075252246**
**06/23/2006 15:42**

**FILED**
CALIFORNIA
SECRETARY OF STATE
**SOS**

**8595270002** UCC 1 FILING

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| |

| B. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| ⌐ CORP 2000 ⌐ <br> 921 11th Street, Suite 901 <br> Sacramento, CA 95814 <br> Account # 10036777 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | Evergreen Oil, Inc. | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 Main Street, Suite 230 | Irvine | CA | 92614 | USA |

| 1d. TAX I.D.#. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION <br> Corporation | 1f. JURISDICTION OF ORGANIZATION <br> California | 1g. ORGANIZATIONAL I.D.#, if any <br> [ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | 2a. ORGANIZATION'S NAME |
|---|---|
| OR | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX I.D.#. SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL I.D.#, if any <br> ' NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) insert only one secured party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Bank of the West | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 300 South Grand Avenue, 5th Floor | Los Angeles | CA | 90071 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All assets of the Debtor now owned or hereafter acquired.

| 5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|
| 6. ☐ This FINANCIAL STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS  Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA    Filed with the CA SOS |

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

la-864209

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
clasdm
564-7800

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC eZFILE
2020 HURLEY WAY STE 350
Sacramento, CA 95825
USA

**DOCUMENT NUMBER:** 28387010002
**FILING NUMBER:** 11-72645205
**FILING DATE:** 03/28/2011 08:34
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7075252246

**1b.** ☐ **This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.**

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c |
|---|---|---|

**6. CURRENT RECORD INFORMATION:**

| | **6a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|---|
| OR | **6b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | **7a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|---|
| OR | **7b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **7c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| **7d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **7e. TYPE OF ORGANIZATION** | **7f. JURISDICTION OF ORGANIZATION** | **7g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| | **a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|---|
| | BANK OF THE WEST | | | |
| OR | **b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
EVERGREEN OIL, INC. 1040374320

**FILING OFFICE COPY**

**1172807828**

**08/09/2011 16:04**

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

A. NAME & PHONE OF CONTACT AT FILER [optional]
Austin Elam (713) 547-2122

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

Return acknowledgment to:

★

**Capitol Corporate Services, Inc.**
455 Capitol Mall Ste 217, Sacramento CA 95814
800/327-4842

29984650003  UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. | This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|
| 067075252246 | ☐ | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Guggenheim Corporate Funding, LLC, as Administrative Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 135 East 57th Street | New York | NY | 10022 | USA |

| | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Bank of the West | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

10. OPTIONAL FILER REFERENCE DATA
H- 904103    California  SOS

**FILING OFFICE COPY** – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) – CALIFORNIA (REV. 01/01/08)

566220

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 13160750002
FILING NUMBER: 07-7119078929
FILING DATE: 06/27/2007 08:05
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Evergreen Oil, Inc | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6880 Smith Ave | Newark | CA | 94560 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969 ☐NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| De Lage Landen Financial Services, Inc. | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1111 Old Eagle School Road | Wayne | PA | 19087 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

1 iCAP 6500 System

**5. ALT DESIGNATION:** ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG. LIEN ☐NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-25362344-

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Diligenz
(800)858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
DILIGENZ INC
6500 HARBOR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275
USA

DOCUMENT NUMBER: 18346900002
FILING NUMBER: 08-7171501989
FILING DATE: 09/10/2008 12:52
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

OR

**1a. ORGANIZATION'S NAME**
EVERGREEN OIL, INC.

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6880 SMITH AVE | NEWARK | CA | 94560 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969  ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

OR

**2a. ORGANIZATION'S NAME**

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

OR

**3a. ORGANIZATION'S NAME**
DOOSAN GLOBAL FINANCE

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1111 OLD EAGLE SCHOOL ROAD | WAYNE | PA | 19087 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL EQUIPMENT LEASED OR FINANCED BY SECURED PARTY TO OR FOR DEBTOR PURSUANT TO SECURED PARTY'S
CONTRACT NUMBER 24926202 , TOGETHER WITH
ALL ADDITIONS, ATTACHMENTS, ACCESSORIES AND SUBSTITUTIONS TO OR FOR THE SAME, AND ALL PROCEEDS OF
THE FOREGOING.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional]** ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
24926202MAT054487 [36678167]

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 19051580002
FILING NUMBER: 08-7178097895
FILING DATE: 11/10/2008 17:06
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EVERGREEN OIL INC | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 MAIN ST STE 230 | IRVINE | CA | 92614 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969   ☐NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| US Bancorp | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1310 Madrid Street | Marshall | MN | 56258 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

FOR INFORMATIONAL PURPOSES ONLY: 1 ES523T CZG830264

**5. ALT DESIGNATION:** ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG. LIEN ☐NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS**
Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
[ADDITIONAL FEE]   [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-33411671-616000

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 19225100002
FILING NUMBER: 08-7179655250
FILING DATE: 11/25/2008 17:15
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| EVERGREEN OIL INC | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 MAIN ST STE 230 | IRVINE | CA | 92614 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969    ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| US Bancorp | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1310 Madrid Street | Marshall | MN | 56258 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

FOR INFORMATIONAL PURPOSES ONLY: 1 MXM620N 85001296; 1 MXM620N 85015803

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| ☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-33525922-616000

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 19637630002
FILING NUMBER: 09-7183583438
FILING DATE: 01/06/2009 12:29
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Evergreen Oil, Inc. | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6880 Smith Ave | Newark | CA | 94560 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969   ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wells Fargo Bank, N.A. | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 300 Tri-State International Ste 400 | Lincolnshire | IL | 60069 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

The equipment described below and all equipment parts, accessories, substitutions, additions, accessions and replacements thereto and thereof, now or hereafter installed in, affixed to, or used in conjunction therewith and the proceeds thereof, together with all installment payments, insurance proceeds, other proceeds and payments due and to become due arising from or relating to said equipment. 1 - 2008 - Doosan Forklift G25P s/n# ML-00999

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-34535642-GBC 20

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 21785820002
FILING NUMBER: 09-7203374186
FILING DATE: 07/23/2009 17:02
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** EVERGREEN OIL INC | | | |
| **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

| **1c. MAILING ADDRESS** 2355 MAIN ST STE 230 | **CITY** IRVINE | **STATE** CA | **POSTAL CODE** 92614 | **COUNTRY** USA |
|---|---|---|---|---|

| **1d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** CA | **1g. ORGANIZATIONAL ID#, if any** C1217969  ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | |
| **2b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **2d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any**  ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | | | |
|---|---|---|---|
| **3a. ORGANIZATION'S NAME** US Bancorp | | | |
| **3b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

| **3c. MAILING ADDRESS** 1310 Madrid Street | **CITY** Marshall | **STATE** MN | **POSTAL CODE** 56258 | **COUNTRY** USA |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**

FOR INFORMATIONAL PURPOSES ONLY: 1 AR237 55001873

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-37269371-616000

FILING OFFICE COPY

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 21785850002
FILING NUMBER: 09-7203374449
FILING DATE: 07/23/2009 17:04
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME |
|---|
| EVERGREEN OIL INC |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 MAIN ST STE 230 | IRVINE | CA | 92614 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1217969  ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME |
|---|
| |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME |
|---|
| US Bancorp |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1310 Madrid Street | Marshall | MN | 56258 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

FOR INFORMATIONAL PURPOSES ONLY: 1 AR237 55003123

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| ☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-37269879-616000

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

**DOCUMENT NUMBER:** 28372580002
**FILING NUMBER:** 11-72644109
**FILING DATE:** 03/25/2011 09:46
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
09-7203374449

**1b.** ☐ **This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.**

**2.** ☑ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| OR | a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | US Bancorp | | | |
| | b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
CA-0-44985040

**FILING OFFICE COPY**

**10-7233786865**

**06/02/2010 17:00**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

25198930004   UCC 1 FILING

Recording Requested By
State of California
Employment Development Department

**(866) 564-4228**

When recorded mail to:

STATE OF CALIFORNIA
EMPLOYMENT DEVELOPMENT DEPARTMENT
CENTRAL COLLECTION DIVISION, MIC 92
P.O. BOX 826880
SACRAMENTO, CALIFORNIA 94280-0001

# NOTICE OF STATE TAX LIEN
### (Filed pursuant to Section 7171 of the Government Code)

EVERGREEN OIL, INC.
EVERGREEN ENVIRONMENTAL SERVICES, INC.
US WASTE OIL CORPORATION

2415 CAMPUS DR STE 225
IRVINE          CA 92612-8550

Account No.   324 7935 4          SEC OF STATE          Certificate No.   W101385012

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/04 THRU 12/31/04 | 0.00 | 707.45 | 2,896.20 | 3,603.65 |

Interest calculated through     05/18/10

*The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the Unemployment Insurance Code, the Revenue and Taxation Code, or both.*

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date     05/18/10

At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____
Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181 Rev. 14 (5-02) State of California/ Employment Development Department                CU-PA028

RECORDING REQUESTED BY:
EMPLOYMENT DEVELOPMENT DEPARTMENT
(866) 564-4228

WHEN RECORDED MAIL TO:
STATE OF CALIFORNIA
EMPLOYMENT DEVELOPMENT DEPARTMENT
COLLECTION DIVISION MIC 92G
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**1072528625**

**11/29/2010 17:00**



**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

27105980029  UCC 3 FILING

## RELEASE OF LIEN IMPOSED UNDER A CERTIFICATE OR NOTICE OF STATE TAX LIEN

CERTIFICATE NO.  W101385012

ACCOUNT NO.  324-7935-4

The Director of the Employment Development Department hereby releases and certifies that there has been released all property from any lien imposed thereon by the filing and recording of that certain Certificate or Notice of Amount of tax, interest, and penalty due under Section 1703 of the Unemployment Insurance Code or Section 7171 of the Government Code from:

    EVERGREEN OIL, INC.

    EVERGREEN ENVIRONMENTAL SERVICES, INC.

    US WASTE OIL CORPORATION

in the amount of $    3,603.65    which was recorded on    06/02/10

in volume/page    10-7233786865    of Official Records of the    SECRETARY OF STATE

THE DIRECTOR OF THE EMPLOYMENT DEVELOPMENT
DEPARTMENT OF THE STATE OF CALIFORNIA HAS CAUSED
THIS RELEASE TO BE ISSUED BY THE DULY AUTHORIZED
REPRESENTATIVE

By _____
Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

Dated    11/08/10
This document is produced on a laser printer.

DE 2184 Rev. 31 (2-07)

CU-PA029

# UCC FINANCING STATEMENT
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 29028180002
FILING NUMBER: 11-7270472879
FILING DATE: 05/20/2011 14:48
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** Evergreen Oil, Inc. | | | |

OR

| **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **1c. MAILING ADDRESS** 2355 Main St Ste 230 | **CITY** Irvine | **STATE** CA | **POSTAL CODE** 92614-4291 | **COUNTRY** USA |
|---|---|---|---|---|

| **1d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** CA | **1g. ORGANIZATIONAL ID#, if any** C1217969 ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | |

OR

| **2b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **2d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| **3a. ORGANIZATION'S NAME** GreatAmerica Leasing Corporation | | | |

OR

| **3b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **3c. MAILING ADDRESS** 625 First Street | **CITY** Cedar Rapids | **STATE** IA | **POSTAL CODE** 52401-2030 | **COUNTRY** USA |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**
24 port 10/100/1000 Enet 2 port LAN (Colo);
HP Care Pack Support Plus 24 -3 yr onsite (Colo);
HP E5406-44G-PoE+/4G-SFP Switch Chassis - 6 Slot w/ Premium Software;
HP 1500W PoE+ zl Power Supply;
Vmware ESXi Server 3 Host Essentials
Vmware ESXi Server 3 Host Essentials
MOLB Windows Server Std Sng1 Lic/SA;
MOLB Windows Server Std Sng1 Lic/SA (Colo);
MOLB EXCHANGE SVR LIC/AS 1 CLT;

**5. ALT DESIGNATION:** ☑ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| ☐ **6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable] | **7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-45462670

FILING OFFICE COPY

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| Evergreen Oil, Inc. | |

OR **9b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME, SUFFIX**

**10. MISCELLANEOUS:**

DOCUMENT NUMBER: 29028180002
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

---

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | |
|---|---|
| **11a. ORGANIZATION'S NAME** | |

OR | **11b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

| **11d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **11e. TYPE OF ORGANIZATION** | **11f. JURISDICTION OF ORGANIZATION** | **11g. ORGANIZATIONAL ID#, if any** ☐ NONE |

---

**12.** ☐ **ADDITIONAL SECURED PARTY'S or** ☐ **ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)**

| | |
|---|---|
| **12a. ORGANIZATION'S NAME** | |

OR | **12b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |

| **12c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

---

**13. This FINANCING STATEMENT covers** ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14. Description of real estate:**

**16. Additional collateral description:**

DELL-2GB 400MHZ PC2-3200 240-PIN ECC CL3 REGISTERED DDR2 SDRAM
DIMM GENUINE DELL MEMORY
FOR POWEREDGE SERVER 1850 2800 2850 SC1420(X1563).NEW BULK.IN
STOCK.FOR SERVER ONLY;
HP E5406-44G-PoE+/4G-SFP Switch Chassis - 6 Slot w/ Premium Software;
HP 1500W PoE+ zl Power Supply;
HP E3500-48-PoE Switch (Cherry);
MOLB Windows Server Std Sngl Lic/SA;
MOLB Windows Server Std Sngl Lic/SA (Cherry);

**15. Name and address of RECORD OWNER of above-described real estate (if Debtor does not have a record interest):**

**17. Check only if applicable and check only one box.**
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18. Check only if applicable and check only one box.**
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years
☐ Filed in connection with a Public-Finance Transaction - effective 30 years

---

**FILING OFFICE COPY**

## UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

| 1. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT | | |
|---|---|---|
| **1a. ORGANIZATION'S NAME** | | |
| Evergreen Oil, Inc. | | |
| OR **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME, SUFFIX |
| | | |

**2. MISCELLANEOUS:**

DOCUMENT NUMBER: 29028180002
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**3. This FINANCING STATEMENT covers the following collateral:**

DELL-2GB 400MHZ PC2-3200 240-PIN ECC CL3 REGISTERED DDR2 SDRAM DIMM GENUINE DELL MEMORY
FOR POWEREDGE SERVER 1850 2800 2850 SC1420(X1563).NEW BULK.IN STOCK.FOR SERVER ONLY;
HP E3500-48-PoE Switch;
MOLB Windows Server Std Sngl Lic/SA;
HP ProLiant MicroServer ;
CARE PACK 3YR 4HR 24X7 MICRO SVR;
HP 593923-B21 RAM Module - 4 GB (1 x 4 GB) - DDR3 SDRAM;
Two (2) HP MICRO SERVER REMOTE ACCESS CARD KIT Cost;
Two (2) ShoreGear 90 - 1U half width, Max Capacities - 90 IP phones, 4 Analog exts, 8 LS trunks
One (1) ShoreGear T1k - 1U half width, Max Capacities - 1 T1, 0 IP phones, 0 Analog exts, 0 LS only
trunks, 0 Universal ports. Digital trunk support only;
One (1) ShoreWare Director Voicemail and Applications Software
Six (6) ShorePhone IP565g (Version 7.5 build 12.13.1328 or later) with extension and voice mail
licenses;
Twenty-nine (29) ShorePhone IP230 (Version 6.1 or later) with extension and voice mail licenses;
Five (5) Extension-only Licenses
Ten (10) Professional Access Licenses;
Ten (10) Mobile Access Licenses;
One (1) Operator Access Licenses;
One (1) Multi-Tech FaxFinder FF230;
One (1) HP ProCurve 24 ports Fast Ethernet Switching Module POE+;
One (1) Rack Mount Tray for ShoreGear Switches;
One (1) ShoreGear 90 - 1U half width, Max Capacities - 90 IP phones, 4 Analog exts, 8 LS trunks
One (1) ShoreGear T1k - 1U half width, Max Capacities - 1 T1, 0 IP phones, 0 Analog exts, 0 LS only
trunks,0 Universal ports. Digital trunk support only.
Six (6) ShorePhone IP565g (Version 7.5 build 12.13.1328 or later) with extension and voice mail
licenses;
Thirty-nine (39) ShorePhone IP230 (Version 6.1 or later) with extension and voice mail licenses;
Five (5) Extension-only Licenses
Ten (10) Professional Access Licenses;
Ten (10) Mobile Access Licenses;
One (1) Operator Access Licenses;
One (1) Multi-Tech FaxFinder FF230;
One (1) HP ProCurve 24 ports Fast Ethernet Switching Module POE+;
One (1) Rack Mount Tray for ShoreGear Switches;

**FILING OFFICE COPY**

## UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

| 4. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT | | |
|---|---|---|
| **4a. ORGANIZATION'S NAME**<br>Evergreen Oil, Inc. | | |
| OR **4b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME, SUFFIX |

**5. MISCELLANEOUS:**

**DOCUMENT NUMBER:** 29028180002
**IMAGE GENERATED ELECTRONICALLY FOR XML FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**6. This FINANCING STATEMENT covers the following collateral:**

ShoreGear 50 - 1U half width, Max Capacities - 50 IP phones, 2 Analog exts, 4 LS trunks, 0
Universal ports.Requires one Tray (SKU 10223) for everytwo units.
Two (2) ShorePhone IP565g (Version 7.5 build 12.13.1328 or later) with extension and voice mail
licenses;
Ten (10) ShorePhone IP230 (Version 6.1 or later) with extension and voice mail licenses;
AND ALL PRODUCTS, PROCEEDS AND ATTACHMENTS.

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

541-416-5167

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

LES SCHWAB WAREHOUSE CENTER, INC.
PO BOX 5350
BEND, OR 97708
USA

DOCUMENT NUMBER: 29173580002
FILING NUMBER: 11-7271905699
FILING DATE: 06/03/2011 12:00
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** EVERGREEN OIL, INC. | | | | |
| **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |

| | | | | | |
|---|---|---|---|---|---|
| **1c. MAILING ADDRESS** 6880 SMITH AVE | CITY NEWARK | STATE CA | POSTAL CODE 94560 | | COUNTRY USA |

| | | | | |
|---|---|---|---|---|
| **1d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **1e. TYPE OF ORGANIZATION** CORP | **1f. JURISDICTION OF ORGANIZATION** CALIFORN IA | **1g. ORGANIZATIONAL ID#, if any** CA C1217969 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | | | | |
|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | | |
| **2b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |

| | | | | | |
|---|---|---|---|---|---|
| **2c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | | COUNTRY |

| | | | | |
|---|---|---|---|---|
| **2d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | | | | |
|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** LES SCHWAB WAREHOUSE CENTER, INC. | | | | |
| **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |

| | | | | | |
|---|---|---|---|---|---|
| **3c. MAILING ADDRESS** PO BOX 5350 | CITY BEND | STATE OR | POSTAL CODE 97708 | | COUNTRY USA |

**4. This FINANCING STATEMENT covers the following collateral:**

DEBTOR HEREBY GRANTS SECURED PARTY A CONTRACTUAL SECURITY AGREEMENT IN ALL PRESENT AND FUTURE PRODUCTS AND GOODS AND PROCEEDS THEREOF,
PURCHASED BY DEBTOR FROM SECURED PARTY OR ANY OF ITS AFFILIATED COMPANIES INCLUDING BUT NOT LIMITED TO: ALL NEW, USED, AND RECAPPED
TIRES; ALL NEW AND USED WHEELS; AND ALL BATTERIES AND ALL RELATED PRODUCTS. SECURED PARTY'S LIEN SHALL CEASE IN THE SPECIFIC ITEMS
CONSTITUTING THE ASSETS DESCRIBED IN THIS UCC-1 FINANCING STATEMENT WHEN SECURED PARTY HAS BEEN PAID IN FULL FOR ANY SUCH ITEM THEREOF.

**5. ALT DESIGNATION:** ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG. LIEN ☐NON-UCC FILING

| | |
|---|---|
| ☐**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable] | **7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)** [ADDITIONAL FEE]   [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**

DL EVERGREEN OIL, INC. CB

FILING OFFICE COPY

**11-7283644187**

**09/02/2011 16:00**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

30249300002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Austin Elam (713-547-2122)

B. SEND ACKNOWLEDGEMENT TO:   (Name and Address)

Return acknowledgment to:

★

Capitol Corporate Services, Inc.
455 Capitol Mall Ste 217, Sacramento CA 95814
800/327-4842

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | |
| Evergreen Oil, Inc. | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2415 Campus Drive, Suite 225 | Irvine | CA | 92612 | USA |

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|
| | Corporation | California | C1217969 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | | |
| Guggenheim Corporate Funding, LLC, as Administrative Agent | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 135 East 57th Street | New York | NY | 10022 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All assets of Debtor, whether now owned or hereafter acquired.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
H- 904380 (California SoS)

56971

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Gisella Melendez
800-331-3282

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 31900940002
FILING NUMBER: 12-7299309931
FILING DATE: 01/31/2012 17:05
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| EVERGREEN OIL, INC. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 MAIN ST STE 230 | IRVINE | CA | 92614 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | 01217969 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| U.S. Bank Equipment Finance | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1310 Madrid Street | Marshall | MN | 56258 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

FOR INFORMATIONAL PURPOSES ONLY: 1 MX6201N 15109328BW; 1 MX6201N 15114599BW

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-31635694-46182224

FILING OFFICE COPY

1
2
3
4
5
6
7
8

# EXHIBIT "B"

[Evergreen Environmental Holdings, Inc. –
Financing Statements]

**STATE OF NEVADA**



*ROSS MILLER*
Secretary of State

*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

**OFFICE OF THE**
**SECRETARY OF STATE**

## Certified Search Request

March 28, 2013

**Job Number:**        U20130328-0057
**Reference Number:**  0000822400-2
**Expedite:**          None
**Through Date:**      03/27/2013 05:00PM

The undersigned filing officer hereby certifies that the attached list is a true and exact list of all financing statements or federal tax liens and related subsequent documentation for the debtor below as filed with the Secretary of State's office, Uniform Commercial Code Division as of the above through date.

 **Search Criteria:**
Debtor Name:   EVERGREEN ENVIRONMENTAL HOLDINGS, INC.
Lien Type:     UCC
Lien Status:   All (Including lapsed)

Nevada Secretary of State
Electronic Filing
Filing Officer

**UCC DIVISION:**
**Tracy Gillespie, Supervisor**
200 N. Carson Street
Carson City, Nevada  89701-4069
Telephone (775) 684-5708
Fax (775) 684-5630

### STATE OF NEVADA



*ROSS MILLER*
*Secretary of State*

*SCOTT W. ANDERSON*
*Deputy Secretary*
*for Commercial Recordings*

**OFFICE OF THE**
## SECRETARY OF STATE

Financing Statement #2006020216-5
FILED: 06-23-2006 04:22 PM

(D) EVERGREEN ENVIRONMENTAL HOLDINGS, INC.
ORGANIZATION
2355 MAIN STREET, SUITE 230
IRVINE, CA 92614 USA

(S) BANK OF THE WEST
ORGANIZATION
300 SOUTH GRAND AVENUE, 5TH FLOOR
LOS ANGELES, CA 90071 USA

(S) GUGGENHEIM CORPORATE FUNDING, LLC, AS
ADMINISTRATIVE AGENT
ORGANIZATION
135 EAST 57TH STREET
NEW YORK, NY 10022 USA

| ACTIONS: | DATE | DOCUMENT # | PGS |
|---|---|---|---|
| Initial Financing Statement | 06-23-2006 04:22 PM | 2006020216-5 | 1 |
| Continuation | 03-28-2011 03:54 PM | 2011007449-2 | 1 |
| Assignment | 08-09-2011 03:59 PM | 2011020988-1 | 1 |

■■■■■■
■■■■■■
■■■■■■

Document Number:
**2006020216-5**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

Filing Date and Time:
6/23/2006 4:22:00 PM

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

⌐ Pauline M. Stevens, Esq.
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013 ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: **Evergreen Environmental Holdings, Inc.**

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2355 Main Street, Suite 230 | Irvine | CA | 92614 | USA |

| 1d. TAX I.D.#: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL I.D.#, if any | |
|---|---|---|---|---|---|
| | | Corporation | Nevada | C937-1998 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME:

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX I.D.#: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL I.D.#, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) Insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: **Bank of the West**

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 300 South Grand Avenue, 5th Floor | Los Angeles | CA | 90071 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All assets of the Debtor now owned or hereafter acquired.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCIAL STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] (optional) ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA    Filed with the NV SOS

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

la-864218

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
UCC ADMINISTRATOR                      888-575-3822

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
┌                                                          ┐
    UCC ADMINISTRATOR
    UCC EZFILE
    2020 Hurley Way
    Suite 350
    Sacramento, CA 95825
└                                                          ┘
```

**Filed in the office of**

*[signature]*

Ross Miller
Secretary of State
State of Nevada

Document Number
**2011007449-2**

Filing Date and Time
**03/28/2011 3:54 PM**

(This document was filed electronically.)
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 2006020216-5 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor *or* ☐ Secured Party of record. Check only *one* of these two boxes.
Also check *one* of the following three boxes *and* provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only *one* box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME BANK OF THE WEST | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
EVERGREEN OIL, INC. 1040374320

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Austin Elam (713) 547-2122

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Return acknowledgment to:

Capitol Corporate Services, Inc.
P.O. Box 3100    Carson City, NV 89702
800/899-0490

| Filed in the office of | Document Number |
| --- | --- |
| *[signature]* Ross Miller Secretary of State State of Nevada | **2011020988-1** |
| | Filing Date and Time **08/09/2011 3:59 PM** |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
**File no: 2006020216-5  (originally filed 6/23/2006)**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☑ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in Item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in Items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions regarding changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME **Guggenheim Corporate Funding, LLC, as Administrative Agent** | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS **135 East 57th Street** | CITY **New York** | STATE **NY** | POSTAL CODE **10022** | COUNTRY **USA** |
| --- | --- | --- | --- | --- |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |   ☐ NONE |
| --- | --- | --- | --- | --- | --- |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME **Bank of the West** | | | |
| --- | --- | --- | --- |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
H- 904107    Nevada SOS

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

1
2
3
4
5
6
7
8
9

# <u>EXHIBIT "C"</u>

10
11
12

[Preliminary Title Reports for Newark & Carson Facilities]

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825



www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

## SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633<br>CONTACT: LINDSEY SMITH<br>COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.<br>CLIENT REFERENCE NUMBER:  5028 | JOB NUMBER: 164423<br>DATE: 09/17/2012<br>PAGE 1 OF 4<br>SERVICE REP: DENA WEAVER/NJ |

### ENTITY NAME: 6880 SMITH AVENUE, NEWARK, CA 94560

| JURISDICTION: ALAMEDA COUNTY, CALIFORNIA | TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE) |
|---|---|

#### ASSESSOR TAX INFORMATION

| | |
|---|---|
| TAXES(YEAR) | 2011-2012 |
| TAX TYPE | COUNTY |
| INSTALLMENT 1 | $133,623.10 |
| STATUS | DELINQUENT |
| INSTALLMENT 2 | $133,633.10 |
| STATUS | DELINQUENT |
| LAND VALUATION | $1,153,553.00 |
| IMPROVEMENTS | $1,344,266.00 |

#### CURRENT VESTING

| | |
|---|---|
| DOCUMENT | GRANT DEED |
| DOCUMENT NUMBER | 1984-070437 |
| DOCUMENT DATE | 12/05/1983 |
| RECORDED | 04/12/1984 |
| GRANTOR | SOUTHERN PACIFIC INDUSTRIAL DEVELOPMENT COMPANY |
| GRANTEE | EVERGREEN OIL |
| TRANSFER TAX | $784.85 |

#### LEGAL DESCRIPTION

PLEASE SEE EXHIBIT "A" ATTACHED HEREWITH FOR A COMPLETE LEGAL DESCRIPTION.

#### HISTORY

| | |
|---|---|
| DOCUMENT | GRANT DEED |

(Continued on next page...)

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825

www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

## SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633<br>CONTACT: LINDSEY SMITH<br>COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.<br>CLIENT REFERENCE NUMBER:  5028 | JOB NUMBER: 164423<br>DATE: 09/17/2012<br>PAGE 2 OF 4<br>SERVICE REP: DENA WEAVER/NJ |

### ENTITY NAME: 6880 SMITH AVENUE, NEWARK, CA 94560

| | |
|---|---|
| **JURISDICTION: ALAMEDA COUNTY, CALIFORNIA** | **TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE)** |

| HISTORY (Continued) | |
|---|---|
| DOCUMENT NUMBER | 1984-070437 |
| DOCUMENT DATE | 12/05/1983 |
| RECORDED | 04/12/1984 |
| GRANTOR | SOUTHERN PACIFIC INDUSTRIAL DEVELOPMENT COMPANY |
| GRANTEE | EVERGREEN OIL |
| TRANSFER TAX | $784.85 |
| | |
| DOCUMENT | CONSTRUCTION DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING |
| DOCUMENT NUMBER | 2009320816 |
| DOCUMENT DATE | 09/30/2009 |
| RECORDED | 10/12/2009 |
| GRANTOR | EVERGREEN OIL, INC. |
| INITIAL TRUSTEE | STEWART TITLE OF CALIFORNIA |
| LENDER | BANK OF THE WEST |
| AMOUNT | $30,000,000.00 |
| DOCUMENT | ASSIGNMENT DEED OF TRUST |
| DOCUMENT NUMBER | 2011227131 |
| DOCUMENT DATE | 08/03/2011 |
| RECORDED | 08/08/2011 |
| TRUSTOR | EVERGREEN OIL, INC. |
| TRUSTEE | STEWART TITLE OF CALIFORNIA |
| AMOUNT | $30,000,000.00 |
| DOCUMENT | AMENDED AND RESTATED DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING |

(Continued on next page...)

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825

www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

## SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633 | JOB NUMBER: 164423 |
| CONTACT: LINDSEY SMITH | DATE: 09/17/2012 |
| COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. | PAGE 3 OF 4 |
| CLIENT REFERENCE NUMBER:  5028 | SERVICE REP: DENA WEAVER/NJ |

### ENTITY NAME: 6880 SMITH AVENUE, NEWARK, CA 94560

| | |
|---|---|
| **JURISDICTION: ALAMEDA COUNTY, CALIFORNIA** | **TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE)** |

| HISTORY (Continued) | |
|---|---|
| DOCUMENT NUMBER | 2011227132 |
| DOCUMENT DATE | 08/03/2011 |
| RECORDED | 08/08/2011 |
| TRUSTOR | EVERGREEN OIL, INC |
| TRUSTEE | FIRST AMERICAN TITLE INSURANCE COMPANY |
| BENEFICIARY | GUGGENHEIM CORPORATE FUNDING, LLC |
| AMOUNT | $40,000,000.00 |
| | |
| ENCUMBRANCES | |
| DOCUMENT | LIEN |
| DOCUMENT NUMBER | 2001219316 |
| DOCUMENT DATE | 02/23/2001 |
| RECORDED | 06/21/2001 |
| AMOUNT | $815,000.00 |
| PLAINTIFF | COUNTY OF ALAMEDA |
| | |
| DOCUMENT | COUNTY TAX LIEN |
| DOCUMENT NUMBER | 2012034675 |
| DOCUMENT DATE | 02/01/2012 |
| AMOUNT | $100.34 |
| PLAINTIFF | THE TAX COLLECTOR OF THE COUNTY OF ALAMEDA, STATE OF CALIFORNIA |
| | |
| DOCUMENT | CLAIM OF LIEN |
| DOCUMENT NUMBER | 2012225756 |

(Continued on next page...)

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825

www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

## SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633<br>CONTACT: LINDSEY SMITH<br>COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.<br>CLIENT REFERENCE NUMBER:  5028 | JOB NUMBER: 164423<br>DATE: 09/17/2012<br>PAGE 4 OF 4<br>SERVICE REP: DENA WEAVER/NJ |

### ENTITY NAME: 6880 SMITH AVENUE, NEWARK, CA 94560

| | |
|---|---|
| **JURISDICTION: ALAMEDA COUNTY, CALIFORNIA** | **TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE)** |

| ENCUMBRANCES (Continued) | |
|---|---|
| DOCUMENT DATE | 07/13/2012 |
| RECORDED | 07/16/2012 |
| AMOUNT | $6,089,326.68 |
| PLAINTIFF | TIMEC CO. INC. DBA TRANSFIELD SERVICES AMERICAS RESOURCES AND ENERGY |

**PLEASE NOTE:**
PERTINENT PAGES ENCLOSED.

FOR YOUR INFORMATION ONLY, ADDITIONAL BILLS FOUND:

1ST INSTALLMENT: $330,394.70 - DELINQUENT
2ND INSTALLMENT: $330,404.70 - DELINQUENT

1ST INSTALLMENT: $262,747.69 - DELINQUENT
2ND INSTALLMENT: $262,757.69 - DELINQUENT

1ST INSTALLMENT: $117,008.65 - DELINQUENT
2ND INSTALLMENT: $117,018.65 - DELINQUENT

1ST INSTALLMENT: $25,947.98 - DELINQUENT
2ND INSTALLMENT: $25,957.98 - DELINQUENT

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.

RECORDING REQUESTED BY

Pioneer Title No. 1124588

AND WHEN RECORDED MAIL TO

Mr. Kip Prahl
California Oil Recyclers, Inc.
977-A Branston Road
San Carlos, Calif, 94070

M-070437

MAIL TAX STATEMENTS TO

SAME AS ADDRESSEE SHOWN ABOVE

RECORDED at REQUEST OF
PIONEER TITLE COMPANY
at 10:30 A.M.

APR 12 1984

OFFICIAL RECORDS OF
ALAMEDA COUNTY CALIFORNIA
RENE C. DAVIDSON
COUNTY RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Grant Deed

SOUTHERN PACIFIC INDUSTRIAL DEVELOPMENT COMPANY,

a Texas corporation                    , Grantor,

hereby GRANTS to        EVERGREEN OIL,

a California corporation        , Grantee,

that certain real property situated in the County of    Alameda        , State of California,
and more particularly described in Exhibit "A," attached and hereby made a part hereof.

Grantor excepts from the property hereby conveyed that portion thereof lying below a depth
of 500 feet, measured vertically, from the contour of the surface of said property; however, Grantor,
or its successors and assigns, shall not have the right for any purpose whatsoever to enter upon, into or
through the surface of said property or any part thereof lying between said surface and 500 feet
below said surface.

This grant is made subject to easements, covenants, conditions, reservations and restrictions of
record.

IN WITNESS WHEREOF, Grantor has caused these presents to be executed this    5 th
day of    DECEMBER    , 19 83.

SOUTHERN PACIFIC INDUSTRIAL DEVELOPMENT COMPANY

By _____
(Title)    VICE PRESIDENT AND GENERAL MANAGER

Attest _____
Assistant Secretary

Approved as to form
by General Counsel

STATE OF CALIFORNIA
City and County of San Francisco    } ss

Pmit70437

On the 7th day of December in the year One Thousand Nine Hundred and Eighty Three
before me, CATHERINE G. GULBRONSON, a Notary Public in and for the City and County of San Francisco, State of California, personally appeared

(Use Marble Plate)

G. F. Panner, Vice President and
General Manager

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed the within instrument as president (or secretary) or on behalf of the Corporation therein named and acknowledged to me that the Corporation executed it.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in the City and County of San Francisco, the day and year in this certificate first above written.

Notary Public in and for the City and County of San Francisco, State of California.

CATHERINE G. GULBRONSON
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL PLACE OF BUSINESS IN
CITY AND COUNTY OF
SAN FRANCISCO
My Commission Expires Nov. 9, 1986

Corporation

My Commission Expires November 9, 1986

Sale to California Oil Recyclers – Newark

EXHIBIT "A"

0-07437

Real property situate in the City of Newark, County of Alameda, State of California, being all of Parcel 4, as shown on Parcel Map No. 1425, as filed for record May 24, 1974, in Book 83 of Maps, at Page 83, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM the northwesterly 18.0 feet of the above described Parcel 4.

ALSO EXCEPTING that portion thereof described as follows:

Commencing at the most northerly corner of said Parcel 4; thence South 32°49'27" West along the northwesterly line of said parcel, a distance of 361.76 feet; thence South 57°10'33" East 18.0 feet to the True Point of Beginning of the parcel of land to be described; thence continuing South 57°10'33" East 75.0 feet; thence South 32°49'27" West 75.0 feet; thence North 57°10'33" West 75.0 feet; thence North 32°49'27" East 75.0 feet to the True Point of Beginning.

TOGETHER with a non-exclusive easement for ingress and egress to the above described real property over the following described parcels of land:

PARCEL 1:

Commencing at the most northerly corner of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974 in Map Book 83 at Page 83, Alameda County Records, and running thence along the northwesterly line of said Parcel 4, South 32°49'27" West, 31.00 feet; thence leaving said line, South 57°10'33" East, 18.00 feet to a point on a line drawn parallel to and distant 18.00 feet southeasterly of said northwesterly line of Parcel 4, said point being the True Point of Beginning of this description; thence along said parallel line, North 32°49'27" East, 350.51 feet; thence leaving said parallel line, on the arc of a tangent curve to the right, having a radius of 51.00 feet, through a central angle of 250°07'23", an arc distance of 222.64 feet; thence on the arc of a reverse curve to the left, having a radius of 49.00 feet, through a central angle of 70°07'23", an arc distance of 59.97 feet; thence tangent to last said curve, South 32°49'27" West, 137.24 feet; thence on the arc of a tangent curve to the left, having a radius of 79.00 feet, through a central angle of 40°40'57", an arc distance of 56.09 feet; thence on the arc of a reverse curve to the right, having a radius of 41.00 feet, through a central angle of 130°40'57", an arc distance of 93.51 feet; thence tangent to last said curve, North 57°10'33" West, 24.00 feet to the True Point of Beginning.

Page 1 of 2

Exhibit "A" (Cont'd.)

B-07'457

<u>PARCEL 2</u>:

A strip of land, 62 feet in width, lying equally 31 feet on each side of the following described center line:

Beginning at the intersection of the northeasterly line of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974 in Map Book 83 at Page 83, Alameda County Records, with a line drawn parallel to and distant 18.00 feet southeasterly of the northwesterly line of Parcel 3 and said Parcel 4 as shown on said Parcel Map; thence North 56°45'40" West, along said northeasterly line and its northwesterly prolongation, 77 feet, more or less, to the southeasterly line of Smith Avenue, as shown on said Parcel Map.

Reserving from the above described real property an easement for utility purposes over that portion thereof included within a strip of land 9.00 feet wide lying southerly of and contiguous to the southerly boundary of that portion of the above described Parcel 1 included within said Parcel 4.

Page 2 of 2

STEWART TITLE OF CALIFORNIA INC.
MAJOR ACCOUNTS DIVISION

Recording requested by
and when recorded return to:

MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Attn: Pauline M. Stevens, Esq.



2009320816    10/12/2009 09:23 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    96.00

24  PGS

## CONSTRUCTION DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

by

EVERGREEN OIL, INC.,
a California corporation,
as Grantor,

to

Stewart Title of California,
as Trustee,

in favor of

Bank of the West,
as Beneficiary

This document serves as a Fixture Filing under the California Uniform Commercial Code.

Grantor's Organizational Identification Number is C1217969.

la-1047053

## CONSTRUCTION DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT
## AND FIXTURE FILING

This DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING is made as of the 30th day of September, 2009, by EVERGREEN OIL, INC., a California corporation (herein referred to as "Grantor"), whose address is 6880 Smith Avenue, Newark, California, to STEWART TITLE OF CALIFORNIA ("Initial Trustee"), whose address is 2010 Main Street, Suite 250, Irvine, California 92614 for the benefit of BANK OF THE WEST ("Lender"), whose address is 4400 MacArthur Boulevard, Suite 150, Newport Beach, California.

### Recitals

Grantor has requested that Lender make the Loan (as hereinafter defined) to Grantor. As a condition precedent to making the Loan, Lender has required that Grantor execute and deliver this Deed of Trust, Assignment, Security Agreement and Fixture Filing to Trustee for the benefit of Lender.

### Grants and Agreements

Now, therefore, in order to induce Lender to make the Loan to Grantor, Grantor agrees as follows:

### Article I
### Definitions.

As used in this Deed of Trust, the terms defined in the Preamble hereto shall have the respective meanings specified therein, and the following additional terms shall have the meanings specified:

"Accessories" means all fixtures, equipment, systems, machinery, furniture, furnishings, appliances, inventory, goods, building and construction materials, supplies and other articles of personal property, of every kind and character, tangible and intangible (including software embedded therein), now owned or hereafter acquired by Grantor, which are now or hereafter attached to or situated in, on or about the Land or Improvements, or used in or necessary to the complete and proper planning, development, use, occupancy or operation thereof, or acquired (whether delivered to the Land or stored elsewhere) for use or installation in or on the Land or Improvements, and all Additions to the foregoing, all of which are hereby declared to be permanent accessions to the Land.

"Accounts" means all accounts of Grantor, within the meaning of the Uniform Commercial Code of the State, derived from or arising out of the use, occupancy or enjoyment of the Property or for services rendered therein or thereon.

"Additions" means any and all alterations, additions, accessions and improvements to property, substitutions therefor, and renewals and replacements thereof.

"Beneficiary" means Lender and its successors and assigns, individually and in its capacity as Administrative Agent for the Lenders under the Loan Agreement.

"Casualty" means any act or occurrence of any kind or nature that results in damage, loss or destruction to the Real Property

"Claim" means any liability, suit, action, claim, demand, loss, expense, penalty, fine, judgment or other cost of any kind or nature whatsoever, including fees, costs and expenses of attorneys, consultants, contractors and experts.

"Condemnation" means any taking of title to, use of, or any other interest in the Property under the exercise of the power of condemnation or eminent domain, whether temporarily or permanently, by any Governmental Authority or by any other Person acting under or for the benefit of a Governmental Authority.

"Condemnation Awards" means any and all judgments, awards of damages (including severance and consequential damages), payments, proceeds, settlements, amounts paid for a taking in lieu of

Description: Alameda,CA Document - Year.DocID 2009.320816 Page: 2 of 24
Order: st Comment:

"Laws" means all federal, state and local laws, statutes, rules, ordinances, regulations, codes, licenses, authorizations, decisions, injunctions, interpretations, orders or decrees of any court or other Governmental Authority having jurisdiction as may be in effect from time to time.

"Leases" means all leases, license agreements and other occupancy or use agreements (whether oral or written), now or hereafter existing, which cover or relate to the Property or any part thereof, together with all options therefor, amendments thereto and renewals, modifications and guaranties thereof, including any cash or security deposited under the Leases to secure performance by the tenants of their obligations under the Leases, whether such cash or security is to be held until the expiration of the terms of the Leases or applied to one or more of the installments of rent coming due thereunder.

"Lien" means any mortgage, deed of trust, pledge, security interest, assignment, judgment, lien or charge of any kind, including any conditional sale or other title retention agreement, any lease in the nature thereof, and the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction.

"Loan" means, collectively, the Construction Revolving Loans and Revolving Facility Term Out Loans in the aggregate principal amount of Eighteen Million Dollars ($18,000,000.00), the Working Capital Revolving Loans in an aggregate amount of Four Million Dollars ($4,000,000) and (c) Completion Term Loans in an aggregate amount of Eight Million Dollars ($8,000,000), with capitalized terms being used as defined in the Loan Agreement. Certain of the Loans are revolving loans and may be repaid and reborrowed.

"Loan Agreement" means the Credit Agreement dated June 1, 2006 among Grantor and Lender, as Administrative Agent, L/C Issuer and Lender thereunder which sets forth, among other things, the terms and conditions upon which the proceeds of the Loan will be disbursed, as the same may from time to time be extended, amended, restated, supplemented or otherwise modified.

"Loan Documents" means this Deed of Trust, the Note, the Environmental Agreement, the Loan Agreement, any Swap Contract, any application or reimbursement agreement executed in connection with any Letter of Credit, and any and all other documents which Grantor or any other party or parties have executed and delivered, or may hereafter execute and deliver, to evidence, secure or guarantee the Obligations, or any part thereof, as the same may from time to time be extended, amended, restated, supplemented or otherwise modified.

"Net Proceeds," when used with respect to any Condemnation Awards or Insurance Proceeds, means the gross proceeds from any Condemnation or Casualty remaining after payment of all expenses, including attorneys' fees, incurred in the collection of such gross proceeds.

"Note" means the Loan Agreement.

"Notice" means a notice, request, consent, demand or other communication given in accordance with the provisions of Section 9.8 of this Deed of Trust.

"Obligations" means all present and future debts, obligations and liabilities of Grantor to Beneficiary and/or Trustee arising pursuant to, and/or on account of, the provisions of this Deed of Trust, the Note or any of the other Loan Documents, including the obligations: (a) to pay all principal, interest, late charges, prepayment premiums (if any) and other amounts due at any time under the Note; (b) to pay all Expenses, indemnification payments, fees and other amounts due at any time under this Deed of Trust or any of the other applicable Loan Documents, together with interest thereon as herein or therein provided; (c) to pay and perform all obligations of Grantor under any Swap Contract; (d) to perform, observe and comply with all of the other terms, covenants and conditions, expressed or implied, which Grantor is required to perform, observe or comply with pursuant to this Deed of Trust or any of the other applicable Loan Documents; and (e) to pay and perform all future advances and other obligations that Grantor or any successor in ownership of all or part of the Property may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when a writing evidences the parties' agreement that the advance or obligation be secured by this Deed of Trust; excluding, however, the debts, obligations and liabilities of Grantor under the Environmental Agreement and in respect of Equipment Loans (as defined in the Loan Agreement). This Deed of Trust does not secure the

3

IN WITNESS WHEREOF, Grantor has caused this Deed of Trust to be executed as of the day and year first written above.

GRANTOR:

EVERGREEN OIL, INC.

By: _____
    Name: JESUS ROMERO
    Title:   CHIEF FINANCIAL OFFICER

Description: Alameda,CA Document - Year.DocID 2009.320816 Page: 20 of 24
Order: st Comment:

ACKNOWLEDGMENT

STATE OF CALIFORNIA )
) ss.
COUNTY OF _ORANGE_ )

On _October 8, 2009_ before me, _Cynthi Lynn Tranker, Notary Public_, personally
appeared _____Jesus Romero_____, who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

CYNTHI LYNN TRANKER
Commission # 1715600
Notary Public - California
Orange County
My Comm. Expires Jan 20, 2011

Description: Alameda,CA Document - Year.DocID 2009.320816 Page: 21 of 24
Order: st Comment:

## EXHIBIT "A"

## LEGAL DESCRIPTION

ORDER NO.:    255121
ESCROW NO.:

The land referred to herein is situated in the State of California County of Alameda, and described as follows:

Parcel One:

Parcel 4, as shown on Parcel Map No. 1425, in the City of Newark, County of Alameda, State of California, as filed for record May 24, 1974, in Book 83 of Maps, at Page 83, in the office of the County recorder of said County.

Excepting therefrom the northwesterly 18.0 feet of the above described parcel 4.

Also excepting that portion thereof described as follows:

Commencing at the most northerly corner of said Parcel 4; thence south 32° 49' 27" west, along the northwesterly line of said Parcel, a distance of 361.76 feet; thence south 57° 10' 33" east, 16.0 feet to the true point of beginning of the Parcel of land to described; thence continuing south 57° 10' 33" east, 75.0 feet; thence south 32° 49' 27" west, 75.0 feet; thence north 57° 10' 33" west, 75.0 feet; thence north 32° 49' 27" east, 75.0 feet to the true point of beginning.

Also except therefrom that portion thereof lying below a depth of 500 feet, measured vertically from the contour of the surface of said property; however, grantor, or its successors and assigns, shall not have the right for any purpose whatsoever to enter upon, into or through the surface of said property, or any part thereof lying between said surface and 500 feet below said surface, as contained in the deed from Southern Pacific Industrial Development Company, a Texas corporation, recorded April 12, 1984, as Instrument/File No. 84-70437 of Official Records.

Parcel Two:

A non-exclusive easement for ingress and egress to the above described real property over the following described parcel of land:

A) Commencing at the most northerly corner of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974, in Map Book 83, at Page 83, Alameda County records; and running thence along the northwesterly line of said Parcel 4, south 32° 49' 27" west, 31.00 feet; thence leaving said line, south 57° 10' 33" east, 18.00 feet to a point on a line drawn parallel to and distant 18.00 feet southeasterly of said northwesterly line of Parcel 4, said point being the true point of beginning of this description; thence along said parallel line, north 32° 40' 27" east, 350.51 feet; thence leaving said parallel line, on the arc of a tangent curve to the right, having a radius of 51.00 feet, through a central angle of 250° 07' 23", an arc distance of 222.64 feet; thence on the arc of a reverse curve to the left, having a radius of 49.00 feet; through a central angle of 70° 07' 23", an arc distance of 59.97 feet; thence tangent to last curve south 32° 49' 27" west, 137.24 feet; thence on the arc of a tangent curve to the left, having a radius of 79.00

feet, through a central angle of 40° 40' 57", an arc distance of 56.09 feet; thence on the arc of a reverse to the right, having a radius of 41.00 feet, through a central angle of 130° 40' 57", an arc distance of 93.51 feet; thence tangent to last said curve, north 57° 10' 33" west, 24.00 feet to the true point of beginning.

Excepting therefrom, that portion within lies within Parcel One, above.

B) A strip of land, 62 feet in width, lying equally 31 feet on each side on the following described center line:

Beginning at the intersection of the northeasterly line of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974, in Map Book 83, at Page 83, Alameda County records, with a line drawn parallel to and distant 18.00 feet southeasterly of the northwesterly line of Parcel 3 and said Parcel 4, as shown on said Parcel Map; thence north 56° 45' 40" west, along said northeasterly line and its northwesterly prolongation, 77 feet, more or less, to the southeasterly line of Smith Avenue, as shown on said Parcel Map.

APN: 092A-2300-010-03

Description: Alameda,CA Document - Year.DocID 2009.320816 Page: 24 of 24
Order: st Comment:

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:

Guggenheim Corporate Funding, LLC
Attention: Kaitlin Trinh
135 East 57th Street
New York, New York 10022
Tel: (212) 644-8107
Fax: (212) 644-8107



2011227131      08/08/2011 11:12 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:      24.00

3    PGS

Space above this line for recorder's use only

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, Bank of the West, a California banking corporation ("Assignor"), hereby grants, assigns and transfers to the entities set forth on Schedule "I" hereto (collectively, "Assignee"), all beneficial interest under that certain Deed of Trust, Assignment, Security Agreement And Fixture Filing dated as of September 30, 2009, executed by EVERGREEN OIL, INC., a California corporation, as Trustor; to STEWART TITLE OF CALIFORNIA, as Trustee; for Assignor, as Beneficiary, and recorded on October 12, 2009, as Instrument 2009320816 in the Official Records of Alameda County, California.

TOGETHER, with the credit agreements and/or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust;

ALL, without warranty or recourse except as provided in that certain "Loan Sale And Assignment Agreement" dated as of August 3, 2011, by and between the undersigned and Assignee.

DATE: August 3, 2011

BANK OF THE WEST, A CALIFORNIA BANKING CORPORATION

By: _____
Name: _Gregory A. Blau_____
Title: _Vice President_____

1

STATE OF CALIFORNIA
COUNTY OF Los Angeles

On August 4th, 2011 before me, Rita E. Stassi, Notary Public, personally appeared Gregory A. Boyd, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Rita E. Stassi

RITA E. STASSI
Commission # 1839324
Notary Public - California
Los Angeles County
My Comm. Expires Mar 31, 2013

3

## SCHEDULE I (ASSIGNEE)

GUGGENHEIM CORPORATE FUNDING, LLC, a Delaware limited liability company, as Administrative Agent for:

ORPHEUS FUNDING LLC

SECURITY BENEFIT LIFE INSURANCE COMPANY

MIDLAND NATIONAL LIFE INSURANCE COMPANY

NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE

GUGGENHEIM LIFE AND ANNUITY COMPANY

2

FIRST AMERICAN TITLE INSURANCE COMPANY
NATIONAL COMMERCIAL SERVICES
LOS ANGELES OFFICE

Recording requested by
and when recorded return to:

Haynes and Boone, LLP
Attn: Randy Browne
1221 McKinney Street
Suite 2100
Houston, Texas 77010



2011227132     08/08/2011 11:12 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        90.00

26    PGS

A3-1
26
fr

## AMENDED AND RESTATED DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

by

**EVERGREEN OIL, INC.,**
a California corporation,
as Trustor

to

**FIRST AMERICAN TITLE INSURANCE COMPANY**
as Trustee,

in favor of

**GUGGENHEIM CORPORATE FUNDING, LLC,**
a Delaware limited liability company
as Beneficiary, as administrative agent for:
ORPHEUS FUNDING LLC
SECURITY BENEFIT LIFE INSURANCE COMPANY
MIDLAND NATIONAL LIFE INSURANCE COMPANY
NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE
GUGGENHEIM LIFE AND ANNUITY COMPANY

This document serves as a Fixture Filing under the California Uniform Commercial Code.

Trustor's Organizational identification Number is C1217969

## AMENDED AND RESTATED DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

This AMENDED AND RESTATED DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING (this *"Deed of Trust"*) is made as of the 3rd day of August, 2011, by EVERGREEN OIL, INC., a California corporation a/k/a EVERGREEN OIL, a California corporation (herein referred to as *"Trustor"*), whose address is 2415 Campus Drive, Suite 225, Irvine, California 92612, to FIRST AMERICAN TITLE INSURANCE COMPANY (*"Initial Trustee"*), whose address 777 South Figueroa Street, 4th Floor, Los Angeles, California 90017, for the benefit of GUGGENHEIM CORPORATE FUNDING, LLC, a Delaware limited liability company, as administrative agent (*"Beneficiary"*), whose address is c/o Guggenheim Partners, 100 Wilshire Blvd., Suite 500, Santa Monica, California 90401.

## RECITALS

A.     Trustor previously entered into (a) that certain Credit Agreement dated June 1, 2006 among Trustor, as borrower, the lenders party thereto (the *"Prior Lenders"*) and Bank of the West, a California banking corporation, as administrative agent for the ratable benefit of the Prior Lenders (in such capacity, *"Prior Agent"*) (the *"Prior Loan Agreement"*), (b) that certain Construction Deed of Trust, Assignment, Security Agreement and Fixture Filing dated as of September 30, 2009 from Trustor (as "Grantor" therein) to Stewart Title of California, as initial Trustee, for the benefit of Prior Agent, under the Prior Loan Agreement, which was recorded on October 12, 2009, Instrument No. 2009320816 in the Official Records of Alameda County, California (the *"Prior Deed of Trust"*) and (c) each of the Loan Documents, as such term is defined in the Prior Loan Agreement (the *"Prior Loan Documents"*).

B.     Prior Agent has assigned all of its rights and interests in and to the Prior Loan Agreement, the Prior Deed of Trust and each of the Prior Loan Documents to Beneficiary pursuant to that certain Loan Sale and Assignment Agreement (the *"Assignment"*) and certain other assignments of even date herewith by and among Prior Agent and Beneficiary.

C.     Contemporaneously with the execution of this Deed of Trust, Trustor, Beneficiary and certain financial institutions party thereto have executed that certain Amended and Restated Credit Agreement of even date herewith (the *"Loan Agreement"*), whereby the terms and conditions of the Prior Loan Agreement were amended and restated in their entirety.

D.     Pursuant to the terms of the Loan Agreement, the parties hereto desire to amend and restate the Prior Deed of Trust in its entirety. Notwithstanding the foregoing, in the event that any Property described herein was not encumbered by the Prior Deed of Trust, or the security interest or lien created by the Prior Deed of Trust terminated, lapsed or was invalidated, this Deed of Trust shall be a new grant of lien or security interest, as applicable, according to the terms and provisions provided herein.

E.     Trustor has requested that Beneficiary make the Loan (hereinafter defined) to Trustor. As a condition precedent to making the Loan, Beneficiary has required that Trustor execute and deliver this Deed of Trust to Trustee for the benefit of Beneficiary.

## GRANTS AND AGREEMENTS

Now, therefore, in order to induce Beneficiary to enter into the Loan Agreement and to make the Loan to Trustor, Trustor agrees as follows:

H-903488v6

thereof, and the filing of any financing statement under the Uniform Commercial Code of any jurisdiction.

"Loan" means collectively, the loan amount made pursuant to the terms of the Prior Loan Agreement in the original principal amount of $28,288,600, which was assigned to Beneficiary, as administrative agent by the Assignment, and loans made pursuant to the Loan Agreement in the original principal amount of $11,711,400, for a total amount secured of $40,000,000.

"Loan Documents" means this Deed of Trust, the Note, the Environmental Agreement, the Loan Agreement, any application or reimbursement agreement executed in connection with any Letter of Credit, and any and all other documents which Trustor or any other party or parties have executed and delivered, or may hereafter execute and deliver, to evidence, secure or guarantee the Obligations, or any part thereof, as the same may from time to time be extended, amended, restated, supplemented or otherwise modified.

"Net Proceeds" when used with respect to any Condemnation Awards or Insurance Proceeds, means the gross proceeds from any Condemnation or Casualty remaining after payment of all expenses, including attorneys' fees, incurred in the collection of such gross proceeds. The definition of "Net Proceeds" shall exclude any Insurance Proceeds arising from the pre-closing Casualties that are used solely for repairs and refurbishments.

"Note" means collectively those five (5) certain Amended and Restated Promissory Notes of even date herewith, in the aggregate principal amount of the Loan, executed by Trustor and payable to the parties for whom Beneficiary acts as administrative agent.

"Notice" means a notice, request, consent, demand or other communication given in accordance with the provisions of Section 9.08 of this Deed of Trust.

"Obligations" means all present and future debts, obligations and liabilities of Trustor to Beneficiary and/or Trustee arising pursuant to the provisions of this Deed of Trust, the Note and any of the other Loan Documents, including the obligations: (a) to pay, all principal, interest, late charges, prepayment premiums (if any) and other amounts due at any time under the Note; (b) to pay all Expenses, indemnification payments, fees and other amounts due at any time under this Deed of Trust or any of the other applicable Loan Documents, together with interest thereon as herein or therein provided; (c) to perform, observe and comply with all of the other terms, covenants and conditions, express or implied, which Trustor is required to perform, observe or comply with pursuant to this Deed of Trust, the Loan Agreement or any of the other applicable Loan Documents; and (d) to pay and perform all future advances and other obligations that Trustor may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when a writing evidences the parties' agreement that the advance or obligation be secured by this Deed of Trust; excluding, however the debts, obligations and liabilities of Trustor under the Environmental Agreement and in respect of Equipment Loans (as defined in the Loan Agreement).

"Permitted Encumbrances" means (a) any matters set forth in the policy of title insurance issued to Beneficiary on or about the date hereof and insuring Beneficiary's interest in the Property, (b) the interests of this Deed of Trust and the other Loan Documents, as applicable, (c) Liens and Encumbrances in favor of Beneficiary or otherwise permitted by the Loan Documents, (d) any other Encumbrance that Beneficiary shall expressly approve in writing in its sole and absolute discretion, and (e) liens for taxes imposed by any Governmental Authority not yet due, payable or delinquent.

"Person" means an individual, a corporation, a partnership, a joint venture, a limited liability company, a trust, an unincorporated association, any Governmental Authority or any other entity.

Description: Alameda,CA Document - Year.DocID 2011.227132 Page: 5 of 26
Order: st Comment:

IN WITNESS WHEREOF, Trustor has caused this Deed of Trust to be executed as of the day and year first written above.

TRUSTOR:

EVERGREEN OIL, INC.

By: _____
Name: _____ J. VOOGD _____
Title: _____ Chairman _____

Description: Alameda,CA Document - Year.DocID 2011.227132 Page: 23 of 26
Order: st Comment:

<u>ACKNOWLEDGMENT</u>

STATE OF CALIFORNIA       §

COUNTY OF O R A N G E       §
                                  §

On the 2 day of August , 2011, before me, T. J. Levens a Notary Public, personally appeared Jacob Voogd , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

> T. J. LEVENS
> Commission # 1867066
> Notary Public - California
> Orange County
> My Comm. Expires Oct 28, 2013

*Acknowledgment Page*
*Amended and Restated Deed of Trust,*
*Assignment, Security Agreement and Fixture Filing*

## EXHIBIT A
## LEGAL DESCRIPTION

ORDER NO,: 255121
ESCROW NO.:

The land referred to herein is situated in the State of California County of Alameda, and described as follows:

Parcel One:

Parcel 4, as shown on Parcel Map No. 1425, in the City of Newark, County of Alameda, State of California, as filed for record May 24, 1974, in Book 83 of Maps, at Page 83, in the office of the County recorder of said County.

Excepting therefrom the northwesterly 18.0 feet of the above described parcel 4.

Also excepting that portion thereof 'described as follows:

Commencing at the most northerly corner of said Parcel 4; thence south 32° 49' 27" west, along the northwesterly line of said Parcel, a distance of 361.76 feet; thence south 57° 10' 33" east, 16,0 feet to the true point of beginning of the Parcel of land to described; thence continuing south 57° 10' 33" east, 75.0 feet; thence south 32° 49' 27" west, 75.0 feet; thence north 57° 10' 33" west, 75.0 feet; thence north 32° 49' 27" east, 75.0 feet to the true point of beginning.

Also except therefrom that portion thereof lying below a depth of 500 feet, measured vertically from the contour of the surface of said property; however, Trustor, or its successors and assigns, shall not have the right for any purpose whatsoever to enter upon, into or through the surface of said property, or any part thereof lying between said surface and 500 feet below said surface, as contained in the deed from Southern Pacific Industrial Development Company, a Texas corporation, recorded April 12, 1984, as Instrument/File No. 84-70437 of Official Records.

Parcel Two:

A non-exclusive easement for ingress and egress to the above described real property over the following described parcel of land:

A) Commencing at the most northerly corner of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974, in Map Book 83, at Page 83, Alameda County records; and running thence along the northwesterly line of said Parcel 4, south 32° 49' 27" west, 31.00 feet; thence leaving said line, south 57° 10' 33" east, 18.00 feet to a point on a line drawn parallel to and distant 18.00 feet southeasterly of said northwesterly line of Parcel 4, said point being the true point of beginning of this description; thence along said parallel line, north 32° 40' 27" east, 350.51 feet; thence leaving said parallel line, on the arc of a tangent curve to the right, having a radius of 51.00 feet, through a central angle of 250° 07' 23", an arc distance of 222.64 feet; thence on the arc of a reverse curve to the left, having a radius of 49.00 feet; through a central angle of 70° 07' 23", an arc distance of 59.97 feet; thence tangent to last curve south 32° 49' 27" west, 137,24 feet; thence on the arc of a tangent curve to the left, having a radius of 79.00 feet, through a central angle of 40° 40' 57", an arc distance of 56.09 feet; thence on the arc of a reverse to the right, having a radius of 41.00 feet, through a central angle of 130° 40' 57", an arc distance of 93.51 ' feet; thence tangent to last said curve, north 57° 10' 33" west, 24.00 feet to the true point of beginning.

Excepting therefrom, that portion within lies within Parcel One, above.

B) A strip of land, 62 feet in width, lying equally 31 feet on each side on the following described center line:

Beginning at the intersection of the northeasterly line of Parcel 4, as shown on Parcel Map No. 1425, recorded May 24, 1974, in Map Book 83, at Page 83, Alameda County records, with a line drawn parallel to and distant 18.00 feet southeasterly of the northwesterly line of Parcel 3 and said Parcel 4, as shown on said Parcel Map; thence north 56° 45' 40" west, along said northeasterly line and its northwesterly prolongation, 77 feet, more or less, to the southeasterly line of Smith Avenue, as shown on said Parcel Map.

APN: 092A-2300-010-03

Description: Alameda,CA Document - Year.DocID 2011.227132 Page: 26 of 26
Order: st Comment:

**2001219316** 06/21/2001 04:19 PM
OFFICIAL RECORDS OF RECORDING FEE 119 00
ALAMEDA COUNTY
PATRICK O'CONNELL

36    PGS

Recording Requested by
Evergreen Oil Inc.
6880 Smith Ave
Newark, CA 94560

When Recorded Mail to

BILL LOCKYER, Attorney General
    of the State of California
THEODORA BERGER
    Senior Assistant Attorney General
JAMES R. POTTER, State Bar No 166992
    Deputy Attorney General
300 South Spring Street, 5th Floor-North Tower
Los Angeles, California 90013
Telephone No. (213) 897-2637
Facsimile (213) 897-2802

Attorneys for Plaintiffs, People of the State of
California, ex rel Edwin F. Lowry, Director,
California Department of Toxic Substances Control

LIEN

Evergreen Oil Inc hereby grants to the State of California Department of Toxic

Substances Control ("DTSC"), this Lien on the real property and improvements located at 6880

Smith Avenue, Newark, California, identified as Parcel No 92A-2300-010-03 by the Alameda

County Assessor (the "Property") in the amount of Eight Hundred Fifteen Thousand Dollars

($815,000.00)  A legal description of the Property is attached hereto as Exhibit A and is

incorporated herein by this reference.  The Property is owned by Evergreen Oil, Inc·

    This Lien extends to the land and plant at the Newark facility  It does not extend to the

equipment, which includes trucks and other vehicles

    This Lien has been granted to DTSC and is being recorded pursuant to a Judgment

Lien

2  pursuant to stipulation ("Judgment") entered by the Superior Court of the State of California for

3  the County of Alameda in the case of People v  Evergreen Oil, Inc.  et al, Case Number

4  H196590-8  DTSC brought this lawsuit in exercise of its regulatory powers  A true and correct

5  copy of the Judgment is attached hereto as Exhibit B and is incorporated herein by this reference

6  The Judgment reflects a Stipulation for Settlement and Entry of Judgment ("Stipulation") entered

7  into by DTSC, Evergreen Oil, Inc. and Evergreen Environmental Services, Inc  A true and

8  correct copy of the Stipulation is attached hereto as Exhibit C.  A copy of the Abstract of

9  Judgment is attached hereto as Exhibit D  The Abstract of Judgment has also been recorded by

10 the County Recorder for Alameda County in accordance with Code of Civil Procedure section

11 697 310.  The Judgment Lien thereby created shall have the full force and effect provided by

12 Title 9 of Part 2 of the Code of Civil Procedure

13        Pursuant to Paragraph 7.4 of the Stipulation, the amount secured by this Lien, which

14 includes both  civil penalties and administrative costs,  is Eight Hundred Fifteen Thousand

15 dollars ($815,000)  Pursuant to Paragraph 7 41 of the Stipulation Evergreen Oil Inc  may apply

16 annually to DTSC for authorization to reduce the amount of the this Lien to reflect payments that

17 have been made to DTSC and any credits that have been awarded by DTSC to Evergreen Oil Inc

18        DTSC, however, will not foreclose upon this Lien so long as all of the following four

19 conditions continue to be met  1)  Evergreen Oil, Inc  has not filed a Petition for Bankruptcy, nor

20 has an involuntary petition for Bankruptcy been filed against Evergreen Oil Inc.; 2) the Property

21 continues to be  owned by Evergreen Oil Inc  and has not been sold, hypothecated, deeded or

22 otherwise transferred; 3) Evergreen Oil Inc  continues to operate the used oil facility located on

23 the Property, and 4) Evergreen Oil Inc  makes all payments in a timely manner as

24 ///

25 ///

26 ///

27 ///

28 ///

2

Lien

Description: Alameda,CA Document - Year.DocID 2001.219316 Page 2 of 36 Only
Order: st Comment:

2  required by the Stipulation

3      Within 30 days after Evergreen Oil Inc has satisfied all of its obligations in sections 6

4  and 7 of the Stipulation, DTSC shall execute those documents necessary to release this lien. If, at

5  the end of that thirty-day period, DTSC has not executed a release, Evergreen has the right to

6  file a noticed motion asking the court to remove the lien.

9  DATED, 2/23/01          _____

10                          EVERGREEN OIL INC

11

12  APPROVED AS TO FORM:

13  DATED: 2/16/01

14                          STATE OF CALIFORNIA
                            DEPARTMENT OF TOXIC
15                          SUBSTANCES CONTROL

16                          BILL LOCKYER
                                Attorney General
17                          THEODORA BERGER
                                Senior Assistant Attorney General
18                          JAMES R. POTTER
                                Deputy Attorney General
19

20

21  BY  _____
                            JAMES R. POTTER
22                          Attorneys for Plaintiffs, People of the State of California,
                            ex rel. Edwin F. Lowry, Director, California Department of
23                          Toxic Substances Control

24

25

26

27

28

                            3

                            1.ren

Exhibit I.H.6.
Page 2 of 3
Rev. 1

## EXHIBIT "A"

Real property situated in the City of Newark, County of Alameda, State of California, being all of Parcel 4, as shown on Parcel Map No 1425, as filed for record May 24, 1974, in Book 83 of Maps, at Page 83, in the Office of the County Recorder of said County

EXCEPTING THEREFROM the northwesterly 18 0 feet of the above described Parcel 4

ALSO EXCEPTING that portion hereof described as follows

Commencing at the most northerly corner of said Parcel 4; thence South 32°49'27" West along the northwesterly line of said parcel, a distance of 361 76 feet, thence South 57°10'33" East 18 0 feet to the True Point of Beginning of the parcel of land to be described, thence continuing South 57°10'33" East 75 0 feet, thence South 32°49'27" West 75 0 feet, thence North 57°10'33" West 75 0 feet, thence North 32°49'27" East 75.0 feet to the True Point of Beginning

TOGETHER with a non-exclusive easement for ingress and egress to the above described real property over the following described parcels of land

PARCEL 1

Commencing at the most northerly corner of Parcel 4, as shown on Parcel Map No 1425, recorded May 24, 1974 in Map Book 83 at Page 83, Alameda County Records, and running thence along the northwesterly line of said Parcel 4, South 32°49'27" West, 31 00 feet, thence leaving said line, South 57°10'33" East, 18 00 feet to a point on a line drawn parallel to and distant 18 00 feet southeasterly of said northwesterly line of Parcel 4, said point being the True Point of Beginning of this description, thence along said parallel line, North 32°49'27" East, 350 51 feet, thence leaving said parallel line, on the arc of a tangent curve to the right, having a radius of 51 00 feet, through a central angle of 250°07'23", an arc distance of 59 97 feet, thence tangent to last said curve, South 32°49'27" West, 137 24 feet, thence on the arc of a tangent curve to the left, having a radius of 79 00 feet, through a central angle of 40°40'57", an arc distance of 56.09 feet, thence on the arc of a reverse curve to the right, having a radius of 41.00 feet, through a central angle of 130°40'57", an arc distance of 93.51 feet; thence tangent to last said curve, North 57°10'33" West, 24.00 feet to the True Point of Beginning.

Description: Alameda,CA Document - Year.DocID 2001.219316 Page 6 of 36 Only
Order: st Comment:

Exhibit "A" (cont'd )

PARCEL 2

A strip of land, 62 feet in width, lying equally 31 feet on each side of the following described center line

Beginning at the intersection of the northeasterly line of Parcel 4, as shown on Parcel Map No  1425, recorded May 24, 1974 in Map Book 83 at Page 83, Alameda County Records, with a line drawn parallel to and distant 18.00 feet southeasterly of the northwesterly line of Parcel 3 and said Parcel 4 as shown on said Parcel Map; thence North 56°45'40" West, along said northeasterly line and its northwesterly prolongation, 77 feet, more or less, to the southeasterly line of Smith Avenue, as shown on said Parcel Map

Reserving from the above described real property an easement for utility purposes over that portion thereof included within a strip of land 9.00 feet wide lying southerly of and contiguous to the southerly boundary of that portion of the above described Parcel 1 included within said Parcel 4

Page 2 of 2

Description: Alameda,CA Document - Year.DocID 2001.219316 Page 7 of 36 Only
Order: st Comment:

Recording requested by
Alameda County Office of
the Treasurer and Tax Collector
(510) 272-6800

2012034675

-------------------------------------------------

When recorded mail to:

EVERGREEN OIL INC
EQ@SMITH AV N
2355 MAIN ST # 230
IRVINE CA 92614-4291

Recorded in official records
of Alameda County, California
Patrick O'Connell, County Recorder

February 01, 2012
04:35 PM
No Fee

-------------------------------------------------

**THIS IS TO NOTIFY YOU THAT PURSUANT TO SECTION 2191.3(b) OF THE
CALIFORNIA REVENUE AND TAXATION CODE, A TAX LIEN HAS BEEN FILED
WITH RESPECT TO UNSECURED PROPERTY**

CERTIFICATE OF LIEN FOR UNSECURED PROPERTY TAXES
(Section 2191.3 and 2191.4, California Revenue and Taxation Code)

The Tax Collector of the County of Alameda, State of California, certifies that the assessee
named below is liable for unpaid unsecured property taxes together with the applicable
penalties and interest to date in the amounts and for the fiscal years set forth below.
The taxes were computed and levied in compliance with Division 1 of the California Revenue
and Taxation Code.

ASSESSEE NAME: EVERGREEN OIL INC                          SSN:  (Not Available)

| FISCAL YEAR | ACCOUNT NUMBER | AMOUNT DUE |
|---|---|---|
| 2011/2012 | 02-060897-01-073-11-00-00 | $    100.34 |
| | TOTAL AMOUNT DUE | $    100.34 |

From the date of recordation of this certificate, the total amount due thereon constitutes
a lien upon all personal and real property owned or that may subsequently be acquired before
the date on which the lien expires, by the assessee named.  This lien has the force, effect
and priority of a judgement lien for a period of ten (10) years from the date of recordation,
or any extension thereof.

A release of this certificate of lien may be obtained by paying the tax amount and all
current accrued penalties and interest in full to the Tax Collector.  To remit payment for
the current total amount due, contact the Alameda County Tax Collector, Unsecured Taxes
Division, 1221 Oak Street, Oakland CA  94612.  An additional fee to record a release of the
certificate of lien will be charged.

*Donald R. White*

Donald R. White, Tax Collector, County of Alameda                  Dated: 02/01/2012

NO FEE PURSUANT TO GC 27383

114-ITD-53361 (rev 01/00)



2012225756      07/16/2012 09:23 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:       24.00

4   PGS

Recording Requested by TIMEC Co. Inc. dba
Transfield Services Americas Resources and
Energy
Please Return To the TIMEC Co. Inc. dba
Transfield Services Americas Resources and
Energy;
c/o Zlien
8605 Santa Monica Blvd #7790
Los Angeles, CA 90069
6426



SPACE ABOVE FOR RECORDER'S USE

## CLAIM OF LIEN
California Civil Code Section 8416

| Claimant | Property Liened (Property) |
|---|---|
| TIMEC Co. Inc. dba Transfield Services Americas Resources and Energy 1330 Post Oak Blvd, Ste 1250 Houston, Texas 77056 713-964-2800 | State of California County: Alameda County<br><br>6880 Smith Ave Newark, California 94560 |
| **Property Owner** (Owner) Evergreen Oil, Inc. 2415 Campus Drive, Ste 225 Irvine, California 92612 | Legal Property Description: Book: 92A Page: 2300 Parcel: 10 Sub-Parcel: 3 Census Tract / Block:4446.01/1 Map Reference:106-E2 / 772-F1 School District: NEWARK. As referenced in the Deed recorded on 04/12/1984 with Document # 70437. |

NOTICE IS HEREBY GIVEN that Claimant claims a lien for labor, service, equipment or
materials under Section 8416 et seq. of the Civil Code of the State of California, upon the
Property, above-described, and upon every estate or interest in such structures, improvements
and premises held by any party holding any estate therein. The labor, service, equipment or
materials were furnished for the construction of those certain buildings, improvements, or
structures, now upon that certain parcel of land above-described as the Property.



| Services: The lien is claimed for the following labor, services, equipment or materials:<br><br>Provided materials and labor, supervision, construction equipment, tools, supplies, temporary facilities, and similar labor and materials to provide building of piping work. | Amount Due: Amount due after deducting all just credits and offsets:<br><br>$6,089,326.68 | Hiring Party: Name and Address of person or entity to whom Claimant furnished labor, services, equipment and/or materials:<br><br>Evergreen Oil, Inc.<br>2415 Campus Drive, Ste 225<br>Irvine, California 92612 |
|---|---|---|

| I, the undersigned, as a disclosed and authorized agent of the Claimant, state that I have read the foregoing Claim of Lien, that I have been provided information regarding the facts and contents therein, and that based thereupon, I declare **under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**<br><br>Signed:<br><br><br><br>Claimant, by Authorized Agent<br>Print Name: Gretchen Lynn<br>Date: July 13, 2012 | Name of Claimant:<br>TIMEC Co. Inc. dba Transfield Services Americas Resources and Energy<br><br>Signed:<br><br><br><br>Claimant, by Authorized Agent<br>Print Name: Gretchen Lynn<br>Date: July 13, 2012 |
|---|---|

## NOTICE OF MECHANICS LIEN
## ATTENTION!

Upon the recording of the enclosed MECHANIC'S LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the Mechanic's Lien is recorded.

The party identified in the Mechanic's Lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a Mechanic's Lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the Mechanic's Lien is released.

**BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANIC'S LIENS GO TO THE CONTRACTORS' STATE LICENSE BOARD WEBSITE AT** www.cslb.ca.gov.

<u>**Affidavit of Delivery**</u>

Delivery on behalf of: TIMEC Co. Inc. dba Transfield Services Americas Resources and Energy
Re: *6880 Smith Ave, Newark, California 94560*
Item Delivered: Claim of Lien (Mechanics Lien)

<u>**Proof of Service Affidavit**</u>, California Civil Code § 3084 (a)(6), (c)(1)(A)

I, Gretchen Lynn, declare that on July 13, 2012, I delivered copies of the attached Mechanic's Lien and Notice of Mechanic's Lien to the property owner idenfied thereon at the address provided below, and in the delivery manner provided below. In addition to this delivery, or in the alternative to said delivery pursuant to California Code §3084(c)(1)(B) if delivery to the owner as required by §3084(c)(1)(A) could not be performed, I served / also served copies of the Mechanic's Lien and Notice of Mechanic's Lien to the following parties at the following addresses, and through the following method of delivery:

[ X ] **Property Owner / Public Entity**, Evergreen Oil, Inc.
    2415 Campus Drive, Ste 225
    Irvine, California 92612
    **By:** USPS Certified Mail with Return Receipt Requested, **No.** 7196 9008 9040 1056 0472

I declare under penalty of perjury that the foregoing is true and correct.

Signature
Agent for Claimant
Signed by: Gretchen Lynn
July 13, 2012

```
6560                                                                    ALAMEDA, CA
09/13/2012 01:22PM LNKV                                             PAGE 1 OF 5
ALAMEDA 2011-12 TAX ROLL          INVESTIGATIVE SEARCH RESULTS
```

CUSTOMER SERVICE REQUEST ONLY

PAYMENTS AS OF 09/07/2012

SEARCH PARAMETERS

ENTERED APN:    092A-2300-010-03

✓ APN:  092A-2300-010-03        TRACER #: 251843-00

TRA:    11-010 - CITY OF NEWARK            ACQ DATE: 04/12/1984            DOC#: 1984-070437
LEGAL: LOT: 00004 BLK: PM: 0083 PAGE: 0083
SITUS: 6880 SMITH AVE
MAIL:  6880 SMITH AVE NEWARK CA 94560

| ASSESSED OWNER(S) | | 2011-12 ASSESSED VALUES |
|---|---|---|
| EVERGREEN OIL | LAND | 1,153,553 |
| | IMPROVEMENTS | 9,570,749 |
| | PERSONAL PROPERTY | 6,534,381 |
| | TAXABLE | 17,258,683 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | **CANCELLED** | **CANCELLED** | |
| INSTALLMENT | 169,641.61 | 169,641.61 | 339,283.22 |
| PENALTY | .00 | .00 | .00 |
| BALANCE DUE | .00 | .00 | .00 |

| ASSESSMENT DETAIL | | | |
|---|---|---|---|
| LEGEND | TYPE | AMOUNT | DESCRIPTION OF ASSESSMENT(S) |
| 288 | SERVICE | 133,925.38 | UNION SANITARY DIST SEWER SERVICE |
| 505 | FLOOD | 1,651.32 | ALCO FLOOD CONTROL - BENEFIT ASSMT |
| 605 | WATER | 1,281.46 | CITY OF NEWARK CLEAN STORM WATER |
| 301 | PARAMEDIC | 161.22 | CO.SERV. AREA E.M. 1983-1(PARAMEDIC) |
| 311 | MISC ASSMT | 90.00 | PARAMEDIC SUPPLEMENT |
| 573 | MISC ASSMT | 46.92 | C.S.A. VECTOR CONTROL B |
| 574 | MISC ASSMT | 28.74 | ALCO MOSQUITO ABATE DIST. |
| 302 | PEST ABATE | 11.84 | CO.SERV. AREA V.C. 1984-1(VECTOR CONTROL) |
| 702 | LNDSCP/LTG | 5.44 | E.B. REGIONAL PARK DIST-L&L E.B. TRAILS |
| 300 | PEST ABATE | 1.74 | MOSQUITO ABATEMENT DISTRICT SPECIAL TAX |
| | | 137,184.06 | TOTAL OF SPECIAL ASSESSMENTS |

| ADDITIONAL PROPERTY INFORMATION | | | |
|---|---|---|---|

TAX RATE:     1.1710%        USE CODE:     43        FLOOD ZONE:     05
FLOOD RATE:

ALAMEDA, CA

**6560**

09/13/2012 01:22PM  LNKV

PAGE 2 OF 5

ALAMEDA  2011-12 TAX ROLL          INVESTIGATIVE SEARCH RESULTS

---

✓ **APN:  092A-2300-010-03        TRACER #: 251843-01**

TRA:   11-010 - CITY OF NEWARK                    AAB: 02/10
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2011-12 TAX YEAR                                      *** CORRECTED BILL ***

| ASSESSED OWNER(S) | | 2011-12 ASSESSED VALUES |
|---|---|---|
| EVERGREEN OIL | LAND | 1,153,553 |
| | IMPROVEMENTS | 1,344,266 |
| | PERSONAL PROPERTY | 6,534,381 |
| | TAXABLE | 9,032,200 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | DEFAULTED | DEFAULTED | |
| DELINQUENT DATE | 04/02/2012 | 04/10/2012 | |
| INSTALLMENT | 121,475.55 | 121,475.55 | 242,951.10 |
| PENALTY | 12,147.55 | 12,157.55 | 24,305.10 |
| BALANCE DUE | 133,623.10 | 133,633.10 | SEE REDEMPTION |

| ASSESSMENT DETAIL | | | |
|---|---|---|---|
| LEGEND | TYPE | AMOUNT | DESCRIPTION OF ASSESSMENT(S) |
| 286 | SERVICE | 133,925.38 | UNION SANITARY DIST SEWER SERVICE |
| 505 | FLOOD | 1,651.32 | ALCO FLOOD CONTROL - BENEFIT ASSMT |
| 605 | WATER | 1,261.46 | CITY OF NEWARK CLEAN STORM WATER |
| 301 | PARAMEDIC | 161.22 | CO.SERV. AREA E.M. 1983-1(PARAMEDIC) |
| 311 | MISC ASSMT | 90.00 | PARAMEDIC SUPPLEMENT |
| 573 | MISC ASSMT | 46.92 | C.S.A. VECTOR CONTROL B |
| 574 | MISC ASSMT | 28.74 | ALCO MOSQUITO ABATE DIST. |
| 302 | PEST ABATE | 11.84 | CO.SERV. AREA V.C. 1984-1(VECTOR CONTROL) |
| 702 | LNDSCP/LTG | 5.44 | E.B. REGIONAL PARK DIST-L&L E.B. TRAILS |
| 300 | PEST ABATE | 1.74 | MOSQUITO ABATEMENT DISTRICT SPECIAL TAX |
| | | 137,184.06 | TOTAL OF SPECIAL ASSESSMENTS |

| ADDITIONAL PROPERTY INFORMATION | | | |
|---|---|---|---|
| TAX RATE:      1.1710% | USE CODE:      43 | FLOOD ZONE:      05 | |
| FLOOD RATE: | | | |

---

✓ **APN:  092A-2300-010-03        TRACER #: 251843-07**

TRA:   11-010 - CITY OF NEWARK                    AAB: 04/12
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2011-12 TAX YEAR                                      *** ADDITIONAL BILL ***

| ASSESSED OWNER(S) | | 2011-12 ASSESSED VALUES |
|---|---|---|
| EVERGREEN OIL | LAND | 0 |
| | IMPROVEMENTS | 0 |
| | PERSONAL PROPERTY | 50,582,312 |
| | TAXABLE | 50,582,312 |

ALAMEDA, CA

6560

09/13/2012  01:22PM  LNKV
ALAMEDA  2011-12 TAX ROLL          INVESTIGATIVE SEARCH RESULTS

PAGE 3 OF 5

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | DEFAULTED | DEFAULTED | |
| DELINQUENT DATE | 05/31/2012 | 05/31/2012 | |
| INSTALLMENT | 300,358.82 | 300,358.82 | 600,717.64 |
| PENALTY | 30,035.88 | 30,045.88 | 60,081.76 |
| BALANCE DUE | 330,394.70 | 330,404.70 | SEE REDEMPTION |

**ADDITIONAL PROPERTY INFORMATION**

TAX RATE:      1.1710%      USE CODE:      43          FLOOD ZONE:      05
FLOOD RATE:

✓ APN:  092A-2300-010-03      TRACER #:  251843-15

TRA:    11-010 - CITY OF NEWARK          AAB: 04/12
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2011-12 TAX YEAR                                        *** ADDITIONAL BILL ***

| ASSESSED OWNER(S) | | 2011-12 ASSESSED VALUES |
|---|---|---|
| EVERGREEN OIL | LAND | 0 |
| | IMPROVEMENTS | 0 |
| | PERSONAL PROPERTY | 41,671,589 |
| | TAXABLE | 41,671,589 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | DEFAULTED | DEFAULTED | |
| DELINQUENT DATE | 05/31/2012 | 05/31/2012 | |
| INSTALLMENT | 238,861.54 | 238,861.54 | 477,723.08 |
| PENALTY | 23,886.15 | 23,896.15 | 47,782.30 |
| BALANCE DUE | 262,747.69 | 262,757.69 | SEE REDEMPTION |

**ADDITIONAL PROPERTY INFORMATION**

TAX RATE:      1.1464%      USE CODE:      43          FLOOD ZONE:      05
FLOOD RATE:

✓ APN:  092A-2300-010-03      TRACER #:  251843-25

TRA:    11-010 - CITY OF NEWARK          AAB: 04/12
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2011-12 TAX YEAR                                        *** ADDITIONAL BILL ***

| ASSESSED OWNER(S) | | 2011-12 ASSESSED VALUES |
|---|---|---|
| EVERGREEN OIL | LAND | 0 |
| | IMPROVEMENTS | 0 |
| | PERSONAL PROPERTY | 18,750,485 |
| | TAXABLE | 18,750,485 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | DEFAULTED | DEFAULTED | |
| DELINQUENT DATE | 05/31/2012 | 05/31/2012 | |
| INSTALLMENT | 106,371.50 | 106,371.50 | 212,743.00 |
| PENALTY | 10,637.15 | 10,647.15 | 21,284.30 |
| BALANCE DUE | 117,008.65 | 117,018.65 | SEE REDEMPTION |

**ALAMEDA, CA**

**6560**

09/13/2012 01:22PM  LNKV                                                PAGE 4 OF 5
ALAMEDA  2011-12 TAX ROLL         INVESTIGATIVE SEARCH RESULTS

| ADDITIONAL PROPERTY INFORMATION |
| --- |

| TAX RATE: | 1.1346% | USE CODE: | 43 | FLOOD ZONE: | 05 |
| --- | --- | --- | --- | --- | --- |
| FLOOD RATE: | | | | | |

✓ **APN:** 092A-2300-010-03     **TRACER #:** 251843-35

TRA:    11-010 - CITY OF NEWARK          AAB: 04/12
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2011-12 TAX YEAR                                          *** ADDITIONAL BILL ***

| ASSESSED OWNER(S) | 2011-12 ASSESSED VALUES |
| --- | --- |
| EVERGREEN OIL | LAND | 0 |
| | IMPROVEMENTS | 0 |
| | PERSONAL PROPERTY | 4,111,745 |
| | TAXABLE | 4,111,745 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
| --- | --- | --- | --- |
| STATUS | DEFAULTED | DEFAULTED | |
| DELINQUENT DATE | 05/31/2012 | 05/31/2012 | |
| INSTALLMENT | 23,589.08 | 23,589.08 | 47,178.16 |
| PENALTY | 2,358.90 | 2,368.90 | 4,727.80 |
| BALANCE DUE | 25,947.98 | 25,957.98 | SEE REDEMPTION |

| ADDITIONAL PROPERTY INFORMATION |
| --- |

| TAX RATE: | 1.1474% | USE CODE: | 43 | FLOOD ZONE: | 05 |
| --- | --- | --- | --- | --- | --- |
| FLOOD RATE: | | | | | |

**APN:** 092A-2300-010-03     **TRACER #:** 872450-00                     DATE: 05/2011

TRA:    11-010 - CITY OF NEWARK          EVENT DATE: 02/20/2010          DOC#: 08-000869
SITUS:  6880 SMITH AVE
MAIL:   6880 SMITH AVE NEWARK CA 94560
FOR 2009-2010 TAX YEAR                                          *** SUPPLEMENTAL BILL ***

| ASSESSED OWNER(S) | 2011-12 ASSESSED VALUES |
| --- | --- |
| EVERGREEN OIL | LAND | 0 |
| | IMPROVEMENTS | 8,165,000 |
| | TAXABLE | 8,165,000 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
| --- | --- | --- | --- |
| STATUS | **PAID W/ PEN | PAID | |
| PAYMENT DATE | 08/01/2011 | 10/28/2011 | |
| DELINQUENT DATE | 06/30/2011 | 10/31/2011 | |
| INSTALLMENT | 15,285.61 | 15,285.61 | 30,571.22 |
| PENALTY | 1,528.56 | 1,538.56 | 3,067.12 |
| BALANCE DUE | .00 | .00 | .00 |

| WARNINGS AND/OR COMMENTS |
| --- |

REASON:    NEW CONSTRUCTION



ALAMEDA, CA

**6560**

09/13/2012 01:22PM  LNKV
ALAMEDA  2011-12 TAX ROLL          INVESTIGATIVE SEARCH RESULTS

PAGE 5 OF 5

| ADDITIONAL PROPERTY INFORMATION |
|---|

| TAX RATE: | 1.1346% | USE CODE: | | FLOOD ZONE: | 05 |
|---|---|---|---|---|---|
| FLOOD RATE: | | | | | |

| APN: 092A-2300-010-03    TRACER #: 872451-00 | | DATE: 05/2011 |
|---|---|---|

TRA:  11-010 - CITY OF NEWARK          EVENT DATE: 02/20/2010          DOC#: 08-000869
SITUS: 6880 SMITH AVE
MAIL:  6880 SMITH AVE NEWARK CA 94560
FOR 2010-2011 TAX YEAR                                                    *** SUPPLEMENTAL BILL ***

| ASSESSED OWNER(S) | 2011-12 ASSESSED VALUES |
|---|---|

| EVERGREEN OIL | LAND | 0 |
|---|---|---|
| | IMPROVEMENTS | 4,165,000 |
| | TAXABLE | 4,165,000 |

| 2011-12 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | **PAID W/ PEN | PAID | |
| PAYMENT DATE | 08/01/2011 | 10/28/2011 | |
| DELINQUENT DATE | 06/30/2011 | 10/31/2011 | |
| INSTALLMENT | 23,873.78 | 23,873.78 | 47,747.56 |
| PENALTY | 2,387.37 | 2,397.37 | 4,784.74 |
| BALANCE DUE | .00 | .00 | .00 |

| WARNINGS AND/OR COMMENTS |
|---|

REASON:    NEW CONSTRUCTION

| ADDITIONAL PROPERTY INFORMATION |
|---|

| TAX RATE: | 1.1464% | USE CODE: | | FLOOD ZONE: | 05 |
|---|---|---|---|---|---|
| FLOOD RATE: | | | | | |

END OF SEARCH

CLSI
INFORMATION SERVICES
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

# INVOICE

PAGE   1

DW

| **Account#:**  3633 | **Date:**  09/12/2012 | **Invoice:**  164423-3609 |
|---|---|---|

| Regarding | Description | Amount |
|---|---|---|
| **REF #:** 5028<br><br>16540 SOUTH SAN PEDRO, CARSON, CA 90746 | **LOS ANGELES COUNTY, CALIFORNIA**<br><br>COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE) | $475.00 |

NJ

**TOTAL**    | $475.00 |

**REMIT THIS AMOUNT**

LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 CONSTELLATION BLVD, STE 1700
LOS ANGELES CA 90067 USA

**ATTENTION:** LINDSEY SMITH

This Invoice is due and payable 10 days from above date. Please return a copy with payment



2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825

www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

## SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633 | JOB NUMBER: 164423 |
| CONTACT: LINDSEY SMITH | DATE: 09/12/2012 |
| COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. | PAGE 1 OF 2 |
| CLIENT REFERENCE NUMBER:  5028 | SERVICE REP: DENA WEAVER/NJ |

### ENTITY NAME: 16540 SOUTH SAN PEDRO, CARSON, CA 90746

| | |
|---|---|
| **JURISDICTION: LOS ANGELES COUNTY, CALIFORNIA** | **TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE)** |

#### ASSESSOR TAX INFORMATION

| | |
|---|---|
| TAXES(YEAR) | 2011-2012 |
| TAX TYPE | COUNTY |
| INSTALLMENT 1 | $5,031.57 |
| STATUS | DELINQUENT |
| INSTALLMENT 2 | $5,041.57 |
| STATUS | DELINQUENT |
| LAND VALUATION | $594,641.00 |
| IMPROVEMENTS | $164,038.00 |

#### CURRENT VESTING

| | |
|---|---|
| DOCUMENT | GRANT DEED |
| DOCUMENT NUMBER | 20081157733 |
| DOCUMENT DATE | 06/19/2008 |
| RECORDED | 06/30/2008 |
| GRANTOR | RONALD S. KOHAGURA AND VIRGINIA E. KOHAGURA, TRUSTEES, OF THE KOHAGURA FAMILY LIVING TRUST |
| GRANTEE | EVERGREEN OIL, INC. |
| TRANSFER TAX | N/A |

#### LEGAL DESCRIPTION

PLEASE SEE EXHIBIT A ATTACHED HEREWITH FOR A COMPLETE LEGAL DESCRIPTION.

#### HISTORY

| | |
|---|---|
| DOCUMENT | GRANT DEED |

(Continued on next page...)

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825

www.clasinfo.com
TEL: 916.564.7800 / 800.952.5696
FAX: 916.564.7900

# SEARCH REPORT

| | |
|---|---|
| ACCOUNT NUMBER: 3633 | JOB NUMBER: 164423 |
| CONTACT: LINDSEY SMITH | DATE: 09/12/2012 |
| COMPANY: LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P. | PAGE 2 OF 2 |
| CLIENT REFERENCE NUMBER: 5028 | SERVICE REP: DENA WEAVER/NJ |

## ENTITY NAME: 16540 SOUTH SAN PEDRO, CARSON, CA 90746

| JURISDICTION: LOS ANGELES COUNTY, CALIFORNIA | TYPE OF SEARCH: COMMERCIAL OWNERSHIP & ENCUMBRANCES SEARCH (PRELIM TITLE) |
|---|---|

| HISTORY (Continued) | |
|---|---|
| DOCUMENT NUMBER | 20081157733 |
| DOCUMENT DATE | 06/19/2008 |
| RECORDED | 06/30/2008 |
| GRANTOR | RONALD S. KOHAGURA AND VIRGINIA E. KOHAGURA, TRUSTEES, OF THE KOHAGURA FAMILY LIVING TRUST |
| GRANTEE | EVERGREEN OIL, INC. |
| TRANSFER TAX | N/A |
| | |
| DOCUMENT | DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING |
| DOCUMENT NUMBER | 20111058098 |
| DOCUMENT DATE | 08/03/2011 |
| RECORDED | 08/08/2011 |
| TRUSTOR | EVERGREEN OIL, INC. |
| TRUSTEE | FIRST AMERICAN TITLE INSURANCE COMPANY |
| BENEFICIARY | GUGGENHEIM CORPORATE FUNDING, LLC |
| AMOUNT | $40,000,000.00 |
| | |

| ENCUMBRANCES |
|---|
| NOTHING ON FILE |

**PLEASE NOTE:**
PERTINENT PAGES ENCLOSED.

CL@S INFORMATION SERVICES PROVIDES THE ATTACHED SEARCH INFORMATION AND RELATED DOCUMENTS AS A SERVICE BASED UPON OUR CLIENT'S EXPLICIT INSTRUCTION AS TO THE NAME(S), PLACE(S), AND TYPE(S) OF LIEN(S). ALTHOUGH CL@S MAY SUGGEST NAME VARIATIONS, LOCATIONS TO SEARCH AND TYPES OF INDICES TO SEARCH, IT IS UNDERSTOOD THAT OUR CLIENTS ARE FULLY RESPONSIBLE FOR THE CONTENT OF THEIR INSTRUCTIONS. CL@S ACCEPTS NO RESPONSIBILITY FOR THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN GOVERNMENT INDICES. CL@S INFORMATION SERVICES' TOTAL LIABILITY FOR CLAIMS, DAMAGES AND CAUSES OF ACTION SHALL NOT EXCEED THE AMOUNT PAID BY YOU, IF ANY, FOR SUCH SERVICES.



**This page Is part of your document - DO NOT DISCARD**

 **20081157733** Pages: 004



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/30/08 AT 08:00AM

Fee: 28.00
Tax: NFPR
Other: 0.00
Total: NFPR

**Title Company**

## TITLE(S) : **DEED**

L E A D     S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.      **Number of AIN's Shown**

     **THIS FORM IS NOT TO BE DUPLICATED**

Description: Los Angeles,CA Document-Year.DocID 2008.1157733 Page: 1 of 4
Order: 27187 Comment:

**RECORDING REQUESTED BY**
LandAmerica Commercial ServicesLandAmerica
Commercial Services
**WHEN RECORDED MAIL THIS DOCUMENT**

Evergreen Oil, Inc
Attn. Legal Dept
2355 Main Street, Ste 230
Irvine, CA 92614

**MAIL TAX STATEMENTS TO.**

Evergreen Oil, Inc.
Attn: Accounting Dept.
2355 Main Street, Ste 230
Irvine, CA 92614

APN 6140-002-028
TRA 13354
Escrow No 09220784-911-J1D
Title No' 09220784



06/30/08

**20081157733**

Space above this line for Recorder's use

## GRANT DEED



TRANSFER TAX
NOT A PUBLIC RECORD

In accordance with Section 11932 of the California Revenue and Taxation Code, Grantor has declared the amount of the transfer tax which is due by a separate statement that is not being recorded with this Grant Deed.

**FOR A VALUABLE CONSIDERATION,** receipt of which is hereby acknowledged,

**Ronald S. Kohagura and Virginia E. Kohagura, Trustees, of the Kohagura Family Living Trust**

hereby GRANT(S) to

**Evergreen Oil, Inc., a California corporation**

all that certain real property situated in the City of  Carson, County of Los Angeles, State of California
See Exhibit A attached hereto and made a part hereof

Commonly known as  16540 South San Pedro Street, Carson, CA  90746

*(Remainder of page intentionally left blank, signatures appear on the following page)*

Dated  June 19, 2008

_Ronald S Kohagura_  TRUSTEE

Ronald S  Kohagura, Trustee of the Kohagura Family Living Trust

_Virginia E. Kohagura_  Trustee

Virginal E. Kohagure, Trustee of the Kohagura Family Living Trust

STATE OF CALIFORNIA

COUNTY OF  Los Angeles _____ } ss:

On  June 24, 2008 _____ , before me,  Barbara Guadagni _____ a Notary Public,
personally appeared  Ronald S. Kohagura  and  Virginia E. Kohagura _____ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _Barbara Guadagni_

FOR NOTARY SEAL OR STAMP



BARBARA GUADAGNI
Commission # 1697041
Notary Public - California
Los Angeles County
My Comm. Expires Oct 29, 2010

08  1157733

Exhibit A

All that certain real property situated in the County of Los Angeles, State of California, described as follows

Parcel 3 of Parcel Map No 2998, in the City of Carson, County of Los Angeles, State of California, as per map filed in Book 75, Page 5 of Parcel Maps, Records of said County

Except an undivided one-half of 100 percent of all oil, mineral, gas hydrocarbon and allied substances in said parcel of land, without right of entry above a depth of 500 feet from the surface thereof, being all of the interest in said mineral substances, reserved by Ann Mary Rehers, by deed recorded November 30, 1955, as Instrument No  1706, in Book 49664, Page 134, Official Records

Also except 1/20th of 100 percent reserved by Fred J  Rehers and one-twentieth of 100 percent reserved by Aloysius Rehers, of all oil, mineral, gas, hydrocarbon and allied substances in said parcel of land without right of entry above a depth of 500 feet from the surface thereof, by deed recorded December 7, 1955, in Book 49723, Page 164, Official Records

Also except therefrom the remaining interest of all oil, mineral, gas, hydrocarbon and allied substances in said parcel of land, without right of entry above a depth of 500 feet from the surface thereof, being all of the interest in said mineral substances as reserved in deed executed by John P  Marsh, et al, recorded April 4, 1956, as Instrument No  684, in Book 50789, Page 65, Official Records.

**This page is part of your document - DO NOT DISCARD**



# 20111058098



**Pages: 0028**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/08/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 136.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 136.00 |



**LEADSHEET**



201108080250002

00004499269



003436188

**SEQ:
11**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

R06

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 1 of 28
Order: 27187 Comment:



FIRST AMERICAN TITLE INSURANCE COMPANY
NATIONAL COMMERCIAL SERVICES
LOS ANGELES OFFICE

Recording requested by
and when recorded return to:

Haynes and Boone, LLP
Attn: Randy Browne
1221 McKinney Street
Suite 2100
Houston, Texas 77010

## DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

by

**EVERGREEN OIL, INC.,**
**a California corporation,**
**as Trustor**

to

**FIRST AMERICAN TITLE**
**INSURANCE COMPANY**
**as Trustee,**

in favor of

**GUGGENHEIM CORPORATE FUNDING, LLC,**
**a Delaware limited liability company**
**as Beneficiary, as administrative agent for:**
**ORPHEUS FUNDING LLC**
**SECURITY BENEFIT LIFE INSURANCE COMPANY**
**MIDLAND NATIONAL LIFE INSURANCE COMPANY**
**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE**
**GUGGENHEIM LIFE AND ANNUITY COMPANY**

**This document serves as a Fixture Filing under the California Uniform Commercial Code.**

**Trustor's Organizational identification Number is C1217969**

3

## DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

This DEED OF TRUST, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING (this *"Deed of Trust"*) is made as of the 3rd day of August, 2011, by EVERGREEN OIL, INC., a California corporation (herein referred to as *"Trustor"*), whose address is 2415 Campus Drive, Suite 225, Irvine, California 92612, to FIRST AMERICAN TITLE INSURANCE COMPANY (*"Initial Trustee"*), whose address 777 South Figueroa Street, 4th Floor, Los Angeles, California 90017, for the benefit of GUGGENHEIM CORPORATE FUNDING, LLC, a Delaware limited liability company, as administrative agent (*"Beneficiary"*), whose address is c/o Guggenheim Partners, 100 Wilshire Blvd., Suite 500, Santa Monica, California 90401.

### RECITALS

A.      Contemporaneously with the execution of this Deed of Trust, Trustor, Beneficiary and certain financial institutions party thereto (the *"Lenders"*) have executed that certain Amended and Restated Credit Agreement of even date herewith (the *"Loan Agreement"*), whereby the Lenders (i) refinanced Trustor's indebtedness incurred pursuant to that certain Credit Agreement dated as of June 1, 2006 by and among Trustor, as borrower, the lenders party thereto from time to time, and Bank of the West, a California banking corporation as administrative agent and issuing bank (the *"Prior Loan Agreement"*) and (ii) made additional extensions of credit to Trustor pursuant to the terms and conditions of the Loan Agreement.

B.      Trustor has requested that Beneficiary make the Loan (hereinafter defined) to Trustor. As a condition precedent to making the Loan, Beneficiary has required that Trustor execute and deliver this Deed of Trust to Trustee for the benefit of Beneficiary.

### GRANTS AND AGREEMENTS

Now, therefore, in order to induce Beneficiary to enter into the Loan Agreement and to make the Loan to Trustor, Trustor agrees as follows:

### ARTICLE I.
### DEFINITIONS

As used in this Deed of Trust, the terms defined in the Preamble and Recitals hereto shall have the respective meanings specified therein, and the following additional terms shall have the meanings specified:

"Accessories" means, to the extent used exclusively in connection with the Property, all fixtures, equipment, systems, machinery, furniture, furnishings, appliances, inventory, goods, building and construction materials, supplies and other articles of personal property, of every kind and character, tangible and intangible (including software embedded therein), now owned or hereafter acquired by Trustor, which are now or hereafter attached to or situated in, on or about the Land or Improvements, or used in or necessary to the complete and proper planning, development, use, occupancy or operation thereof, or acquired (whether delivered, to the Land or stored elsewhere) for use or installation in or on the Land or Improvements, and all Additions to the foregoing and replacements thereof, all of which are hereby declared to be permanent accessions to the Land.

"Accounts" means all accounts of Trustor, within the meaning of the Uniform Commercial Code of the State, derived from or arising out of the use, occupancy or enjoyment of the Property or for services rendered therein or thereon.

H-904096v1                                    1

*Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 3 of 28*
*Order: 27187 Comment:*

"Additions" means any and all alterations, additions, accessions and improvements to property (including, without limitation, the Land and Improvements), substitutions therefor, and renewals and replacements thereof.

"Casualty" means any act or occurrence of any kind or nature that results in damage, loss or destruction to the Real Property.

"Claim" means any liability, suit, action, claim, demand, loss, actual expense, penalty, fine, judgment or other cost of any kind or nature whatsoever, including actual and fees, costs and expenses of consultants, contractors and experts and reasonable attorneys' fees.

"Condemnation" means any taking of title to, use of, or any other interest in the Property under the exercise of the power of condemnation or eminent domain, or under the threat of same, whether temporarily or permanently, by any Governmental Authority or by any other Person acting under or for the benefit of a Governmental Authority.

"Condemnation Awards" means any and all judgments, awards of damages (including severance and consequential damages), payments, proceeds, settlements, amounts paid for a taking in lieu of Condemnation, or other compensation heretofore or hereafter made, including interest thereon, and the right to receive the same, as a result of, or in connection with any Condemnation or threatened Condemnation, in each case with respect to the Property.

"Contract of Sale" means an installment sale contract for the sale of all or any part of the Property or any interest therein, whether now in existence or hereafter executed.

"Default" means an event or circumstance which, with the giving of notice or lapse of time, or both, would constitute an Event of Default under the provisions of this Deed of Trust.

"Encumbrance" means any Lien, easement, right of way, roadway (public or private), condition, covenant or restriction (including any condition, covenant or restriction imposed in connection with any condominium development or cooperative housing development), Lease or other matter of any nature that adversely affects title to the Property.

"Environmental Agreement" means the Environmental Indemnification and Release Agreement dated as of September 30, 2009 by and between Trustor and Bank of the West, and originally pertaining to the Newark Property (as defined in Section 6.10), but as may be amended by the parties to apply to the Property, as well as the Newark Property, as the same may from time to time be extended, amended, restated, supplemented or otherwise modified, which has been assigned pursuant to the terms of that certain Loan Sale and Assignment Agreement of even date herewith, by and among Prior Agent, Beneficiary and the Lenders. The Environmental Agreement is one of the Loan Documents, but this Deed of Trust does not secure the obligations of Trustor under the Environmental Agreement, and wherever this Deed of Trust provides that it secures the "Loan Documents," such provisions shall expressly exclude the Environmental Agreement.

"Event of Default" means an event or circumstance specified in *Article VI* and the continuance of such event or circumstance is beyond the applicable grace and/or cure periods thereof, if any, set forth in *Article VI* or any event of default as set forth in the other Loan Documents.

"Expenses" means all actual, third-party out-of-pocket fees, charges, costs and expenses of any nature whatsoever incurred at any time and from time to time by Beneficiary or Trustee following the occurrence and during the continuance of an Event of Default in administering or modifying the Loan, in negotiating

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 4 of 28
Order: 27187 Comment:

or entering into any "workout" of the Loan, or in exercising or enforcing any rights, powers and remedies provided in this Deed of Trust or any of the other Loan Documents, including reasonable attorneys' fees, court costs, receiver's fees, management fees and costs incurred in the repair, maintenance and operation of, or taking possession of, or selling, the Property

"Governmental Authority" means any governmental or quasi-governmental entity, including any court, department, commission, board, bureau, agency, administration, service, district or other instrumentality of any governmental entity having jurisdiction over the Property

"Improvements" means all buildings, structures and other improvements now or hereafter existing, erected or placed on the Land, together with any off-site improvements owned by Trustor in any way used or to be used exclusively in connection with the use, enjoyment, occupancy or operation of the Land.

"Insurance Proceeds" means the insurance claims under and the proceeds of any and all policies of insurance covering the Property or any part thereof, including all returned and unearned premiums with respect to any insurance relating to such Property, in each case whether now or hereafter existing or arising.

"Land" means the real property described in Exhibit A attached hereto and made a part hereof

"Laws" means all federal, state and local laws, statutes, rules, ordinances, regulations, codes, licenses, authorizations, decisions, injunctions, interpretations, orders or decrees of any court or other Governmental Authority having jurisdiction over the Property as may be in effect from time to time.

"Leases" means all leases, license agreements and other occupancy or use agreements (whether oral or written), now or hereafter existing, which cover or relate to the Property or any part thereof, together with all options therefor, amendments thereto and renewals, modifications and guaranties thereof, including any cash or security deposited under the Leases to secure performance by the tenants of their obligations under the Leases, whether such cash or security is to be held until the expiration of the terms of the Leases or applied to one or more of the installments of rent coming due thereunder.

"Lien" means any mortgage, deed of trust, pledge, security interest, assignment, judgment, lien or charge of any kind, including any conditional sale or other title retention agreement, any lease in the nature thereof, and the filing of any financing statement under the Uniform Commercial Code of any jurisdiction.

"Loan" means collectively, the loan amount made pursuant to the terms of the Prior Loan Agreement in the original principal amount of $28,288,600, which was assigned to Beneficiary, as administrative agent, by the Assignment, and loans made pursuant to the Loan Agreement in the original principal amount of $11,711,400, for a total amount secured of $40,000,000.

"Loan Documents" means this Deed of Trust, the Note, the Environmental Agreement, the Loan Agreement, any application or reimbursement agreement executed in connection with any Letter of Credit, and any and all other documents which Trustor or any other party or parties have executed and delivered, or may hereafter execute and deliver, to evidence, secure or guarantee the Obligations, or any part thereof, as the same may from time to time be extended, amended, restated, supplemented or otherwise modified.

"Net Proceeds" when used with respect to any Condemnation Awards or Insurance Proceeds, means the gross proceeds from any Condemnation or Casualty remaining after payment of all expenses, including attorneys' fees, incurred in the collection of such gross proceeds

H-904096v1                                3

"<u>Note</u>" means collectively those five (5) certain Amended and Restated Promissory Notes of even date herewith, in the aggregate principal amount of the Loan executed by Trustor and payable to the parties for whom Beneficiary acts as administrative agent.

"<u>Notice</u>" means a notice, request, consent, demand or other communication given in accordance with the provisions of <u>Section 9.08</u> of this Deed of Trust.

"<u>Obligations</u>" means all present and future debts, obligations and liabilities of Trustor to Beneficiary and/or Trustee arising pursuant to the provisions of this Deed of Trust, the Note and any of the other Loan Documents, including the obligations: (a) to pay, all principal, interest, late charges, prepayment premiums (if any) and other amounts due at any time under the Note; (b) to pay all Expenses, indemnification payments, fees and other amounts due at any time under this Deed of Trust or any of the other applicable Loan Documents, together with interest thereon as herein or therein provided; (c) to perform, observe and comply with all of the other terms, covenants and conditions, express or implied, which Trustor is required to perform, observe or comply with pursuant to this Deed of Trust, the Loan Agreement or any of the other applicable Loan Documents; and (d) to pay and perform all future advances and other obligations that Trustor may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when a writing evidences the parties' agreement that the advance or obligation be secured by this Deed of Trust; <u>excluding</u>, however the debts, obligations and liabilities of Trustor under the Environmental Agreement and in respect of Equipment Loans (as defined in the Loan Agreement).

"<u>Permitted Encumbrances</u>" means (a) any matters set forth in the policy of title insurance issued to Beneficiary on or about the date hereof and insuring Beneficiary's interest in the Property, (b) the interests of this Deed of Trust and the other Loan Documents, as applicable, (c) Liens and Encumbrances in favor of Beneficiary or otherwise permitted by the Loan Documents, (d) any other Encumbrance that Beneficiary shall expressly approve in writing in its sole and absolute discretion, and (e) liens for taxes imposed by any Governmental Authority not yet due, payable or delinquent.

"<u>Person</u>" means an individual, a corporation, a partnership, a joint venture, a limited liability company, a trust, an unincorporated association, any Governmental Authority or any other entity.

"<u>Personalty</u>" means, to the extent used exclusively in connection with the Property, all personal property of any kind or nature whatsoever, whether tangible or intangible, now owned or hereafter acquired by Trustor or in which Trustor now has or hereafter acquires an interest and which is used in the construction of, or is placed upon, or is derived from or used in connection with the maintenance, use, occupancy or enjoyment of, the Property, including (a) the Accessories; (b) the Accounts; (c) all franchise, license, management or other agreements with respect to the operation of the Real Property or the business conducted therein and all general intangibles (including payment intangibles, trademarks, trade names, goodwill, software and symbols) related to the Real Property or the operation thereof; (d) all sewer and water taps, appurtenant water stock or water rights, allocations and agreements for utilities, bonds, letters of credit, permits, certificates, licenses, guaranties, warranties, causes of action, judgments, claims, profits, security deposits, utility deposits, and all rebates or refunds of fees, Taxes, assessments (including Property Assessments), charges or deposits paid to any Governmental Authority related to the Real Property or the operation thereof; (e) all insurance policies held by Trustor with respect to the Property or Trustor's operation thereof; and (f) all money, instruments and documents (whether tangible or electronic) arising from or by virtue of any transactions related to the Property, and all deposits and deposit accounts of Trustor with Beneficiary related to the Property, including any such deposit account from which Trustor may from time to time authorize Beneficiary to debit and/or credit payments due with respect to the Loan; together with all Additions to and Proceeds of all of the foregoing.

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 6 of 28
Order: 27187 Comment:                         --

"Proceeds" when used with respect to any of the Property, means all proceeds of such Property, including all Insurance Proceeds and all other proceeds within the meaning of that term as defined in the Uniform Commercial Code of the State.

"Property" means the Real Property and the Personalty and all other rights, interests and benefits of every kind and character which Trustor now has or hereafter acquires in, to or for the benefit of the Real Property and/or the Personalty and, to the extent used exclusively in connection with the foregoing, all other property and rights owned by Trustor and used or useful in connection therewith, including all Leases, all Rents, all Condemnation Awards, all Proceeds, and all of Trustor's right, title and interest in and to all Contracts of Sale.

"Property Assessments" means all Taxes, payments in lieu of Taxes, water rents, sewer rents, assessments, condominium and owner's association assessments and charges, maintenance charges and other governmental or municipal or public or private dues, charges and levies and any Liens (including federal tax liens) which are or may be levied, imposed or assessed upon the Property or any part thereof, or upon any Leases or any Rents, whether levied directly or indirectly or as excise taxes, as income taxes, or otherwise.

"Real Property" means the Land and Improvements, together with (a) all estates, title interests, title reversion rights, remainders, increases, issues, profits, rights-of-way or uses, Additions, accretions, servitudes, strips, gaps, gores, liberties, privileges, water rights, water courses, alleys, passages, ways, vaults, licenses, tenements, franchises, hereditaments, appurtenances, easements, rights of ingress or egress, parking rights, timber, crops, mineral interests and other rights, now or hereafter owned by Trustor and belonging or appertaining to the Land or Improvements; (b) all Claims whatsoever of Trustor with respect to the Land or Improvements, either in law or in equity, in possession or in expectancy; (c) all estate, right, title and interest of Trustor in and to all streets, roads and public places, opened or proposed, now or hereafter adjoining or appertaining to the Land or Improvements; and (d) all options to purchase the Land or Improvements, or any portion thereof or interest therein, and any greater estate in the Land or Improvements, and all Additions to and Proceeds of the foregoing.

"Rents" means all of the rents, royalties, issues, profits, revenues, earnings, income and other benefits of the Property, or arising from the use or enjoyment of the Property, including all such amounts paid under or arising from any of the Leases and all fees, charges, accounts or other payments for the use or occupancy of rooms or other public facilities within the Real Property.

"State" means the state in which the Land is located.

"Taxes" means all taxes and assessments, whether general or special, ordinary or extraordinary, or foreseen or unforeseen, which at any time may be assessed, levied, confirmed or imposed by any Governmental Authority or any community facilities or other private district on the Property.

"Transfer" means any direct or indirect sale, assignment, conveyance, or transfer of Trustor's interest in the Property, including any Leases and Contract of Sale, whether made voluntarily or by operation of Law or otherwise, and whether made with or without consideration.

"Trustee" means the Initial Trustee or its successor in trust who may be acting under and pursuant to this Deed of Trust from time to time.

## ARTICLE II.
## GRANTING CLAUSES; CONDITION OF GRANT

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 7 of 28
Order: 27187 Comment:

Section 2.01    Conveyances and Security Interests.    In order to secure the prompt payment and performance of the Obligations, Trustor (a) irrevocably and unconditionally grants, conveys, transfers and assigns to Trustee, in trust, for the benefit of Beneficiary, with power of sale and right of entry and possession, all estate, right, title and interest that Trustor now has or may later acquire in and to the Real Property; (b) grants to Beneficiary a security interest in the Personalty and Proceeds thereof; (c) assigns to Beneficiary, and grants to Beneficiary a security interest in, all Condemnation Awards and all Insurance Proceeds; and (d) assigns to Beneficiary, and grants to Beneficiary a security interest in, all of Trustor's right, title and interest in, but not any of Trustor's obligations or liabilities under, all Contracts of Sale. All Persons who may have or acquire an interest in all or any part of the Property will be deemed to have notice of, and will be bound by, the terms of the Obligations and each other agreement or instrument made or entered into in connection with each of the Obligations. Such documents include the Loan Agreement which provides that the interest rate on one or more of the Obligations may vary from time to time.

Section 2.02    Absolute Assignment of Leases and Rents.    In consideration of the making of the Loan by Beneficiary to Trustor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor absolutely and unconditionally grants, conveys, transfers and assigns the Leases and Rents to Beneficiary. This assignment is, and is intended to be, an unconditional, absolute and present assignment from Trustor to Beneficiary of all of Trustor's right, title and interest in and to the Leases and the Rents and not an assignment in the nature of a pledge of the Leases and Rents or the mere grant of a security interest therein. So long as no Event of Default shall exist, however, Trustor shall have a license (which license shall be suspended automatically and without notice upon the occurrence and during the continuance of an Event of Default) to collect, but not prior to accrual, all Rents. Trustor agrees to collect and hold all Rents in trust for Beneficiary and to use the Rents for the payment of the cost of operating and maintaining the Property and for the payment of the Obligations, in each case, to the extent then due, before using the Rents for any other purpose.

Section 2.03    Security Agreement, Fixture Filing and Financing Statement.    This Deed of Trust creates a security interest in the Personalty, and, to the extent the Personalty is not Real Property, this Deed of Trust constitutes a security agreement from Trustor to Beneficiary under the Uniform Commercial Code of the State. In addition to all of its other rights under this Deed of Trust and otherwise, Beneficiary shall have all of the rights of a secured party under the Uniform Commercial Code of the State, as in effect from time to time, or under the Uniform Commercial Code in force from time to time in any other state to the extent the same is applicable Law. This Deed of Trust shall be effective as a financing statement filed as a fixture filing with respect to all fixtures included within the Property and is to be filed for record in the real estate records of each county where any part of the Property (including such fixtures) is situated. This Deed of Trust shall also be effective as a financing statement with respect to any other Property as to which a security interest may be perfected by the filing of a financing statement and may be filed as such in any appropriate filing or recording office. The respective mailing addresses of Trustor and Beneficiary are set forth in the opening paragraph of this Deed of Trust. A carbon, photographic or other reproduction of this Deed of Trust or any other financing statement relating to this Deed of Trust shall be sufficient as a financing statement for any of the purposes referred to in this Section. Trustor hereby irrevocably authorizes Beneficiary at any time and from time to time to file any assignments of financing statements, initial financing statements, amendments or assignments thereto and continuation statements as authorized by applicable Law, reasonably required by Beneficiary to establish or maintain the validity, perfection and priority of the security interests granted in this Deed of Trust. The foregoing authorization includes Trustor's irrevocable authorization for Beneficiary at any time and from time to time to file any financing statements and amendments or assignments thereto that indicate the Personalty (a) as "all assets" of Trustor or words of similar effect, regardless of whether any particular asset comprised in the Personalty falls within the scope of the Uniform Commercial Code of the State or the jurisdiction where

H-904096v1                                6

the financing statements, amendments or assignments are filed, or (b) as being of an equal or lesser scope or with greater detail.

Section 2.04     Reconveyance of Deed of Trust and Termination of Assignments and Financing Statements. If and when Trustor has paid and performed all of the Obligations, and no further advances are to be made under the Loan Agreement, Trustee, upon request by Beneficiary, will provide a reconveyance, without warranty, of the Property from the Lien of this Deed of Trust and termination statements for filed financing statements, if any, to Trustor. Trustor shall be responsible for the recordation of such reconveyance and the payment of any recording and filing costs. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Upon the recording of such reconveyance and the filing of such termination statements, the absolute assignments set forth in this *Section 2.04* shall automatically terminate and become null and void. Five years after the recordation of the reconveyance, Trustee may destroy this Deed of Trust.

### ARTICLE III.
### REPRESENTATIONS AND WARRANTIES.

Trustor makes the following representations and warranties to Beneficiary as of the date hereof:

Section 3.01     Title to Real Property. Trustor (a) owns fee simple title to the Real Property, (b) owns all of the beneficial and equitable interest in and to the Real Property; and (c) is lawfully seized and possessed of the Real Property. Trustor has the right and authority to convey the Real Property and does hereby convey the Real Property in trust to Trustee. The Real Property is subject to no Encumbrances other than the Permitted Encumbrances.

Section 3.02     Title to Other Property. Trustor has good and marketable title to the Personalty, and the Personalty is not subject to any Encumbrance other than the Permitted Encumbrances. None of the Leases, Rents, or Contracts of Sale are subject to any Encumbrance other than the Permitted Encumbrances.

Section 3.03     Property Assessments. The Real Property is assessed for purposes of Property Assessments as parcels separate and distinct from any other property, such that the Real Property shall never become subject to the Lien of any Property Assessments levied or assessed against any property other than the Real Property.

Section 3.04     Independence of the Real Property. No buildings or other improvements on property not covered by this Deed of Trust rely on the Real Property or any interest therein to fulfill any requirement of any Governmental Authority for the existence of such property, building or improvements and none of the Real Property relies, or will rely, on any property not covered by this Deed of Trust or any interest therein to fulfill any requirement of any Governmental Authority. To Trustor's knowledge, the Real Property has been properly and legally subdivided from all other property in accordance with the requirements of any applicable Governmental Authorities.

Section 3.05     Existing Improvements. To Trustor's knowledge, the existing Improvements, if any, were constructed, and are being used, operated and maintained, in accordance with all applicable Laws, including zoning Laws.

Section 3.06     Leases and Tenants. To Trustor's knowledge, any Leases disclosed in writing to Beneficiary prior to the date hereof are valid and are in full force and effect, and Trustor is not in default under any of the terms thereof. Except as expressly permitted in the Loan Agreement, Trustor has not accepted any Rents in advance of the time the same became due under the Leases and has not forgiven,

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 9 of 28
Order: 27187 Comment:

compromised or discounted any of the Rents except as otherwise disclosed to Beneficiary. Trustor has title to and the right to assign the Leases and Rents to Beneficiary, and no other assignment of the Leases or Rents has been granted. To the best of Trustor's knowledge and belief, no tenant or tenants occupying, individually or in the aggregate, more than five percent (5%) of the net rentable area of the Improvements are in default under their Lease(s) or are the subject of any bankruptcy, insolvency or similar proceeding. Trustor shall not accept any Rents from tenants more than one month in advance of the date such Rents are due.



## ARTICLE IV.
## AFFIRMATIVE COVENANTS

Section 4.01      Obligations; Casualty and Condemnation; Receivership; Insurance.

(a)     Trustor agrees to promptly pay and perform all of the Obligations in all material respects, time being of the essence in each case.

(b)     Trustor shall give prompt notice to Beneficiary of any Casualty or any Condemnation or threatened Condemnation. Beneficiary is authorized, at its sole and absolute option, to commence, appear in and prosecute, in its own or Trustor's name, any action or proceeding relating to any Condemnation or Casualty, and to make proof of loss for and to settle or compromise any Claim in connection therewith, provided that Trustor has reasonably approved any such settlement. In such case, Beneficiary shall have the right to receive all Condemnation Awards and Insurance Proceeds, and may deduct therefrom any or all of its Expenses. Trustor agrees to assert its rights and remedies with respect to each Claim in a commercially reasonable manner and to promptly pursue the settlement and compromise of each Claim in a commercially reasonable manner subject to Beneficiary's approval, which approval shall not be unreasonably withheld or delayed. If, prior to the receipt by Beneficiary of any Condemnation Award or Insurance Proceeds, the Real Property shall have been sold pursuant to the provisions hereof, Beneficiary shall have the right to receive such funds (i) to the extent of any deficiency found to be due upon such sale with interest thereon (whether or not a deficiency judgment thereunder shall have been sought or recovered or denied), and (ii) to the extent necessary to reimburse Beneficiary for its Expenses. If any Condemnation Awards or Insurance Proceeds are paid to Trustor, Trustor shall receive the same in trust for Beneficiary. Within ten (10) days after Trustor's receipt of any Condemnation Awards or Insurance Proceeds, Trustor shall deliver such awards or proceeds to Beneficiary, in the form in which they were received, together with any endorsements or documents that may be necessary to effectively negotiate or transfer the same to Beneficiary. Trustor agrees to execute and deliver from time to time, upon the request of Beneficiary, such further reasonable instruments or documents as may be reasonably requested by Beneficiary to confirm the grant and assignment to Beneficiary of any Condemnation Awards or Insurance Proceeds.

(c)     Net Proceeds must be utilized either for payment of the Obligations secured hereby or for the restoration of the Real Property. Net Proceeds may be utilized for the restoration of the Real Property only if no Event of Default shall exist and only if in the reasonable judgment of Beneficiary (i) there has been no material adverse change in the financial viability of the construction or operation of the Real Property, (ii) the Net Proceeds, together with other funds deposited with Beneficiary for that purpose, are sufficient to pay the cost of the restoration pursuant to a budget and plans and specifications reasonably approved by Beneficiary, and (iii) the restoration can be completed prior to the maturity date for the Obligations secured hereby. Application or release of Net Proceeds to Beneficiary shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 10 of 28
Order: 27187 Comment:

(d)     If Net Proceeds are to be utilized for the restoration of the Real Property, the Net Proceeds, together with any other funds deposited with Beneficiary for that purpose, must be deposited in an account that is subject to a deposit account control agreement granting Beneficiary control (as defined in the Uniform Commercial Code) after an Event of Default, which account will be assigned to Beneficiary as additional security for the Obligations. Such account will be opened, managed and controlled in accordance with the terms of the deposit account control agreement referenced above.

(e)     Upon the occurrence and during the continuance of an Event of Default, Beneficiary may apply for appointment of a receiver for the Real Property and/or enter into possession of the Real Property and perform any and all Work and labor necessary to complete any construction and to employ watchmen to protect the Real Property and to operate the Real Property at the cost and expense of Trustor. All sums expended by Beneficiary for such purposes, unless from Net Proceeds, shall be deemed to have been advanced to Trustor under the Loan Agreement and shall be secured by the Real Property.

(f)     Trustor shall maintain insurance against Casualty to the Real Property under a policy or policies covering such risks as are presently included in "special form" (also known as "all risk") coverage, including such risks as are ordinarily insured against by similar businesses, but in any event including fire, lightning, and, to the extent reasonably requested by Beneficiary, windstorm, hail, explosion, riot, riot attending a strike, civil commotion, damage from aircraft, smoke, vandalism, malicious mischief and acts of terrorism. Such insurance shall name Beneficiary as mortgagee and loss payee. Unless otherwise agreed in writing by Beneficiary, such insurance shall be for the full insurable value of the Real Property, with a deductible amount, if any, satisfactory to Beneficiary. No policy of insurance shall be written such that the proceeds thereof will produce less than the minimum coverage required by this Section by reason of co-insurance provisions or otherwise. Trustor shall also maintain such other and further insurance as may be reasonably required from time to time by Beneficiary in order to comply with regular requirements and practices of Beneficiary in similar transactions including, if reasonably required by Beneficiary, flood insurance, wind insurance and earthquake insurance. Each policy of insurance shall be issued by an insurance company reasonably acceptable to Beneficiary and shall not be subject to cancellation without at least 30 days' prior written notice to Beneficiary. Trustor shall promptly pay all insurance premiums prior to the stated expiration date and deliver to Beneficiary at its request evidence reasonably satisfactory to Beneficiary of satisfaction of this requirement. Trustor shall provide an endorsement to Trustor's insurance policies evidencing the foregoing.

Section 4.02    Property Assessments; Documentary Taxes.  Trustor (a) will promptly pay in full and discharge all Property Assessments prior to delinquency, and (b) will furnish to Beneficiary, upon demand, the receipted bills for such Property Assessments. Property Assessments at least ten (10) days prior to the day upon which the same shall become delinquent. Property Assessments shall be considered delinquent as of the first day any interest or penalty commences to accrue thereon. Trustor will promptly pay all stamp, documentary, recordation, transfer and intangible Taxes and all other taxes that may from time to time be required to be paid with respect to the Loan, the Note, this Deed of Trust or any of the other Loan Documents.

Section 4.03    Permitted Contests.  Trustor shall not be required to pay any of the Property Assessments, or to comply with any Law, so long as Trustor shall in good faith, and at its cost and expense contest the amount or validity thereof, or take other appropriate action with respect thereto, in good faith and in an appropriate manner or by appropriate proceedings; provided that (a) such proceedings operate to prevent the collection of, or other realization upon, such Property Assessments or enforcement of the Law so

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 11 of 28
Order: 27187 Comment:

contested, (b) there will be no sale, forfeiture or loss of the Property during the contest, (c) neither Beneficiary nor Trustee is subjected to any Claim as a result of such contest, and (d) Trustor provides assurances satisfactory to Beneficiary (including the establishment of an appropriate reserve account with Beneficiary, not to exceed 125% of such contested amount) of its ability to pay such Property Assessments or comply with such Law in the event Trustor is unsuccessful in its contest. Each such contest shall be promptly prosecuted to final conclusion or settlement, and Trustor shall indemnify and save Beneficiary and Trustee harmless against all Claims in connection therewith. Promptly after the settlement or conclusion of such contest or action, Trustor shall comply with such Law and/or pay and discharge the amounts which shall be levied, assessed or imposed or determined to be payable, together with all penalties, fines, interest, costs and expenses in connection therewith.

Section 4.04    Compliance with Laws.  Trustor will comply with and not violate in any material respect, and cause to be complied with and not violated in any material respect, all present and future Laws applicable to the Property and its use and operation, and shall comply with all Laws in all material respects requiring any alterations or improvements to be made thereon.

Section 4.05    Maintenance and Repair of the Property.  Subject to the provisions herein and in the Loan Documents relating to Casualty and Condemnation, Trustor, at Trustor's sole expense, will (a) keep and maintain Improvements and Accessories in good condition, working order and repair, (b) make all necessary or appropriate repairs and Additions to Improvements and Accessories, so that each part of the Improvements and all of the Accessories shall at all times be in good condition and fit and proper for the respective purposes for which they are currently intended and (c) complete or restore promptly and in good workmanlike manner any Improvements which may be constructed, damaged or destroyed on the Property and shall pay when due all claims for labor performed and materials furnished therefor. Trustor shall not to commit or permit physical waste on the Property and shall not commit, suffer or permit any act upon said property in violation of any applicable law. Notwithstanding the foregoing, Trustor shall only be required to repair or restore the Property following a Casualty or Condemnation if Beneficiary makes the Net Proceeds available to Trustor.

Section 4.06    Additions to Security.  All right, title and interest of Trustor in and to all Improvements and Additions hereafter constructed or placed on the Property and in and to any Accessories hereafter acquired shall, without any further deed of trust, conveyance, assignment or other act by Trustor, become subject to the Lien of this Deed of Trust as fully and completely, and with the same effect, as though now owned by Trustor and specifically described in the granting clauses hereof. Trustor agrees, however, to execute and deliver to Trustee and/or Beneficiary such further documents as may be required by the terms of the Loan Agreement and the other Loan Documents.

Section 4.07    Subrogation.  To the extent permitted by Law, Beneficiary shall be subrogated, notwithstanding its release of record, to any Lien now or hereafter existing on the Property to the extent that such Lien is paid or discharged by Beneficiary whether or not from the proceeds of the Loan. This Section shall not be deemed or construed, however, to obligate Beneficiary to pay or discharge any Lien.

Section 4.08    Leases.

(a)    Except as expressly permitted in the Loan Agreement, Trustor shall not enter into any Lease with respect to all or any portion of the Property without the prior written consent of Beneficiary.

(b)    Neither Trustee nor Beneficiary shall be obligated to perform or discharge any obligation of Trustor under any Lease. The assignment of Leases provided for in this Deed of Trust in no manner places on Beneficiary or Trustee any responsibility for (i) the control, care,

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 12 of 28
Order: 27187 Comment:

management or repair of the Property, (ii) the carrying out of any of the terms and conditions of the Leases, (iii) any waste committed on the Property, (iv) any dangerous or defective condition on the Property (whether known or unknown) or (v) the return of any security deposit that was not paid to Beneficiary, in each case except to the extent due to Beneficiary's or Trustee's fraud, willful misconduct or gross negligence.

(c)  No approval of any Lease by Beneficiary shall be for any purpose other than to protect Beneficiary's security and to preserve Beneficiary's rights under the Loan Documents, and no such approval shall result in a waiver of a Default or Event of Default.

## ARTICLE V.
### NEGATIVE COVENANTS

Section 5.01  Encumbrances. Trustor will not permit any of the Property to become subject to any Encumbrance other than the Permitted Encumbrances. Within thirty (30) days after the filing of any materialman's or mechanic's lien or other Lien or Encumbrance against the Property which is not a Permitted Encumbrance, Trustor will promptly discharge the same by payment or filing a bond or otherwise as permitted by Law. So long as Beneficiary's security has been protected by the filing of a bond or otherwise in a manner satisfactory to Beneficiary in its sole and absolute discretion, Trustor shall have the right to contest in good faith any Claim, Lien or Encumbrance, provided that Trustor does so diligently and without prejudice to Beneficiary. Trustor shall promptly give Beneficiary Notice of any default under any Lien and Notice of any foreclosure or threat of foreclosure with respect to any of the Property.

Section 5.02  Transfer of the Property. Trustor will not Transfer or contract to Transfer, directly or indirectly, all or any part of the Property or any legal or beneficial interest therein (except for certain Transfers of the Accessories expressly permitted in this Deed of Trust and Transfers of inventory in the ordinary course of business). The Transfer of the general partnership interest in Trustor, if Trustor is a general partnership, or the Transfer of any of the stock in Trustor (whether in one or more transactions during the term of the Loan), directly or indirectly, or a change in control of Trustor, directly or indirectly, shall be deemed to be a prohibited Transfer of the Property. For purposes hereof, a "change in control" shall mean a change of 25% or more, cumulatively, of the voting control of Trustor, or a change of 25%, cumulatively, of the economic interests in Trustor, whether directly or indirectly.

Section 5.03  Removal, Demolition or Alteration of Accessories and Improvements. Except to the extent permitted by the following sentence, no Improvements or Accessories shall be removed, demolished or materially altered without the prior written consent of Beneficiary. Trustor may remove and dispose of, free from the Lien of this Deed of Trust, such Accessories as from time to time become worn out or obsolete, provided that, either (a) at the time of, or prior to, such removal, any such Accessories are replaced with other Accessories which are free from Liens other than Permitted Encumbrances and have a value at least equal to that of the replaced Accessories (and by such removal and replacement Trustor shall be deemed to have subjected such replacement Accessories to the Lien of this Deed of Trust), or (b) so long as a prepayment may be made without the imposition of any premium pursuant to the Loan Agreement, such Accessories are sold at fair market value for cash and the net cash proceeds received from such disposition are paid over promptly to Beneficiary to be applied to the prepayment of the principal of the Loan.

**SECTION 5.04  Additional Improvements. TRUSTOR WILL NOT CONSTRUCT ANY IMPROVEMENTS WITHOUT THE PRIOR WRITTEN CONSENT OF BENEFICIARY. TRUSTOR WILL CONSTRUCT AND ERECT ANY PERMITTED IMPROVEMENTS (A) IN ACCORDANCE WITH ALL APPLICABLE LAWS AND ANY PRIVATE RESTRICTIVE**

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 13 of 28
Order: 27187 Comment:

**COVENANTS IN ALL MATERIAL RESPECTS, (B) ENTIRELY ON LOTS OR PARCELS OF THE LAND, (C) SO AS NOT TO ENCROACH UPON ANY EASEMENT OR RIGHT-OF-WAY OR UPON THE LAND OF OTHERS.**

Section 5.05      Restrictive Covenants, Zoning, etc.   Without the prior written consent of Beneficiary, Trustor will not initiate, join in, or consent to any change in, any restrictive covenant, easement, zoning ordinance, or other public or private restrictions limiting or defining the uses which may be made of the Property, Trustor (a) will promptly perform and observe, and cause to be performed and observed, all of the terms and conditions of all agreements affecting the Property, and (b) will do or cause to be done all things necessary to preserve intact and unimpaired any and all easements, appurtenances and other interests and rights in favor of, or constituting any portion of, the Property.

## ARTICLE VI..
## EVENTS OF DEFAULT

The occurrence or happening, from time to time, of any one or more of the following shall constitute an Event of Default under this Deed of Trust, subject in all respects to any applicable cure rights and cure periods set forth in the Loan Agreement:

Section 6.01      Payment Obligations.   (a) Trustor fails to pay any of the Obligations when due, whether on the scheduled due date or upon acceleration, maturity or otherwise. (b) Trustor fails to pay when due any monetary amounts which Trustor is obligated to pay under this Deed of Trust (including, without limitation, any Property Assessments or sums owed to with respect to labor and material provided to the Property.)

Section 6.02      Transfers.   Trustor Transfers, or contracts to Transfer, all or any part of the Property or any legal or beneficial interest therein (except for Transfers of the Accessories expressly permitted under this Deed of Trust). The Transfer of the general partnership interest in Trustor, if Trustor is a general partnership, or the Transfer of any of the stock in Trustor (whether in one or more transactions during the term of the Loan), or any other transfers prohibited by *Section 5.02* shall be deemed to be a prohibited Transfer of the Property constituting an Event of Default.Other Obligations.   Trustor fails to promptly perform or comply with any of the Obligations set forth in this Deed of Trust (other than those expressly described in other Sections of this *Article VI*), and such failure continues uncured for a period of thirty (30) days after Notice from Beneficiary to Trustor, unless (a) such failure, by its nature, is not capable of being cured within such period, and (b) within such period, Trustor commences to cure such failure and thereafter diligently prosecutes the cure thereof, and (c) Trustor causes such failure to be cured no later than ninety (90) days after the date of such Notice from Beneficiary.

Section 6.04      Event of Default Under Other Loan Documents.   An Event of Default (as defined therein) occurs under the Note or the Loan Agreement, or Borrower fails to promptly pay, perform, observe or comply with any obligation or agreement contained in any of the other Loan Documents (within any applicable grace or cure period).

Section 6.05      [Reserved]

Section 6.06      Default Under Leases.   Trustor fails duly to perform its obligations under any Lease, and such failure is not cured within the grace period, if any, provided in the Lease.

Section 6.07      Default Under Other Lien Documents.   A default occurs under any other mortgage, deed of trust or security agreement covering the Property, including any Permitted Encumbrances.

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 14 of 28
Order: 27187 Comment:



**Section 6.08 Execution; Attachment.** Any execution or attachment is levied against any of the Property, and such execution or attachment is not set aside, discharged or stayed within thirty (30) days after the same is levied.

**Section 6.09. Insurance.** Any insurance that Trustor is obligated to provide hereunder is cancelled or lapses.

**Section 6.10 Cross-Default.** Any breach or default, and after the expiration of any applicable cure period, by Trustor under that certain Amended and Restated Deed of Trust, Assignment, Security Agreement and Fixture Filing of even date herewith and being recorded concurrently herewith in the official records of Alameda County, made by Trustor in favor of Trustee for the benefit of Beneficiary, encumbering the Property located at 6880 Smith Avenue, City of Newark, County of Alameda, State of California (the *"Newark Property"*) and any other real property described in Exhibit A to such Amended and Restated Deed of Trust, Assignment, Security Agreement and Fixture Filing.

### ARTICLE VII.
### RIGHTS AND REMEDIES

Upon the occurrence and during the continuance of any Event of Default, Beneficiary, or Trustee at the direction of Beneficiary, shall have the right, in addition to any other rights or remedies available to Beneficiary under, any of the Loan Documents or applicable Law, subject in all respects to any applicable cure rights and cure periods set forth in the Loan Agreement, to exercise any one or more of the following rights, powers or remedies:

**Section 7.01 Acceleration.** Beneficiary may accelerate all Obligations under the Loan Documents whereupon such Obligations shall become immediately due and payable, without notice of default, notice of acceleration or intention to accelerate; presentment or demand for payment, protest, notice of protest, notice of nonpayment or dishonor, or notices or demands of any kind or character (all of which are hereby expressly waived by Trustor).

**Section 7.02 Foreclosure; Power of Sale.** Trustee, if and as directed by Beneficiary, shall have all of the rights and may exercise all of the powers set forth in applicable Law of the State, including those powers set forth in Sections 2924 et seq. and Section 2938 of the California Civil Code or any successor provision of Law. Trustee may sell the Property in its entirety or in parcels, and by one or by several sales, as deemed appropriate by Trustee in its sole and absolute discretion. If Trustee chooses to have more than one foreclosure sale, Trustee may cause the foreclosure sales to be held simultaneously or successively, on the same day, or on such different days and at such different times as Trustee may elect. Trustee shall receive and apply the proceeds from the sale of the Property, or any portion thereof, in accordance with Section 2924k of the California Civil Code or any successor provision of Law. Before any foreclosure sale, Beneficiary or Trustee shall give such notice of default and election to sell as may be required by Law. After the lapse of such time as may then be required by Law following the recordation of such notice of default, and notice of sale having been given as then required by Law, Trustee shall sell the property being sold at a public auction to be held at the time and place specified in the notice of sale. Neither Trustee nor Beneficiary shall have any obligation to make demand on Trustor before any foreclosure sale. From time to time in accordance with then-applicable Law, Trustee may, and in any event at Beneficiary's request shall, postpone any foreclosure sale by public announcement at the time and place noticed for that sale. At any foreclosure sale, Trustee shall sell to the highest bidder at public auction for cash in lawful money of the United States (or cash equivalents acceptable to Trustee to the extent permitted by applicable Law), payable at the time of sale. Trustee shall execute and deliver to the purchaser(s) a deed or deeds conveying the property being sold without any covenant or warranty whatsoever, expressed or implied. The recitals in any such deed of any matters of fact, including any facts

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 15 of 28
Order: 27187 Comment:



bearing upon the regularity or validity of any foreclosure sale, shall be conclusive proof of their truthfulness, absent manifest error. Any such deed shall be conclusive against all Persons as to the facts recited therein. Any Person, including Trustee or Beneficiary, may purchase at such sale, and any bid by Beneficiary may be, in whole or in part, in the form of cancellation of all or any part of the Obligations.

Section 7.03   Judicial Action. Beneficiary and Trustee, if and as directed by Beneficiary, shall have the right to bring an action in any court of competent jurisdiction for foreclosure of this Deed of Trust and a deficiency judgment as provided by Law, or for specific enforcement of any of the covenants or agreements of this Deed of Trust.

Section 7.04   Collection of Rents. Upon the occurrence and during the continuance of an Event of Default, the license granted to Trustor to collect the Rents shall be automatically and immediately suspended, without further notice to or demand upon Trustor. Upon the occurrence and during the continuance of an Event of Default, Beneficiary may, but shall not be obligated to, exercise any or all of the rights and remedies provided in Section 2938 of the California Civil Code and perform any or all obligations of the landlord under any or all of the Leases, and Beneficiary may, but shall not be obligated to, exercise and enforce any or all of Trustor's rights under the Leases. Without limiting the generality of the foregoing, upon the occurrence and during the continuance of an Event of Default Beneficiary may notify the tenants under the Leases that all Rents are to be paid to Beneficiary, and following such notice and while any Event of Default exists all Rents shall be paid directly to Beneficiary and not to Trustor or any other Person other than as directed by Beneficiary, it being understood that a demand by Beneficiary on any tenant under the Leases for the payment of Rent shall be sufficient to warrant payment by such tenant of Rent to Beneficiary without the necessity of further consent by Trustor. Trustor hereby irrevocably authorizes and directs the tenants under the Leases to pay all Rents to Beneficiary instead of to Trustor following the occurrence and during the continuance of an Event of Default, upon receipt of written notice from Beneficiary, without the necessity of any inquiry of Trustor and without the necessity of determining the existence, or non-existence of an Event of Default. Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact with full power of substitution, which appointment shall take effect upon the occurrence and during the continuance of an Event of Default and is coupled with an interest and is irrevocable prior to the full and final payment and performance of the Obligations, in Trustor's name or in Beneficiary's name: (a) to endorse all checks and other instruments received in payment of Rents and to deposit the same in any account selected by Beneficiary; (b) to give receipts, and releases in relation thereto; (c) to institute, prosecute and/or settle actions for the recovery of Rents; (d) to modify the terms of any Leases including terms relating to the Rents payable thereunder; (e) to cancel any Leases; (f) to enter into new Leases; and (g) to do all other acts and things with respect to the Leases and Rents which Beneficiary may deem necessary or desirable to protect the security for the Obligations. Any Rents received shall be applied first to pay all Expenses and next in reduction of the other Obligations. Trustor shall pay, on demand, to Beneficiary, the amount of any deficiency between (i) the Rents received by Beneficiary, and (ii) all Expenses incurred together with interest thereon as provided in the Loan Agreement and the other Loan Documents.

Section 7.05   Taking Possession or Control of the Property. As a matter of right without regard to the adequacy of the security, and to the extent permitted by Law without notice to Trustor, Beneficiary shall be entitled, upon application to a court of competent jurisdiction, to the immediate appointment of a receiver for all or any part of the Property and the Rents, whether such receivership may be incidental to a proposed sale of the Property or otherwise, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, in reduction of the Obligations, and in such order as Beneficiary may determine, and Trustor hereby consents to the appointment of such a receiver and agrees that such receiver shall have all of the rights and powers granted to Beneficiary pursuant to Section 7.04. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 16 of 28
Order: 27187 Comment:

or invalidate any act done pursuant to such notice. In addition, to the extent permitted by Law, and with or without the appointment of a receiver, or an application therefor, Beneficiary may (a) enter upon, and take possession of (and Trustor shall surrender actual possession of), the Property or any part thereof, without notice to Trustor and without bringing any legal action or proceeding, or, if necessary by force, legal proceedings, ejectment or otherwise, and (b) remove and exclude Trustor and its agents and employees therefrom.

Section 7.06    Management of the Property.  Upon obtaining possession of the Property or upon the appointment of a receiver, as described in Section 7.05, Beneficiary, Trustee or the receiver, as the case may be, may, at its sole option, (a) make all necessary or proper repairs and Additions to or upon the Property, (b) operate, maintain, control, make secure and preserve the Property, and (c) complete the construction of any unfinished Improvements on the Property and, in connection therewith, continue any and all outstanding contracts for the erection and completion of such Improvements and make and enter into any further contracts which may be necessary, either in their or its own, name or in the name of Trustor (the costs of completing such improvements shall be Expenses secured by this Deed of Trust and shall accrue interest as provided in the Loan Agreement and the other Loan Documents). Beneficiary, Trustee or such receiver shall be under no liability for, or by reason of, any such taking of possession, entry, holding, removal, maintaining, operation or management of the Property, except for gross negligence, willful misconduct or fraud. The exercise of the remedies provided in this Section shall not cure or waive any Event of Default, and the enforcement of such remedies, once commenced, shall continue for so long as Beneficiary shall elect, notwithstanding the fact that the exercise of such remedies may have, for a time, cured the original Event of Default.

Section 7.07    Uniform Commercial Code.  Beneficiary may proceed under the Uniform Commercial Code as to all or any part of the Personalty, and in conjunction therewith may exercise all of the rights, remedies and powers of a secured creditor under the Uniform Commercial Code. Upon the occurrence and during the continuance of any Event of Default, upon the request of Beneficiary, Trustor shall assemble all of the Accessories and make the same available within the Improvements. Any notification required by the Uniform Commercial Code shall be deemed reasonably and properly given if sent in accordance with the Notice provisions of this Deed of Trust at least ten (10) days before any sale or other disposition of the Personalty. Disposition of the Personalty shall be deemed commercially reasonable if made pursuant to a public sale advertised at least twice in a newspaper of general circulation in the community where the Property is located. It shall be deemed commercially reasonable for the Trustee to dispose of the Personalty without giving any warranties as to the Personalty and specifically disclaiming all disposition warranties. Alternatively, Beneficiary may choose to dispose of some or all of the Property, in any combination consisting of both Personalty and Real Property, in one sale to be held in accordance with the Law and procedures applicable to real property, as permitted by Article 9 of the Uniform Commercial Code of the State. Trustor agrees that such a sale of Personalty together with Real Property constitutes a commercially reasonable sale of the Personalty.

Section 7.08    Application of Proceeds.  Unless otherwise provided by applicable Law, all proceeds from the sale of the Property or any part thereof pursuant to the rights and remedies set forth in this *Article VII* and any other proceeds received by Beneficiary from the exercise of any of its other rights and remedies hereunder or under the other Loan Documents shall be applied first to pay all Expenses and next in reduction of the other Obligations, in such manner and order as Beneficiary may elect.

Section 7.09    Other Remedies.  Beneficiary shall have the right from time to time to protect, exercise and enforce any legal or equitable remedy against Trustor provided under the Loan Documents or by applicable Laws.

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 17 of 28
Order: 27187 Comment:

## ARTICLE VIII.
## TRUSTEE

Section 8.01    Liability of Trustee.    Trustee shall have no liability or responsibility for, and make no warranties in connection with, the validity or enforceability of any of the Loan Documents or the description, value or status of title to the Property. Trustee shall be protected in acting upon any notice, request, consent, demand, statement, note or other paper or document reasonably believed by Trustee to be genuine and to have been signed by the party or parties purporting to sign the same. Trustee shall not be liable for any error of judgment, nor for any act done or step taken or omitted, nor for any mistakes of law or fact, nor for anything which Trustee may do or refrain from doing in good faith, nor generally shall Trustee have any accountability hereunder except for willful misconduct, gross negligence fraud or breach of this Deed of Trust. The powers and duties of Trustee hereunder may be exercised through such attorneys, agents or servants as Trustee may appoint, and Trustee shall have no liability or responsibility for any act, failure to act, negligence or willful conduct of such attorney, agent or servant, so long as the selection was made with reasonable care. In addition, Trustee may consult with legal counsel selected by Trustee, and Trustee shall have no liability or responsibility by reason of any act or failure to act in accordance with the opinions of such counsel. Trustee may act hereunder and may sell or otherwise dispose of the Property or any part thereof as herein provided, although Trustee has been, may now be or may hereafter be, an attorney, officer, agent or employee of Beneficiary, in respect of any matter or business whatsoever. Trustee, however, shall have no obligation to sell all or any part of the Property following the occurrence and during the continuance of an Event of Default or to take any other action authorized to be taken by Trustee hereunder except upon the demand of Beneficiary.

Section 8.02    Indemnification of Trustee.    Trustor agrees to indemnify Trustee and to hold Trustee harmless from and against any and all Claims and Expenses directly or indirectly incurred by Trustee arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the Property or the Loan, including but not limited to any Claim arising out of or resulting from any assertion or allegation that Trustee is liable for any act or omission of Trustor or any other Person in connection with the ownership, development, financing, operation or sale of the Property; provided, however, that Trustor shall not be obligated to indemnify Trustee with respect to any Claim arising from the gross negligence, willful misconduct, fraud or breach of this Deed of Trust by Trustee, it attorneys, agents or servants. The agreements and indemnifications contained in this Section shall apply to Claims arising both before and after the repayment of the Loan and shall survive the repayment of the Loan, any foreclosure or deed, conveyance or, assignment in lieu thereof and any other action by Trustee to enforce the rights and remedies of Beneficiary or Trustee hereunder or under the other Loan Documents.

Section 8.03    Substitution of Trustee; Multiple Trustees.    Beneficiary shall have, and is hereby granted with warranty of further assurances, the irrevocable power to appoint a new or replacement, or substitute, Trustee, at Beneficiary's sole cost and expense. Such power may be exercised at any time without notice, without cause and without specifying any reason therefor, by filing for record in the office where this Deed of Trust is recorded a Substitution of Trustee. The power of appointment of a successor Trustee may be exercised as often as and whenever Beneficiary may choose, and the exercise of the power of appointment, no matter how often, shall not be an exhaustion thereof. Upon the recordation of such Substitution of Trustee, the Trustee so appointed shall thereupon, without any further act or deed of conveyance, become fully vested with identically the same title and estate in and to the Property and with all the rights, powers, trusts and duties of its predecessor in the trust hereunder with like effect as if originally named as Trustee hereunder. Whenever in this Deed of Trust reference is made to Trustee, it shall be construed to mean each Person appointed as Trustee for the time being, whether original or successor in trust. All title, estate, rights, powers, trusts and duties granted to Trustee shall be in each

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 18 of 28
Order: 27187 Comment:

Person appointed as Trustee so that any action hereunder by any Person appointed as Trustee shall for all purposes be deemed to be, and as effective as, the action of all Trustees.

## ARTICLE IX.
## MISCELLANEOUS

Section 9.01    Rights, Powers and Remedies Cumulative.    Each right, power and remedy of Beneficiary or Trustee as provided for in this Deed of Trust, or in any of the other Loan Documents or now or hereafter existing by Law, shall be cumulative and concurrent and shall be in addition to every other right, power or remedy provided for in this Deed of Trust, or in any of the other Loan Documents or now or hereafter existing by Law, and the exercise or beginning of the exercise by Beneficiary or Trustee of any one or more of such rights, powers or remedies shall not preclude the simultaneous or later exercise by Beneficiary or Trustee of any or all such other rights, powers or remedies.

Section 9.02    No Waiver by Beneficiary or Trustee.    No course of dealing or conduct by or among Beneficiary, Trustee and Trustor shall be effective to amend, modify or change any provisions of this Deed of Trust or the other Loan Documents. No failure or delay by Beneficiary or Trustee to insist upon the strict performance of any term, covenant or agreement of this Deed of Trust or of any of the other Loan Documents, or to exercise any right, power or remedy consequent upon a breach thereof, shall constitute a waiver of any such term, covenant or agreement or of any such breach, or preclude Beneficiary or Trustee from exercising any such right, power or remedy at any later time or times. By accepting payment after the due date of any of the Obligations, neither Beneficiary nor Trustee shall be deemed to waive the right either to require prompt payment when due of all other Obligations, or to declare an Event of Default for failure to make prompt payment of any such other Obligations. Neither Trustor nor any other Person now or hereafter obligated for the payment of the whole or any part of the Obligations shall be relieved of such liability by reason of (a) the failure of Beneficiary to comply with any request of Trustor or of any other Person to take action to foreclose this Deed of Trust or otherwise enforce any of the provisions of this Deed of Trust, or (b) any agreement or stipulation between any subsequent owner or owners of the Property and Beneficiary, or (c) Beneficiary's extending the time of payment or modifying the terms of this Deed of Trust or any of the other Loan Documents without first having obtained the consent of Trustor or such other Person. Regardless of consideration, and without the necessity for any notice to or consent by the holder of any subordinate Lien on the Property, Beneficiary may release any Person at any time liable for any of the Obligations or any part of the security for the Obligations and may extend the time of payment or otherwise modify the terms of this Deed of Trust or any of the other Loan Documents without in any way impairing or affecting the Lien of this Deed of Trust or the priority of this Deed of Trust over any subordinate Lien. The holder of any subordinate Lien shall have no right to terminate any Lease regardless of whether or not such Lease is subordinate to this Deed of Trust. Beneficiary may resort to the security or collateral described in this Deed of Trust or any of the other Loan Documents in such order and manner as Beneficiary may elect in its sole discretion.

Section 9.03    Waivers and Agreements Regarding Remedies.    To the fullest extent permitted by law, Trustor hereby:

(a)    agrees that it will not at any time plead, Claim or take advantage of any Laws now or hereafter in force providing for any appraisement, valuation, stay, extension or redemption, and waives and releases all rights of redemption, valuation, appraisement, stay of execution, extension and notice of election to accelerate the Obligations;

(b)    waives all rights to a marshalling of the assets of Trustor, including the Property, or to a sale in the inverse order of alienation in the event of a foreclosure of the Property, and agrees not to assert any right under any Law pertaining to the marshalling of assets, the sale in

H-904096v1                                    17

inverse order of alienation, the exemption of homestead, the administration of estates of decedents, or other matters whatsoever to defeat, reduce or affect the right of Beneficiary under the terms of this Deed of Trust to a sale of the Property without any prior or different resort for collection, or the right of Beneficiary to, the payment of the Obligations out of the proceeds of sale of the Property in preference to every other claimant whatsoever;

(c)   waives any right to bring or utilize any defense, counterclaim (other than mandatory counterclaims) or setoff. If any defense, counterclaim or setoff is raised in a foreclosure action other than in respect of a mandatory counterclaim, such defense, counterclaim or setoff shall be dismissed. If such defense, counterclaim or setoff is based on a Claim which could be tried in an action for money damages, such Claim may be brought in a separate action which shall not thereafter be consolidated with the foreclosure action. The bringing of such separate action for money damages shall not be deemed to afford any grounds for staying the foreclosure action; and

(d)   waives and relinquishes any and all rights and remedies which Trustor may have or be able to assert by reason of the provisions of any Laws pertaining to the rights and remedies of sureties.

Section 9.04    Successors and Assigns. All of the grants, covenants, terms, provisions and conditions of this Deed of Trust shall run with the Land and shall apply to and bind the successors and assigns of Trustor (including any permitted subsequent owner of the Property), and inure to the benefit of Beneficiary, its successors and assigns and to the successors in trust of Trustee.

Section 9.05    No Warranty by Beneficiary or Trustee. By inspecting the Property or by accepting or approving anything required to be observed, performed or fulfilled by Trustor or to be given to Beneficiary or Trustee pursuant to this Deed of Trust or any of the other Loan Documents, Beneficiary and Trustee shall not be deemed to have warranted or represented the condition, sufficiency, legality, effectiveness or legal effect of the same, and such acceptance or approval shall not constitute any warranty or representation with respect thereto by Beneficiary or Trustee.

Section 9.06    Amendments. This Deed of Trust may not be modified or amended except by an agreement in writing, signed by the party against whom enforcement of the change is sought.

Section 9.07    Severability. In the event any one or more of the provisions of this Deed of Trust or any of the other Loan Documents shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any other respect, or in the event any one or more of the provisions of the Loan Documents operates or would prospectively operate to invalidate this Deed of Trust or any of the other Loan Documents, then and in either of those events, at the option of Beneficiary, such provision or provisions only shall be deemed null and void and shall not affect the validity of the remaining Obligations, and the remaining provisions of the Loan Documents shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

Section 9.08    Notices. All Notices required or which any party desires to give hereunder or under any other Loan Document shall be in writing and, unless otherwise specifically provided in such other Loan Document, shall be deemed sufficiently given or furnished if delivered by personal delivery, by nationally recognized overnight courier service or by certified United States mail, postage prepaid, addressed to the party to whom directed at the applicable address specified in the Preamble and Recitals to this Deed of Trust (unless changed by similar notice in writing given by the particular party whose address is to be changed) or by facsimile (with confirmation of delivery and provided that Notice is also given by overnight courier service). Any Notice shall be deemed to have been given either at the time of personal

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 20 of 28
Order: 27187 Comment:

delivery or, in the case of courier or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or, in the case of facsimile, upon receipt; provided that service of a Notice required by any applicable statute shall be considered complete when the requirements of that statute are met. Notwithstanding the foregoing, no notice of change of address shall be effective except upon actual receipt. This Section shall not be construed in any way to affect or impair any waiver of notice or demand provided in this Deed of Trust or in any other Loan Document or to require giving of notice or demand to or upon any Person in any situation or for any reason.

$2\,|$

Section 9.09   [Reserved]

Section 9.10   Rules of Construction.  The words "hereof," "herein," "hereunder," "hereto," and other words of similar import refer to this Deed of Trust in its entirety. The terms "agree" and "agreements" mean and include "covenant" and "covenants." The words "include" and "including" shall be interpreted as if followed by the words "without limitation." The headings of this Deed of Trust are for convenience of reference only and shall not be considered a part hereof and are not in any way intended to define, limit or enlarge the terms hereof. All references (a) made in the neuter, masculine or feminine gender shall be deemed to have been made in all such genders, (b) made in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well, (c) to the Loan Documents are to the same as extended, amended, restated, supplemented or otherwise modified from time to time unless expressly indicated otherwise, (d) to the Land, Improvements, Personalty, Real Property or Property shall mean all or any portion of each of the foregoing, respectively, and (e) to Articles or Sections are to the respective Articles or Sections contained in this Deed of Trust unless expressly indicated otherwise. Any term used or defined in the Uniform Commercial Code of the State, as in effect from time to time, which is not defined in this Deed of Trust shall have the meaning ascribed to that term in the Uniform Commercial Code of the State. If a term is defined in Article 9 of the Uniform Commercial Code of the State differently than in another Article of the Uniform Commercial Code of the State, the term shall have the meaning specified in *Article 9.*

Section 9.11   Governing Law.  INSOFAR AS PERMITTED BY OTHERWISE APPLICABLE LAW, THIS DEED OF TRUST AND THE OBLIGATIONS SECURED HEREBY SHALL BE CONSTRUED UNDER AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK (EXCLUDING CHOICE OF LAW AND CONFLICT OF LAW RULES); PROVIDED, HOWEVER, THAT WITH RESPECT TO PROPERTY ENCUMBERED HEREBY, THE LAWS OF THE STATE OF THE PLACE IN WHICH SUCH PROPERTY IS SITUATED (AND STATE LAW MADE APPLICABLE AS A MATTER OF FEDERAL LAW) SHALL APPLY TO THE EXTENT OF PROCEDURAL AND SUBSTANTIVE MATTERS RELATING ONLY TO THE CREATION, PERFECTION, FORECLOSURE OF LIENS AND ENFORCEMENT OF RIGHTS AND REMEDIES AGAINST THE PROPERTY ENCUMBERED HEREBY.

Section 9.12   Entire Agreement.  The Loan Documents constitute the entire understanding and agreement between Trustor and Beneficiary with respect to the transactions arising in connection with the Loan, and supersede all prior written or oral understandings and agreements between Trustor and Beneficiary with respect to the matters addressed in the Loan Documents. In particular, and without limitation, the terms of any commitment by Beneficiary to make the Loan are merged into the Loan Documents. Except as incorporated in writing into the Loan Documents, there are no representations, understandings, stipulations, agreements or promises, oral or written, with respect to the matters addressed in the Loan Documents. THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES HERETO.

Section 9.13   [Reserved]

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 21 of 28
Order: 27187 Comment:

Section 9.14     [Reserved]

Section 9.15     Environmental Agreement.  Notwithstanding the fact that the Environment Agreement is a 
Loan Document, it is expressly agreed that this Deed of Trust does not secure the Environmental Agreement
nor does it secure any other Loan Document that is expressly stated to be unsecured in such Loan
Document.

[Signature Page(s) Follow]

Description: Los Angeles,CA Document-Year.DocID 2011.1058098 Page: 22 of 28
Order: 27187 Comment:

IN WITNESS WHEREOF, Trustor has caused this Deed of Trust to be executed as of the day and year first written above.

23

TRUSTOR:

EVERGREEN OIL, INC.

By: _____
Name: _____
Title: _____

*Signature Page*
*Deed of Trust, Assignment, Security Agreement*
*and Fixture Filing*

## ACKNOWLEDGMENT

*24*

STATE OF CALIFORNIA       §
                             §
COUNTY OF *ORANGE*       §

On the 2 day of *August*, 20 11, before me, *T.J. Levens* a Notary Public, personally appeared *Jacob Vooro*, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

```
T. J. LEVENS
Commission # 1867068
Notary Public - California
Orange County
My Comm. Expires Oct 28, 2013
```

*Acknowledgment Page*
*Deed of Trust,*
*Assignment, Security Agreement and Fixture Filing*

*25*

## EXHIBIT A

PARCEL A:

THAT PORTION OF LOT 4 IN RANGE 3 OF THE BEAUDRY AND HAYWARD TRACT, IN THE
RANCHO SAN PEDRO, IN THE CITY OF CARSON, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 4, PAGE 348, OF MISCELLANEOUS RECORDS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY LINE OF SAID WESTERLY LINE OF SAID LOT 4,
DISTANT THEREON NORTH 11° WEST 336.18 FEET FROM THE SOUTHWESTERLY CORNER
THEREOF;
THENCE NORTH 11° WEST 554.90 FEET ALONG SAID WESTERLY LINE;
THENCE NORTH 87° 54' EAST 397.50 FEET PARALLEL WITH THE SOUTHERLY LINE OF SAID
LOT;
THENCE SOUTH 11° EAST 554.90 FEET PARALLEL WITH SAID WESTERLY LINE;
THENCE SOUTH 87° 54' WEST 397.50 FEET PARALLEL WITH SAID SOUTHERLY LINE TO THE
POINT OF BEGINNING.

EXCEPT THAT PORTION OF SAID LAND LOT DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY LINE OF SAID LOT, DISTANT THEREON NORTH 11°
WEST 366.54 FEET FROM THE SOUTHWESTERLY CORNER THEREOF;
THENCE NORTH 11° WEST 318 FEET ALONG SAID WESTERLY LINE;
THENCE NORTH 87° 54' EAST 175 FEET;
THENCE SOUTH 11° EAST 298 FEET PARALLEL WITH SAID WESTERLY LINE;
THENCE SOUTH 38° 27' WEST 26 FEET TO A LINE THAT BEARS NORTH 87° 54' EAST FROM THE
POINT OF BEGINNING;
THENCE SOUTH 87° 54' WEST 155 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPT THE NORTHERLY 20 FEET OF SAID LAND, CONVEYED TO THE COUNTY OF LOS
ANGELES, FOR PUBLIC ROAD AND HIGHWAY PURPOSES BY DEED RECORDED IN BOOK 6721,
PAGE 1, OF DEEDS, RECORDS OF SAID COUNTY.

ALSO EXCEPT THE FOLLOWING THREE PARCELS DESCRIBED IN DEED TO COUNTY OF LOS
ANGELES, RECORDED IN BOOK D-3832, PAGE 927, OFFICIAL RECORDS, IN BOOK D-3897, PAGE
5, OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

THOSE PORTIONS OF LOT 4, RANGE 3, PORTION OF THE SAN PEDRO RANCHO KNOWN AS
BEAUDRY, DOWNEY AND HAYWOOD TRACT, AS SHOWN ON MAP RECORDED IN BOOK 4, PAGE
348, OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE RECORDER OF LOS ANGELES,
WITHIN THE FOLLOWING DESCRIBED BOUNDARIES:

1

PARCEL 1:

COMMENCING AT THE INTERSECTION OF A LINE PARALLEL WITH AND 30 FEET EASTERLY MEASURED AT RIGHT ANGLES FROM THE EASTERLY LINE OF LOT 18, BASSETT TRACT, AS SHOWN ON MAP RECORDED IN BOOK 2, PAGE 44 OF MAPS, IN THE OFFICE OF SAID RECORDER, WITH THE CENTER LINE OF GARDENA BOULEVARD (FORMERLY PALM AVENUE) 40 FEET WIDE, AS SHOWN ON SAID LAST MENTIONED MAP, SAID EASTERLY LINE BEING THE WESTERLY LINE OF AVALON BOULEVARD (FORMERLY WILMINGTON AND LOS ANGELES ROAD) 60 FEET WIDE AS SHOWN ON SAID LAST MENTIONED MAP;
THENCE EASTERLY ALONG A STRAIGHT LINE WHICH PASSES THROUGH THE INTERSECTION OF THE WESTERLY BOUNDARY OF TRACT NO. 27737, AS SHOWN ON MAP RECORDED IN BOOK 707, PAGE(S) 85, 86 AND 87 OF SAID MAPS, WITH A LINE PARALLEL WITH AND 30 FEET NORTHERLY, MEASURED AT RIGHT ANGLES FROM THE NORTHERLY LINE OF LOT 58, SAID LAST MENTIONED TRACT, A DISTANCE OF 162.29 FEET;
THENCE SOUTHERLY AT RIGHT ANGLES FROM SAID STRAIGHT LINE TO A POINT IN THE SOUTHERLY LINE OF THAT CERTAIN 20 FOOT STRIP OF LAND DESCRIBED IN DEED TO COUNTY OF LOS ANGELES FOR GARDENA BOULEVARD (FORMERLY PALM AVENUE), RECORDED ON AUGUST 05, 1918, IN BOOK 6721, PAGE 1, OF DEEDS, IN THE OFFICE OF SAID RECORDER, SAID POINT BEING THE TRUE POINT OF BEGINNING;
THENCE CONTINUING SOUTHERLY AT RIGHT ANGLES FROM SAID STRAIGHT LINE 20.60 FEET TO A LINE PARALLEL WITH AND 40 FEET SOUTHERLY MEASURED AT RIGHT ANGLES FROM SAID STRAIGHT LINE;
THENCE WESTERLY ALONG SAID LAST MENTIONED PARALLEL LINE 108.76 FEET TO THE BEGINNING OF A CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 25 FEET;
THENCE TO SAID LAST MENTIONED PARALLEL LINE AND REVERSE AT THE SOUTHERLY TERMINUS THEREOF TO A CURVE CONCAVE TO THE WEST, HAVING A RADIUS OF 1550 FEET, TANGENT TO A LINE PARALLEL WITH AND 80 FEET EASTERLY MEASURED AT RIGHT ANGLES FROM SAID EASTERLY LINE AND TANGENT TO A LINE PARALLEL WITH AND 50 FEET EASTERLY MEASURED AT RIGHT ANGLES FROM THAT CERTAIN COURSE DESCRIBED AS HAVING A LENGTH OF 1396.17 FEET IN THE CENTER LINE OF THAT CERTAIN 80 FOOT STRIP OF LAND DESCRIBED IN DEED TO COUNTY OF LOS ANGELES FOR AVALON BOULEVARD (FORMERLY SOUTH PARK AVENUE) RECORDED ON OCTOBER 02, 1925, IN BOOK 5148, PAGE 182, OF SAID OFFICIAL RECORDS;
THENCE SOUTHWESTERLY ALONG SAID 25 FOOT RADIUS CURVE 23.96 FEET
THENCE A LINE PARALLEL WITH AND 60 FEET EASTERLY, MEASURED AT RIGHT ANGLES, FROM SAID EASTERLY LINE;
THENCE NORTHERLY ALONG SAID LAST MENTIONED PARALLEL LINE 3.185 FEET TO SAID SOUTHERLY LINE OF GARDENA BOULEVARD;
THENCE EASTERLY ALONG SAID LAST MENTIONED BOULEVARD, 129.02 FEET TO SAID TRUE POINT OF BEGINNING.

PARCEL 2:

BEGINNING AT THE INTERSECTION OF THE SOUTHERLY LINE OF THAT CERTAIN 20 FOOT STRIP OF LAND DESCRIBED IN DEED TO COUNTY OF LOS ANGELES, FOR GARDENA BOULEVARD (FORMERLY PALM AVENUE), RECORDED ON AUGUST 05, 1918, IN BOOK 6721,

PAGE 1 OF DEEDS, IN THE OFFICE OF SAID RECORDER, WITH THE EASTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED AS PARCEL 7-16 IN LIS PENDENS,
RECORDED DECEMBER 13, 1966, AS INSTRUMENT NO. 2137, IN BOOK M-2413,
PAGE 423, OFFICIAL RECORDS, IN THE OFFICE OF SAID RECORDER;
THENCE SOUTHERLY ALONG SAID EASTERLY LINE 20.60 FEET TO THE SOUTHEASTERLY CORNER OF SAID CERTAIN PARCEL OF LAND;
THENCE EASTERLY ALONG THE EASTERLY PROLONGATION OF THE STRAIGHT LINE IN THE SOUTHERLY BOUNDARY OF SAID CERTAIN PARCEL OF LAND 54.17 FEET TO THE EASTERLY LINE OF THAT CERTAIN PARCEL OF LAND, DESCRIBED A PARCEL 2 IN DEED TO HELLMUT BAUM, ET UX., RECORDED ON JANUARY 30, 1963, AS INSTRUMENT NO. 895, IN BOOK-2903, PAGE 179, OF SAID OFFICIAL RECORDS;
THENCE NORTHERLY ALONG SAID LAST MENTIONED EASTERLY LINE 20.75 FEET TO SAID SOUTHERLY LINE;
THENCE WESTERLY ALONG SAID BOULEVARD 51.04 FEET TO THE POINT OF BEGINNING.

2

PARCEL 3:

$27$

BEGINNING AT THE INTERSECTION OF THE EASTERLY LINE OF THAT CERTAIN PARCEL OF
LAND DESCRIBED AS PARCEL 2 IN DEED TO HELLMUT BAUM, ET UX., RECORDED ON JANUARY
30, 1963, AS INSTRUMENT NO. 895, IN BOOK D-1903, PAGE 179, OFFICIAL RECORDS, IN THE
OFFICE OF SAID RECORDER, WITH THE SOUTHERLY LINE OF THAT CERTAIN 20 FOOT STRIP
OF LAND DESCRIBED IN DEED TO COUNTY OF LOS ANGELES, FOR GARDENA BOULEVARD,
(FORMERLY PALM AVENUE), RECORDED ON AUGUST 05, 1918, IN BOOK 6721, PAGE 1, OF
DEEDS, IN THE OFFICE OF SAID RECORDER:
THENCE EASTERLY ALONG SAID BOULEVARD, 142.44 FEET TO THE
WESTERLY LINE OF THAT CERTAIN PARCEL OF LAND DESCRIBED IN DEED TO ROBERT
SKVARNA, ET UX., RECORDED ON JANUARY 22, 1954, AS INSTRUMENT NO. 633, IN BOOK D-
2331, PAGE 222, OF SAID OFFICIAL RECORDS;
THENCE SOUTHERLY ALONG SAID WESTERLY LINE 20.47 FEET TO THE EASTERLY
PROLONGATION OF THE STRAIGHT LINE IN THE SOUTHERLY BOUNDARY OF THAT CERTAIN
PARCEL OF LAND DESCRIBED AS PARCEL 7-16 IN LIS PENDENS, RECORDED ON DECEMBER 13,
1966, AS INSTRUMENT NO. 2137, IN BOOK M-2413, PAGE 423, OF SAID OFFICIAL RECORDS;
THENCE WESTERLY ALONG SAID EASTERLY PROLONGATION 142.40 FEET TO SAID EASTERLY
LINE;
THENCE NORTHERLY ALONG SAID EASTERLY LINE 20.75 FEET TO THE POINT OF BEGINNING.

EXCEPT THAT PORTION OF SAID LAND LYING NORTHERLY OF THE FOLLOWING DESCRIBED
LINE:

BEGINNING AT A POINT ON THE EASTERLY LINE OF SAID LAND, DISTANT THEREON NORTH
11° WEST 273.72 FEET FROM THE SOUTHEAST CORNER OF SAID LAND; THENCE SOUTH 85°
24' WEST TO THE EASTERLY LINE OF THE LAND DESCRIBED IN DEED TO HENRY T EWEN,
RECORDED ON APRIL 4, 1956 AS INSTRUMENT NO.684 IN BOOK 50789 PAGE 65 OF OFFICIAL
RECORDS OF SAID COUNTY; THENCE SOUTHERLY, SOUTHWESTERLY AND WESTERLY ALONG
THE EASTERLY, SOUTHEASTERLY AND SOUTHERLY LINES OF SAID LAND TO EWEN TO THE
WESTERLY LINE OF SAID LOT 4.

EXCEPT AN UNDIVIDED ONE-HALF OF 100 PERCENT OF ALL OIL, MINERALS, GAS,
HYDROCARBONS AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND WITHOUT RIGHT OF
ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BEING ALL OF THE
INTEREST IN SAID MINERAL SUBSTANCES RESERVED BY ANNA MARY REHARS, BY DEED
RECORDED NOVEMBER 30, 1955, AS INSTRUMENT NO. 1706, IN BOOK 49664, PAGE 134,
OFFICIAL RECORDS.

ALSO EXCEPT 1/20TH OF 100 PERCENT RESERVED BY FRED J. REHARS, AND 120THS OF 100
PERCENT RESERVED BY ALOYSIUS REHARS, OF ALL OIL, MINERAL, GAS, HYDROCARBON AND
ALLIED SUBSTANCES IN SAID PARCEL OF LAND WITHOUT RIGHT OF ENTRY, ABOVE A DEPTH
OF 500 FEET FROM THE SURFACE THEREOF, BY DEED RECORDED DECEMBER 7, 1955, IN BOOK
49723, PAGE 164, OF OFFICIAL RECORDS.

ALSO EXCEPT THE INTEREST IN THE OIL, MINERAL, GAS, HYDROCARBON OR ALLIED
SUBSTANCES THEREIN OR THEREUNDER EXCEPTED OR RESERVED IN THE DEED FROM JOHN
P. MARSH TO STEPHEN J. PEDLEY, RECORDED NOVEMBER 20, 1961 AS INSTRUMENT NO. 1406
OF OFFICIAL RECORDS.

ALSO EXCEPT ALL OIL, MINERALS, GAS, HYDROCARBON AND ALLIED SUBSTANCES THEREIN
OR THEREON, WITHOUT RIGHT OF SURFACE ENTRY ABOVE A DEPTH OF 500 FEET BELOW THE
SURFACE OF SAID LAND, AS RESERVED IN DEED RECORDED OCTOBER 20, 1969, IN BOOK D-
4530, PAGE 474, OFFICIAL RECORDS.

THAT PORTION OF SAN PEDRO STREET, 60 FEET WIDE, VACATED BY RESOLUTION NO.73-103
OF THE CITY COUNCIL OF THE CITY OF CARSON, A CERTIFIED COPY THEREOF BEING
RECORDED ON JUNE 15, 1973, AS INSTRUMENT NO. 5253, IN BOOK D-5910, PAGE 661,
OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING
NORTHERLY OF THE WESTERLY PROLONGATION OF THE NORTHERLY LINE OF THE LAND
DESCRIBED IN DEED RECORDED JANUARY 20, 1959, AS INSTRUMENT NO. 1604, IN OFFICIAL
RECORDS, IN THE OFFICE OF SAID COUNTY RECORDER.

PARCEL B:

THAT PORTION OF LOT 4 IN RANGE 3 OF THE BEAUDRY DOWNEY AND HAYWARD TRACT, IN THE RANCHO SAN PEDRO, IN THE CITY OF CARSON, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4, PAGE 348, OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE WESTERLY LINE OF SAID LOT 4, THAT IS DISTANT THEREON NORTH 11° 00' WEST 366.54 FEET FROM THE SOUTHWESTERLY CORNER OF SAID LOT;
THENCE ALONG SAID WESTERLY LINE, NORTH 11° 00' 00" WEST 66.63 FEET;
THENCE NORTH 87° 54' 00" EAST 175.00 FEET;
THENCE PARALLEL WITH SAID WESTERLY LINE, SOUTH 11° 00' 00" EAST 46.63 FEET;
THENCE SOUTH 38° 27' 00" WEST 26.00 FEET TO A LINE THAT BEARS NORTH 87° 54' 00" EAST FROM THE POINT OF BEGINNING;
THENCE SOUTH 87° 54' 00" WEST 155.00 FEET TO THE POINT OF BEGINNING.

EXCEPT AN UNDIVIDED ONE-HALF OF 100 PERCENT OF ALL OIL, MINERAL, GAS, HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND, WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF BEING ALL OF THE INTEREST IN SAID MINERAL SUBSTANCES, RESERVED BY ANN MARY REHERS, BY DEED RECORDED NOVEMBER 30, 1955, AS INSTRUMENT NO. 1706, IN BOOK 49664, PAGE 134, OFFICIAL RECORDS.

ALSO EXCEPT ONE-TWENTIETH OF 100 PERCENT RESERVED BY FRED J. REHERS AND ONE-TWENTIETH OF 100 PERCENT BY ALOYSIUS REHERS OF ALL OIL, MINERAL, GAS, HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BY DEED RECORDED DECEMBER 07, 1955, IN BOOK 49723, PAGE 164, OF OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM THE REMAINING INTEREST OF ALL OIL, MINERAL, GAS, HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BEING ALL OF THE INTEREST IN SAID MINERALS SUBSTANCES AS RESERVED IN DEED EXECUTED BY JOHN P. MARSH, ET AL., RECORDED APRIL 04, 1956, AS INSTRUMENT NO. 684, IN BOOK 50789, PAGE 65, OF OFFICIAL RECORDS.

PARCEL C: OUR LEGAL

PARCEL 3 OF PARCEL MAP NO. 2998, IN THE CITY OF CARSON, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 75, PAGE 5 OF PARCEL MAPS, RECORDS

OF SAID COUNTY.

EXCEPT AN UNDIVIDED ONE-HALF OF 100 PERCENT OF ALL OIL, MINERAL, GAS HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND, WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BEING ALL OF THE INTEREST IN SAID MINERAL SUBSTANCES, RESERVED BY ANN MARY REHERS, BY DEED RECORDED NOVEMBER 30, 1955, AS INSTRUMENT NO. 1706, IN BOOK 49664, PAGE 134, OFFICIAL RECORDS.

ALSO EXCEPT 1/20TH OF 100 PERCENT RESERVED BY FRED J. REHERS AND ONE-TWENTIETH OF 100 PERCENT RESERVED BY ALOYSIUS REHERS, OF ALL OIL, MINERAL, GAS, HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BY DEED RECORDED DECEMBER 07, 1955, IN BOOK 49723, PAGE 164, OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM THE REMAINING INTEREST OF ALL OIL, MINERAL, GAS, HYDROCARBON AND ALLIED SUBSTANCES IN SAID PARCEL OF LAND, WITHOUT RIGHT OF ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, BEING ALL OF THE INTEREST IN SAID MINERAL SUBSTANCES AS RESERVED IN DEED EXECUTED BY JOHN P. MARSH, ET AL, RECORDED APRIL 04, 1956, AS INSTRUMENT NO. 684, IN BOOK 50789, PAGE 65, OFFICIAL RECORDS.

APN: 6140-002-028; 6140-002-012 and 6140-002-014

4